RICHARD A. HEARN (ISB No. 5574)
JOHN B. INGELSTROM (ISB No. 2659)
HEARN LAW, PLC
151 N. 3rd Ave., Ste. 100
P.O. Box 70
Pocatello, Idaho 83204
Telephone: (208) 904-0004
Facsimile: (208) 904-1816
E-mail: hearn@hearnlawyers.com
       jbi@hearnlawyers.com

EMILY MACMASTER (ISB No. 6449)
MacMaster Law, PLLC
1925 N. Locust Grove Road
Meridian, Idaho 83646
Telephone: (208) 608-2235
E-mail: emily@macmasterlaw.com
       emacmaster07@gmail.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEEVA ROSSOW,<br><br>       Plaintiff,<br><br>vs.<br><br>DAVE JEPPESEN, Director, Idaho Health and Welfare, in his official capacity,<br><br>       Defendant. | Case No.:   1:23-cv-00131<br><br>**CLASS ACTION**<br><br>**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff KEEVA ROSSOW, on her own behalf and on behalf of a class of all those similarly situated persons described below avers as follows, with knowledge of her own actions and conduct and events occurring in her presence, and upon information and belief as to all other matters:

## I.     NATURE OF THE ACTION

1.     Plaintiff Keeva Rossow and all other similarly situated women (hereafter *"Plaintiffs"*) who are either currently pregnant or will in the future be pregnant and therefore subject to cord blood testing and potential placement on the Child Protection Central Registry for ten years if the cord blood tests positive for THC or any controlled substance as defined under *Idaho Code § 37-2701I* or for any other reason pursuant to the provisions of *IDAPA 16.06.01.563.02(a)* in Idaho bring this action against Dave Jeppesen, Director, Idaho Department of Health and Welfare, (*"Defendant"*) in his official capacity.

2.     This action seeks to enjoin the Defendant from either placing or maintaining any women in Idaho on the Child Protection Central Registry who are alleged to have used controlled substances while pregnant as defined under *Idaho Code § 37-2701(e)* prenatally pursuant to *IDAPA 16.06.01.563.02(a)*.

3.     Finally, this action seeks a declaratory judgment finding that *IDAPA 16.06.01.563.02(a)*, *i.e.*, which imposes placement on the Child Protection Central Registry for ten years as an administrative sanction, is *unconstitutional* on its face and as applied to

a.   any woman in Idaho who may decide to use THC prenatally, or

b.   any woman in Idaho who may decide to use prenatally any other controlled substance as defined under *Idaho Code § 37-2701(e)*.

## II.     JURISDICTION AND VENUE

4.     This action asserts claims for the violations of constitutional rights under *42 U.S.C. § 1983*. Accordingly, this Court has jurisdiction over this action pursuant to *28 U.S.C. §§ 1331 and 1343*, with supplemental jurisdiction over state law claims alleged herein pursuant to *28 U.S.C. § 1367*. Declaratory relief is authorized by *28 U.S.C. §§ 2201 and 2202*.

5.      Venue is proper in this District pursuant to *28 U.S.C. § 1391* because the Defendant resides in the District of Idaho.

### III.      PARTIES

6.      Plaintiff Keeva Rossow ("*Plaintiff Rossow*") is a woman whose name was placed on the Child Protection Central Registry by the Idaho Department of Health & Welfare, a department of the State of Idaho, in December 2021 pursuant to *IDAPA 16.06.01.563.02(a)*.

7.      Defendant is the Director of Idaho Department of Health and Welfare and is being sued in his official capacity only.

### IV.      STATEMENT OF FACTS

8.      Pregnant women residing in Idaho are subject to being placed on the Child Protection Central Registry by Idaho Department of Health and Welfare for ten years pursuant to *IDAPA 16.06.01.563.02(a)* if such women prenatally used any controlled substances as defined under *Idaho Code § 37-2701(e)* except as prescribed by a medical professional.

9.      No violation of Idaho's criminal statutes need be proven prior to imposition of a ten-year administrative sanction pursuant to *IDAPA 16.06.01.563.02(a)*.

10.      Pursuant to *Section 37-2701(e)*, "controlled substance" means a drug, substance or immediate precursor in schedules I through VI of article II of chapter 27, title 37, of the Idaho Code.

11.      *Section 37-2702(a)* states that "the board [defined as the Idaho Board of Pharmacy] shall administer the regulatory provisions of this act and may add substances to or delete or reschedule all substances enumerated in the schedules in section *37-2705*, *37-2707*, *37-2709*, *37-2711*, or *37-2713*, Idaho Code, pursuant to the procedures of chapter 52, title 67, Idaho Code. In making a determination regarding a substance, the board shall consider the following:

(1) The actual or relative potential for abuse;
(2) The scientific evidence of its pharmacological effect, if known;
(3) The state of current scientific knowledge regarding the substance;
(4) The history and current pattern of abuse;
(5) The scope, duration, and significance of abuse;
(6) The risk to the public health;
(7) The potential of the substance to produce psychic or physiological dependence liability; and
(8) Whether the substance is an immediate precursor of a substance already controlled under this article.

12.     Risk to the fetus of the prenatal use of a substance is not listed as one of the enumerated eight factors to be considered by the Board of Pharmacy in determining what substances should be placed in Schedules I through VI.

13.     Tetrahydrocannabinol ("*THC*") is a "controlled substance" in Idaho. Neither cigarettes nor alcohol are controlled substances in Idaho.

14.     Plaintiff Rossow used THC during her pregnancy to treat her intractable and severe nausea and vomiting which she perceived as being associated with her pregnancy.

15.     Hyperemesis Gravidarum ("*HG*") is an extreme form of morning sickness, often associated with a first pregnancy, which can lead to hospitalization.

16.     Throughout history, marijuana treatments have been used in obstetric and gynecologic practice as a safe and efficacious medicine to treat a range of conditions including dysmenorrhea, dysuria, menopausal symptoms and HG.

17.     Studies show that marijuana is an effective antiemetic, meaning a drug that is effective against vomiting and diarrhea.

18.     Many pregnant women use marijuana to address the symptoms of HG as well as the less severe pregnancy symptoms including headaches, nausea, and loss of appetite.

19.     In a peer reviewed study to determine if marijuana benefited pregnant people, ninety-two percent of patients reported marijuana as "effective" or "extremely effective" for managing nausea and vomiting.

20.     According to *IDAPA 16.06.01.563.02(a)*, "[n]ames of individuals for whom an incident of abuse, neglect, or abandonment has been substantiated for any of the following will be given the designation of Level Two.

> a.  Prenatal use of any controlled substance as defined under Section 37-2701(e), Idaho Code, except as prescribed by a medical professional . . . ."

21.     Also, according to *IDAPA 16.06.01.563.02*, "[a]n individual with a Level Two designation has been determined to pose a medium to high risk to children and remain on the Child Protection Central Registry for a minimum of ten (10) years."

22.     In a letter to Plaintiff Rossow dated December 20, 2021, Kayla Ellis, Child Welfare Social Worker 3, stated that Plaintiff Rossow had been placed on the Child Protection Central Registry as a Level Two.

23.     In the letter to Plaintiff Rossow dated December 20, 2021, Kayla Ellis, Child Welfare Social Worker 3, stated that "[i]ndividuals who may be subject to a background check conducted through the Department of Health and Welfare for purposes of employment or other non-employment reasons may be impacted by their name being placed on the registry. For example, individuals may be denied a license to provide childcare or foster care and may be denied employment in a group care facility or institution which provides care for children or vulnerable adults."

24.     Plaintiff Rossow's daughter was born on December 8, 2021, and is currently doing well without any known medical issues.

## V.   CLASS ACTION ALLEGATIONS

25.    Plaintiff Rossow brings this action on behalf of herself and all similarly situated women who are either currently using THC while pregnant in the State of Idaho or who will consider doing so while pregnant in the future.

26.    With respect to their claims for forward-looking injunctive relief, Plaintiff Rossow seeks to represent a class, pursuant to *Rule 23(b)(2) of the Federal Rules of Civil Procedure*, of all women who are now using or will in the future use THC while pregnant anywhere in the State of Idaho. As a consequence of threatened enforcement by Defendant of the above-discussed provisions of *IDAPA 16.06.01.563.02(a)* members of this class are in danger of future violation of their constitutional rights.

27.    As a consequence of Defendant's demonstrated intent to enforce *IDAPA 16.06.01.563.02(a)* regulating THC use against women in Idaho, such as Plaintiff Rossow, and the threat of future enforcement of Idaho regulations regulating THC use found in *IDAPA 16.06.01.563.02(a)* against other women in Idaho, *IDAPA 16.06.01.563.02(a)* targets and penalizes women who treat their pregnancy-related symptoms with THC.

28.    There are hundreds of class members geographically dispersed throughout Idaho. The class is sufficiently numerous and diffuse that joinder of all class members, whether required or permitted, is impracticable.

29.    Plaintiff Rossow will fairly and adequately protect the interests of the class because her interests are coincident with, and not antagonistic to, those of the class. Plaintiff Rossow has retained counsel with substantial experience in the prosecution of civil rights litigation and class action litigation.

30.     There are questions of law common to the class, *viz.*, whether the provisions of *IDAPA 16.06.01.563.02(a)* operate as to constitute, in a large fraction of the cases in which they apply, a substantial obstacle for women in treating pregnancy-related symptoms with THC in Idaho. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members.

31.     Plaintiff Rossow's claims are typical of those of the class she seeks to represent and she is an adequate representative of the class.

32.     Defendant has acted and/or threatened to act on grounds generally applicable to the class, thereby making appropriate injunctive and declaratory relief.

33.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this case that would preclude its maintenance as a class action.

34.     Defendant has acted on grounds generally applicable to the entire class, thereby making final injunctive and declaratory relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for Defendant and others similarly situated.

35.     As a consequence of Defendant's demonstrated intent to enforce Idaho regulations such as *IDAPA 16.06.01.563.02(a)* against pregnant women in Idaho and the threat of enforcement of *IDAPA 16.06.01.563.02(a)* against such women who use controlled substances, including THC,

prenatally, the Defendant, as the Director of Idaho Department of Health and Welfare, will unconstitutionally – if not enjoined – violate the rights of such women as secured under the *Fourteenth Amendment of the U.S. Constitution* and the *Idaho Constitution.*

## VI.    CLAIMS FOR RELIEF

### COUNT I – RIGHT TO DUE PROCESS OF LAW

36.    Plaintiffs hereby incorporate the allegations set forth in paragraph 1 through 35 of this Verified Complaint as if set forth fully herein.

37.    Pursuant to 42 U.S.C. § 1983, Plaintiffs bring this claim challenging the constitutionality of *IDAPA 16.06.01.563.02(a)* both facially and as applied to Plaintiff Rossow and the previously identified class.

38.    Plaintiffs have substantive due process rights relating to procreation, personal autonomy, bodily autonomy and privacy during pregnancy that are protected by the *Fourteenth Amendment of the United States Constitution.*

39.    Plaintiffs have liberty interests in their good names, reputations, honor and integrity that are protected under the *Fourteenth Amendment of the United States Constitution.*

40.    Threatened enforcement by Defendant of *IDAPA 16.06.01.563.02(a)* violates the due process rights of Plaintiffs as guaranteed by the *Fourteenth Amendment of the United States Constitution* by threatening action – placement on the Child Protection Central Registry – against pregnant women for past use of controlled substances prenatally, including THC, without an attendant medically informed showing of actual or imminent abuse, neglect, or abandonment of an existing child, thereby unconstitutionally burdening the due process rights of women who carry their pregnancies to term in Idaho.

41.    Additionally, or in the alternative, threatened enforcement by Defendant of *IDAPA 16.06.01.563.02(a)* violates the due process rights of Plaintiffs as guaranteed by the *Fourteenth*

*Amendment of the United States Constitution* by stigmatizing them through placement in a classification of persons who have engaged in child abuse, neglect, or abandonment, which threatens to burden them in obtaining rights or statuses including in the pursuit of professions such as childcare, foster care, group care facilities or institutions, or by making information about them in the Registry available to certain agencies performing background checks or making employment, foster care, or adoption decisions.

42.     Unless Defendant is enjoined from enforcing *IDAPA 16.06.01.563.02(a)* the placement of Plaintiffs on the Child Protection Central Registry without due process of law will continue or be likely to recur, deterring Plaintiffs from becoming pregnant and carrying their pregnancies to term in Idaho or, if they give birth in Idaho, subjecting them to economic and/or non-economic harm from Idaho Department of Health and Welfare's actions.

### COUNT II – RIGHT TO DUE PROCESS OF LAW
### (Vague and Overbroad)

43.     Plaintiffs hereby incorporate the allegations set forth in paragraph 1 through 42 of this Verified Complaint as if set forth fully herein.

44.     Pursuant to 42 U.S.C. § 1983, Plaintiffs bring this claim challenging the constitutionality of *IDAPA 16.06.01.563.02(a)* both facially and as applied to Plaintiff Rossow and the previously identified class.

45.     The provisions of *IDAPA 16.06.01.563.02(a)* set forth above violate the rights of Plaintiffs to due process of law for vagueness under the *Fourteenth Amendment of the United States Constitution.* The regulations, as written, fail to give adequate notice because a reasonable person could not know whether the use of controlled substances, including THC, prior to the birth of a child would subject them to placement on the Child Protection Central Registry.

46.     *IDAPA 16.06.01.563.02(a)* also violates the rights of Plaintiffs to due process of law because their provisions are overbroad.  The regulations, as written, regulate substantially more of a pregnant woman's conduct than is constitutionally permitted.

47.     Unless Defendant is enjoined from enforcing *IDAPA 16.06.01.563.02(a)* the threat of prosecution and placement of Plaintiffs on the Child Protection Central Registry without due process will continue or be likely to recur, deterring Plaintiffs from exercising their right to privacy and bodily autonomy as guaranteed under the *Fourteenth Amendment of the United States Constitution* to become pregnant and carry their pregnancies to term in Idaho or, if they give birth in Idaho, subjecting them to economic and/or non-economic harm from Idaho Department of Health and Welfare's actions.

**COUNT III – RIGHT TO EQUAL PROTECTION**

48.     Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 47 of this Verified Complaint as if set forth fully herein.

49.     Pursuant to 42 U.S.C. § 1983, Plaintiffs bring this claim challenging the constitutionality of *IDAPA 16.06.01.563.02(a)* both facially and as applied to Plaintiff Rossow and the previously identified class.

50.     Pregnant women, men and non-pregnant women are similarly situated in regard to their interests in not being placed on the Child Protection Central Registry for a minimum of ten years.

51.     Under the *Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution*, Defendant's classification of pregnant women pursuant to *IDAPA 16.06.01.563.02(a),* for purposes of placement on the Child Protection Central Registry, is unconstitutional unless the classification satisfies:

      a.   Heightened strict scrutiny, which is required because procreation, personal autonomy, bodily autonomy and/or privacy during pregnancy are fundamental due process rights protected by the *Fourteenth Amendment of the U.S. Constitution*;

      b.   Heightened scrutiny, which is required because Defendant subjects women but not men to the identifiable classification in *IDAPA 16.06.01.563.02(a)* based upon sex/gender; and/or

      c.   Scrutiny under a rational basis review, which is required because Defendant subjects pregnant persons but not non-pregnant persons to the identifiable classification in *IDAPA 16.06.01.563.02(a)*.

52.    Threatened enforcement by Defendant of *IDAPA 16.06.01.563.02(a)* violates the rights of Plaintiffs as guaranteed by the *Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution* by threatening action – placement on the Child Protection Central Registry – against pregnant women only, for past use of controlled substances prenatally including THC.

53.    Unless Defendant is enjoined from enforcing *IDAPA 16.06.01.563.02(a)*, the targeted and discriminatory placement of Plaintiffs on the Child Protection Central Registry in violation of their constitutional rights to equal protection will continue or be likely to recur, deterring Plaintiffs from becoming pregnant and carrying their pregnancies to term in Idaho or, if they give birth in Idaho, subjecting them to economic and/or non-economic harm from Idaho Department of Health and Welfare's actions.

### COUNT IV – RIGHTS UNDER THE IDAHO CONSTITUTION

54.    Plaintiffs hereby incorporate the allegations set forth in paragraph 1 through 53 of this Verified Complaint as if set forth fully herein.

55.      Plaintiffs bring this claim challenging under Article I, Sections 1 and 21, of the *Idaho Constitution* the constitutionality of *IDAPA 16.06.01.563.02(a)* both facially and as applied to Plaintiff Rossow and the previously identified class.

56.      Plaintiffs have constitutional rights enumerated in Article I, Section 1, of the *Idaho Constitution* to be free and equal and to inalienable rights including life, liberty, happiness and safety. These enumerated rights are among and do not impair or deny the individual constitutional rights retained by Plaintiffs pursuant to Article I, Section 21, of the *Idaho Constitution.*

57.      Threatened enforcement by Defendant of *IDAPA 16.06.01.563.02(a)* violates one or more of the constitutional rights of Plaintiffs as guaranteed by Article I, Sections 1 or 21, of the *Idaho Constitution* by threatening action – placement on the Child Protection Central Registry – against pregnant women for past use of controlled substances prenatally, including THC, without an attendant medically informed showing of actual or imminent abuse, neglect, or abandonment of an existing child, by stigmatizing them through placement in a classification of persons who have engaged in child abuse, neglect, or abandonment, and/or by discriminating against them for exercising constitutional rights to life, liberty, happiness and safety by pursuing procreation, personal autonomy and/or bodily autonomy, because they are women, and/or because they are pregnant.

58.      Unless Defendant is enjoined from enforcing *IDAPA 16.06.01.563.02(a),* the threat of placement on the Child Protection Central Registry law will continue or be likely to recur in violation of Plaintiffs' rights under the *Idaho Constitution*, deterring Plaintiffs from becoming pregnant and carrying their pregnancies to term in Idaho or, if they give birth in Idaho, subjecting them to economic and/or non-economic harm from Idaho Department of Health and Welfare's actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for Judgment against Defendant as follows:

A.      Issue a declaratory judgment that *IDAPA 16.06.01.563.02(a)* as pled above violates the rights of Plaintiffs guaranteed by the *Fourteenth Amendment to the United States Constitution* and/or the *Idaho Constitution*;

B.      Issue preliminary and permanent injunctive relief, without bond, restraining the enforcement, operation and execution of *IDAPA 16.06.01.563.02(a)* as pled above by enjoining Defendant, his agents, employees, appointees or successors from enforcing, threatening to enforce or other applying the provisions of *IDAPA 16.06.01.563.02(a)*;

C.      Grant Plaintiffs an award of attorneys' fees, reasonable costs and expenses pursuant to *42 U.S.C. § 1988, Idaho Code § 12-117*, and/or the private attorney general doctrine; and,

D.      Grant such further relief as this Court deems just and proper.

DATED this __21st__ day of March, 2023.

_____
KEEVA ROSSOW
Plaintiff