RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief, Civil Litigation and
Constitutional Defense

Brian V. Church, ISB #9391
Deputy Attorney General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov

*Attorneys for Defendant Dave Jeppesen*

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| KEEVA ROSSOW,<br><br>Plaintiff,<br><br>v.<br><br>DAVE JEPPESEN, Director, Idaho Health and Welfare, in his official capacity,<br><br>Defendant. | Case No. 1:23-cv-00131<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................ii

INTRODUCTION ...........................................................................1

BACKGROUND ............................................................................3

    A.    Idaho protects unborn children from abuse and neglect .......................3

    B.    Idaho law protects children from the risks of THC ..............................4

    C.    Plaintiff exposes her child to THC while pregnant ...............................6

    D.    Plaintiff unsuccessfully challenges her CPCR listing ..........................6

LEGAL STANDARD ........................................................................8

ARGUMENT .................................................................................8

I.    Plaintiff fails to plead a basis for a facial challenge .........................8

II.    Child drug-exposure rules do not violate due process ...................10

    A.    The rules do not violate procedural due process ..................10

    B.    The rules do not violate substantive due process ................11

    C.    The rules are not vague or overbroad ..................................14

III.    Child drug-exposure rules do not violate equal protection ...........15

IV.    Child drug-exposure rules do not violate the Idaho Constitution .................18

CONCLUSION ..............................................................................20

# TABLE OF AUTHORITIES

**CASES**

*Alpine Vill. Co. v. City of McCall,*
  154 Idaho 930, 303 P.3d 617 (2013) ..................................................................... 16

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ............................................................................................. 8

*Balistreri v. Pacifica Police Dep't,*
  901 F.2d 696 (9th Cir. 1988) ............................................................................... 8

*Barron v. Reich,*
  13 F.3d 1370 (9th Cir. 1994) ..................................................................... 6, 8, 11

*Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.,*
  149 F.3d 971 (9th Cir. 1998) ............................................................................. 10

*City of Cleburne, Texas v. Cleburne Living Center, Inc.,*
  473 U.S. 432 (1985) ........................................................................................... 15

*Dobbs v. Jackson Women's Health Org.,*
  142 S. Ct. 2228 (2022) ......................................................................... 1, 11, 13, 19

*Does 1-134 v. Wasden,*
  No. 1:16-CV-00429-DCN, 2018 WL 2275220 (D. Idaho May 17, 2018 .................... 9

*ESG Capital Partners, LP v. Stratos,*
  828 F.3d 1023 (9th Cir. 2016) ............................................................................. 8

*Geduldig v. Aiello,*
  417 U.S. 484 (1974) ........................................................................................... 17

*High Ol' Times, Inc. v. Busbee,*
  673 F.2d 1225 (11th Cir. 1982) .......................................................................... 14

*Idaho Schools for Equal Educational Opportunity v. Evans,*
  123 Idaho 573, 850 P.2d 724 (1993) ................................................................... 18

*In re Korean Air Lines Co., Ltd., Antitrust Litigation,*
  642 F.3d 685 (9th Cir. 2011) ............................................................................... 8

*Jackson v. City & County of San Francisco*,
746 F.3d 953 (9th Cir. 2014) ............................................................ 3, 9

*Kimel v. Fla. Bd. Of Regents*,
528 U.S. 62 (2000) ............................................................ 17

*Michael M. v. Super. Ct. of Sonoma Cnty., Cal.*,
450 U.S. 464 (1981) ............................................................ 15, 16

*Olsen v. J.A. Freeman Co.*,
117 Idaho 706, 716 (1990) ............................................................ 14

*Planned Parenthood Great Nw. v. State*,
171 Idaho 374, 522 P.3d 1132 (2023) ............................................................ 1, 13, 19

*Shobe v. Ada Cnty., Bd. of Comm'rs*,
130 Idaho 580, 944 P.2d 715 (1997) ............................................................ 16

*United States v. Powell*,
423 U.S. 87 (1975) ............................................................ 14

*United States v. Salerno*,
481 U.S. 739 (1987) ............................................................ 9

*Washington State Grange v. Washington State Republican Party*,
552 U.S. 442 (2008) ............................................................ 9

*Washington v. Glucksberg*,
521 U.S. 702 (1997) ............................................................ 11, 12, 19

## Statutes

21 U.S.C. § 844 ............................................................ 15

21 U.S.C. § 812 ............................................................ 4

42 U.S.C. § 5106a ............................................................ 12

Idaho Code § 16-1602 ............................................................ 7

Idaho Code § 16-1616 ............................................................ 4

Idaho Code § 16-1629 ............................................................ 4

Idaho Code § 16-1631 ............................................................ 4

Idaho Code § 18-8801 .................................................................. 13, 19

Idaho Code § 18-8802 ............................................................. 3, 13, 19

Idaho Code § 18-8803 .................................................................. 13, 19

Idaho Code § 18-8804 .................................................................. 13, 19

Idaho Code § 18-8805 .................................................................. 13, 19

Idaho Code § 18-8806 .................................................................. 13, 19

Idaho Code § 18-8807 .................................................................. 13, 19

Idaho Code § 37-2701 ......................................................... 3, 4, 6, 7, 15

Idaho Code § 37-2705 ......................................................................... 4

Idaho Code § 37-2732 .................................................................. 13, 15

Idaho Code § 37-2737 ......................................................................... 16

Idaho Code § 2737A ......................................................................... 16

**RULES**

21 C.F.R § 1308.11 ............................................................................. 4

IDAPA § 16.06.01.561 ......................................................................... 4

IDAPA 16.05.03.152 ............................................................................ 8

IDAPA 16.05.03.155 ............................................................................ 8

IDAPA 16.06.01.562.01 ....................................................................... 4

IDAPA 16.06.01.563.02 ....................................................................... 14

IDAPA 16.06.01.563.02.a ............................................................ 3, 6, 16

IDAPA 16.06.01.563.02.b ..................................................................... 3

**OTHER AUTHORITIES**

Damon Barrett, *The Child's Right to Protection from Drugs*,
 19 HEALTH & HUM. RTS. 1 (2017)............................................................................ 12

IDAHO CONST. art. I, §§ 1, 21 ....................................................................................... 18

IDAHO CONST. art. IX, § 1............................................................................................ 19

S. Con. Res. 112, 62d Leg., 1st Reg. Sess. (Idaho 2013)............................................ 13

U.S. CONST. amend. XIV, § 1 ....................................................................................... 15

Plaintiff Keeva Rossow seeks to represent a class bringing constitutional challenges to Idaho rules that allow the Department of Health & Welfare to find that prenatal exposure to a controlled substance amounts to abuse or neglect of a child. In Plaintiff's case, the substance at issue is marijuana, but she seeks to void Idaho's protections from prenatal exposure to *any* drug—cocaine, heroin, fentanyl, methamphetamines, or anything else. She does not quarrel with the listing of THC, the primary constituent of marijuana, as a controlled substance, or, for that matter, with the listing of any drug as a controlled substance. Instead, she appears to argue there is no basis for a finding of abuse or neglect based on in utero exposure because a "fetus" is not a "child." But it would be an odd construction of the law to forbid providing controlled substances to a child out of the womb, yet to allow them to be given to an unborn child—especially given the many well-established risks from prenatal exposure to various drugs. And that is especially true because Idaho recognizes and protects life beginning at conception, as decisions of both the U.S. Supreme Court and Idaho Supreme Court have authorized. *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228, 2246 (2022); *Planned Parenthood Great Nw. v. State*, 171 Idaho 374, 522 P.3d 1132 (2023). Plaintiff fails to plead a valid constitutional claim under any of the theories she asserts. Her Complaint should be dismissed with prejudice.

*First*, Plaintiff's facial challenge to the law fails. Courts disfavor facial challenges, and Plaintiff does not even attempt to meet the demanding standard that requires a showing the law is unconstitutional in all applications. Instead, Plaintiff

focuses her allegations entirely on THC, ignoring the many varied risks of other controlled substances. The Court should therefore limit her claims to THC only.

*Second*, Plaintiff fails to allege any violation of due process. She does not adequately allege a violation of procedural due process because the record in this case shows she had (and took) ample opportunity to challenge the Department's findings of abuse. She cannot plead a violation of substantive due process because the tradition of "ordered liberty" recognizes no right of parents to expose their children to controlled substances in the womb (in fact, it recognizes the opposite). And she does not plead a valid vagueness or overbreadth claim because she does not identify any constitutionally protected conduct that would be covered by the law.

*Third*, Plaintiff fails to plead an equal protection claim because she does not allege that Idaho rules treat similarly situated individuals differently. Plaintiff says that Idaho's prohibitions of prenatal exposure to controlled substances discriminate against women. Not so. Idaho law prohibits *anyone* from exposing children to controlled substances, and it is simply a fact of biology that, in the ordinary course, pregnant women are the only ones who can do so prenatally.

*Fourth*, Plaintiff fails to plead a violation of the Idaho constitution. The Idaho Supreme Court is reluctant to recognize new fundamental rights that are not expressly stated. And nothing about the State's "ordered liberty" tradition protects a right to prenatal exposure of an infant to a controlled substance.

The Court should dismiss the Complaint with prejudice for failure to state a claim for relief.

**BACKGROUND**

## A.      Idaho protects unborn children from abuse and neglect.

Protecting Idaho's children from abuse or neglect is critical to the State's future and to the mission of the Department of Health & Welfare.  In Idaho, an incident of child abuse or neglect may be based on "[a]dministering or knowingly allowing a child to absorb or ingest one (1) or more controlled substances as defined under Section 37-2701(e), Idaho Code, except in the amount prescribed for the child by a medical professional; (3-15-22)."  IDAPA 16.06.01.563.02.b.

Those protections apply to children at every stage of human life.  It is the policy of this State that "[t]he life of each human being begins at fertilization, and preborn children have interests in life, health, and well-being that should be protected."  Idaho Code § 18-8802(1).  Thus, Idaho law defines "abuse or neglect" to include prenatal exposure of children to controlled substances, just as it does for those who are already born:

> **02. Child Protection Level Two.** An individual with a Level Two designation has been determined to pose a medium to high risk to children and will remain on the Child Protection Central Registry for a minimum of ten (10) years. After the end of the ten-year (10) period, an individual may petition the Department to request their name be removed from the Child Protection Central Registry in accordance with Section 566 of these rules. Names of individuals for whom an incident of abuse, neglect, or abandonment has been substantiated for any of the following will be given the designation of Level Two. (3-15-22)
>
> **a.** Prenatal use of any controlled substance as defined under Section 37-2701(e), Idaho Code, except as prescribed by a medical professional; (3-15-22)

IDAPA 16.06.01.563.02.a.

The Department has authority generally to investigate occurrences of child abuse, and to make determinations and assessments in such cases. *See, e.g.*, Idaho Code §§ 16-1616, 16-1629, 16-1631. If the Department finds that an adult has engaged in abuse or neglect of a child, it is required to list them on Idaho's Child Protection Central Registry, subject to notice and an opportunity for administrative review, including an evidentiary challenge. The primary purpose of the CPCR is to aid the Department of Health & Welfare in protecting children and vulnerable adults from individuals who have previously abused, neglected, or abandoned children. IDAPA § 16.06.01.561. Established under the authority of Idaho Code § 16-1629(3), the CPCR facilitates sharing information about persons who have substantiated reports of abuse, neglect, or abandonment against children. Names on the CPCR are confidential and may only be released with the written consent of the individual on whom a criminal history and background check is being conducted, unless otherwise required by federal or state law. IDAPA 16.06.01.562.01.

**B.    Idaho law protects children from the risks of THC.**

Idaho law regulates many different controlled substances, including THC. "Controlled substance" is a statutory list of substances defined under Idaho's Uniform Controlled Substances Act according to several different schedules. Idaho Code §§ 37-2701(e), 37-2705(d). Tetrahydrocannabinols, or "THC," is a Schedule I controlled substance under both federal and Idaho law. 21 C.F.R § 1308.11(d)(31); 21 U.S.C. § 812(c)(17) (Westlaw 2018); Idaho Code § 37-2705(d)(27). THC is a hallucinogen and a constituent of marijuana.

Public health authorities have issued public, judicially noticeable statements on the adverse effects on children of in utero exposure to marijuana (and thus to THC). The Substance Abuse and Mental Health Services Administration has stated that "[m]arijuana use during pregnancy is not safe and comes with serious, potentially deadly risks."[1] The CDC has stated that "[m]arijuana use during pregnancy can be harmful to your baby's health" and that "[t]he chemicals in marijuana (in particular, tetrahydrocannabinol or THC) pass through your system to your baby and may harm your baby's development."[2]

Recent research supports these statements. "[M]arijuana use throughout gestation predicted significant deficits in birth weight and head circumference at delivery."[3] During the first trimester, it "resulted in significant deficits in newborn weight, with downward trends that were not statistically significant for other growth parameters."[4] And "use throughout the second trimester also had downward trends for all parameters, with a statistically significant impact on head circumference."[5] Those outcomes "are associated with neurological and psychological issues, health complications in childhood, and the development of various non-communicable diseases in

---

[1] *Marijuana and Pregnancy*, SUBSTANCE ABUSE AND MENTAL HEALTH SERVICES ADMINISTRATION, https://tinyurl.com/t9wjbycy (last updated Sept. 27, 2022).

[2] *Marijuana and Public Health, Pregnancy: What You Need to Know About Marijuana Use and Pregnancy*, CDC, https://tinyurl.com/bdfu4fyd (page last reviewed Oct. 19, 2020).

[3] Phoebe Dodge et al., *The impact of timing of in utero marijuana exposure on fetal growth,* FRONTIERS IN PEDIATRICS (May 16, 2023), https://tinyurl.com/mrx97naz.

[4] *Id.*

[5] *Id.*

adulthood."[6]  Thus, "it is important for both healthcare providers and patients to be aware of the potential implications of continuing to use marijuana during pregnancy."[7]

### C. Plaintiff exposes her child to THC while pregnant.

Plaintiff Keeva Rossow ingested a controlled substance as defined by Idaho Code § 37-2701(e), without a prescription, while she was pregnant.  Compl. ¶¶ 8, 14; Ex. A, Coeur d'Alene Police Report at 3.[8]  Specifically, she used marijuana containing THC.  *Id.* ¶ 14; Ex. B, Comprehensive Safety Assessment.  The Department sent Ms. Rossow a letter indicating that as a result of her admitted use of THC throughout her pregnancy, her name was being placed on the CPCR under IDAPA 16.06.01.563.02.a, unless she submitted a request for an administrative review within 28 days.  Ex. C, Letter dated Dec. 20, 2021.

### D. Plaintiff unsuccessfully challenges her CPCR listing.

Plaintiff timely requested administrative review of the Department's finding of a substantiated instance of neglect.  The Administrator of the Division of Family and Community Services sent Plaintiff's counsel a letter upholding the decision to substantiate the Department's finding.  Ex. D, Letter dated Feb. 10, 2022.  Plaintiff's counsel then asked for an evidentiary hearing on her appeal, which was granted.

---

[6] *Id.*

[7] *Id.*

[8] The exhibits attached to this motion consist of judicially noticeable public records from the administrative proceedings with Plaintiff, which are properly considered on this Rule 12(b)(6) motion.  *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).  All exhibits are attached to the supporting Declaration of Lincoln Davis Wilson.

That August 17, 2022, hearing took place based on the following facts stipulated by the parties:

1. Ms. Rossow gave birth to her child (RB) on December 8, 2021, at Kootenai Health in Coeur d'Alene, Idaho. At that time, Ms. Rossow tested positive for THC.

2. Kootenai Health used a cord stat test to see if RB was born with exposure to a controlled substance.

3. THC is a controlled substance per Idaho Code § 37-2701(e).

4. On December 16, 2021, the Department completed its Comprehensive Safety Assessment. Department's disposition statement substantiated Ms. Rossow for neglect after Ms. Rossow admitted to THC use throughout her pregnancy, tested positive for THC on the day of delivery, and that it was more likely than not that her child was prenatally exposed to a controlled substance.

5. Ms. Rossow did not assert that a medical professional prescribed her use of THC.

6. On December 22, 2021, Kootenai Health sent the Department the cord stat test results showing RB tested positive for THC.

Ex. E, Decision and Prelim. Order 1–2.

The hearing officer acknowledged that the Department substantiated *only* an instance of neglect (not abuse or abandonment) and found that finding was supported. "Per Idaho Code § 16-1602(31)(a), a neglected child is a child without the parental care necessary for her health, safety, and well-being because of the conduct or omission of her parents." *Id.* at 5. "The hearing officer has no basis to disagree with Department's interpretation that a child born with a positive test of a controlled substance—because of the conduct of her parent using a controlled substance—has neglected the parental care necessary for her health, safety, and well-being." *Id.* Thus,

the officer found that the Department "correctly applied the rules to substantiate Appellant for neglect because of prenatal use of a controlled substance," and Plaintiff "did not meet her burden to prove her name should not be on the registry." *Id.* at 6.

Plaintiff was entitled to seek judicial review of this determination under Idaho's Administrative Procedure Act. *See* IDAPA 16.05.03.152, 16.05.03.155. She declined to do so and instead filed this action.

## LEGAL STANDARD

On a Rule 12(b)(6) motion, the Court reviews the complaint to determine if it asserts facts that "state a claim to relief that is plausible on its face." *ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1031 (9th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The court must accept as true the facts alleged in a well-pleaded complaint, but mere legal conclusions are not entitled to an assumption of truth." *Stratos*, 828 F.3d at 1031 (quoting *Ashcroft*, 556 U.S. at 678–79). In addition to the allegations of the complaint, the Court may also take judicial notice of matters of its own records, *In re Korean Air Lines Co., Ltd., Antitrust Litigation*, 642 F.3d 685, 689 n.1 (9th Cir. 2011), as well as other public records, such as records and reports of administrative bodies. *Barron*, 13 F.3d at 1377. The Court must dismiss the complaint if it fails to plead sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

## ARGUMENT

## I. Plaintiff fails to plead a basis for a facial challenge.

Plaintiff alleges not only that Idaho's child drug-exposure rules are unconstitutional for the substance she used—THC—but that they are unconstitutional for all

substances. *See* Compl. ¶ 3. Such "[a] facial challenge … is, of course, the most difficult challenge to mount successfully," *United States v. Salerno*, 481 U.S. 739, 745 (1987), and it therefore must meet an "extremely high bar." *Does 1-134 v. Wasden*, No. 1:16-CV-00429-DCN, 2018 WL 2275220, at *4 (D. Idaho May 17, 2018); *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449–50 (2008). Courts disfavor facial challenges since they require the court to consider "each potential situation that might develop" for "complex and comprehensive" laws, and they "often rest on speculation." *Jackson*, 746 F.3d at 962 (internal quotation marks and citations omitted). As a result, facial challenges "raise the risk of premature interpretations of statutes on the basis of factually barebones records, and threaten to short circuit the democratic process." *Id.* (cleaned up). Thus, to succeed on a facial challenge, "the challenger must establish that no set of circumstances exists under which the Act would be valid." *Salerno*, 481 U.S. at 745.

Plaintiff does not even attempt to satisfy that standard. Although she seeks to void Idaho's child drug-exposure rules as to all substances, her allegations focus solely on THC. Compl. ¶¶ 3, 13, 14, 25–27, 30, 35, 40, 45. Yet the substances that may lead to the same finding of abuse under Idaho law are quite diverse—it is common knowledge that meth, cocaine, heroin, THC, opioids, and others each have different risk profiles. Thus, without making any allegations specific to these other substances, Plaintiff lacks any facts that could conceivably show that "no set of circumstances exists" under which the Act would be valid. *Salerno*, 481 U.S. at 745. The

Court should therefore dismiss Plaintiff's facial challenge and limit this action to claims relating to Plaintiff's specific circumstances.

## II.     Child drug-exposure rules do not violate due process.

### A.     The rules do not violate procedural due process.

Plaintiff has not been deprived of procedural due process under Idaho's child drug-exposure rules.  Even assuming that Plaintiff's asserted interest in her good name and reputation is a protected liberty interest, Idaho law provides her—and she was given—more than adequate "opportunity to be heard at a meaningful time and in a meaningful manner." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 984 (9th Cir. 1998) (cleaned up).  The law recognizes that "an individual should normally be given notice and an opportunity to be heard *before* he is deprived" of a protected interest.  *See id.*

Plaintiff received and exercised significant legal process rights in this matter. The Department of Health & Welfare sent Plaintiff a letter informing her that, as a result of her admitted use of THC throughout her pregnancy, she would be placed on the CPCR unless she submitted a request for an administrative review within 28 days.  She requested and received that review, and the Department's decision was upheld.

Plaintiff then exercised her right to further process in the form of an evidentiary hearing on August 17, 2022.  That decision was upheld based on facts *stipulated by Plaintiff* with the Department, in which the hearing officer found "no basis to disagree with Department's interpretation that a child born with a positive test of a

controlled substance … has neglected the parental care necessary for her health, safety, and well-being." Ex. E, Decision and Prelim. Order 5.

The Court may take judicial notice of this ample procedural record on this Rule 12 motion. *Barron*, 13 F.3d at 1377. And that record refutes any contention that Plaintiff did not receive adequate process. She exercised her right to two levels of administrative review and submitted her case for decision on stipulated facts because she had no evidentiary basis to dispute the Department's factual findings. Her claims of lack of procedural due process must therefore be dismissed.

**B.**  **The rules do not violate substantive due process.**

Idaho's child drug-exposure rules do not violate substantive due process either. While Plaintiff makes generalized allegations that she has substantive due process rights "relating to procreation, personal autonomy, bodily autonomy and privacy during pregnancy," Compl. ¶ 38, she does not explain how any of those purported rights connect to her decision to expose her child to a controlled substance. And more important, the Supreme Court has made clear that substantive due process protects only those rights that are "deeply rooted in this Nation's history and tradition" and "implicit in the concept of ordered liberty." *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997) (citations omitted). Thus, "in conducting this inquiry," courts undertake "a careful analysis of the history of the right at issue." *Dobbs*, 142 S. Ct. at 2246. That analysis provides no support for a right to expose an unborn child to controlled substances.

This is *not* a case where the State is alleged to have impermissibly encroached upon an established right. Neither the Federal Constitution nor the Idaho Constitution address, directly or indirectly, the right to expose an unborn child to *any* controlled substance. Nor is any such right "deeply rooted in this Nation's history and tradition" or "implicit in the concept of ordered liberty." *Glucksberg*, 521 U.S. at 721. To the contrary, the law has long condemned exposing a child to controlled substances—THC or otherwise. Even at "the genesis of the international control of drugs" in the Shanghai Opium Commission of 1909, delegates observed that "every civilised country" had already prohibited sales of opium to children. *See* Damon Barrett, *The Child's Right to Protection from Drugs*, 19 HEALTH & HUM. RTS. 1, 264 (2017), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC5473055/. Federal law has likewise long regulated the matter by requiring states to operate child abuse and neglect programs that address the needs of infants exposed to controlled substances. *See* 42 U.S.C. § 5106a(b)(2)(B)(ii)–(iii). And the states have followed suit, with 26 States and the District of Columbia "requiring health-care providers to report when they treat infants who show evidence at birth of having been exposed to drugs, alcohol, or other controlled substances."[9]

Idaho law is in accord. Since 1971, Idaho's Uniform Controlled Substances Act has prohibited the distribution of controlled substances to children since 1971. Idaho

---

[9] *Parental Substance Use as Child Abuse*, CHILD WELFARE INFO. GATEWAY, SERV. OF: U.S. DEP'T OF HEALTH AND HUM. SERVS., ADMIN. FOR CHILD. AND FAMS., CHILDREN'S BUREAU (2020), https://tinyurl.com/ytz5kncm.

Code § 37-2732.   Nor is there any circumstance under which possession and/or use

of marijuana is legal in Idaho—to the contrary, the Legislature has firmly opposed it:

> NOW, THERFORE, BE IT RESOLVED by the members of the First
> Regular Session of the Sixty-second Idaho Legislature, the Senate and
> the House of Representatives concurring therein, that the Idaho Legis-
> lature takes this opportunity to state its opposition to efforts to legalize
> marijuana for any purpose in the state of Idaho.

S. Con. Res. 112, 62d Leg., 1st Reg. Sess. (Idaho 2013).

In addition to recognizing the dangers of drugs and exposure to children, Idaho

law has also protected life within the womb.   Consistent with the protections of un-

born life that have long endured in the Western legal tradition and in America, *see*

*Dobbs*, 142 S. Ct. at 2261, Idaho has declared that "[t]he life of each human being

begins at fertilization, and preborn children have interests in life, health, and well-

being that should be protected."   Idaho Code § 18-8802(1).   The Idaho Legislature also

found and declared, in the context of Idaho's "Fetal Heartbeat Act," Idaho Code § 18-

8801–8807, that "the state of Idaho has a compelling interest in protecting the life of

a preborn child at all stages of its development."   *Id.* § 8802(8).   And those laws were

upheld by the Idaho Supreme Court under a state constitutional challenge.   *Planned*

*Parenthood*, 171 Idaho 374, 522 P.3d 1132.

This longstanding legal recognition of the value of unborn life and the dangers

of exposing children to controlled substances is fatal to Plaintiff's substantive due

process claim.   The Supreme Court of the United States recently found the Federal

Constitution contains no substantive due process right to abortion, which "had long

been a *crime* in every single State."   *Dobbs*, 142 S. Ct. at 2248.   Here too, the fact that

American law has long prohibited exposing children to controlled substances dooms Plaintiff's substantive due process claim here.

### C. The rules are not vague or overbroad.

Nor do the rules violate due process principles of vagueness and overbreadth. A rule does not violate these limits so long as it provides a person with sufficient notice as to what conduct may subject him to liability. *See High Ol' Times, Inc. v. Busbee*, 673 F.2d 1225, 1228 (11th Cir. 1982). "Facial vagueness occurs when a statute is utterly devoid of a standard of conduct so that it 'simply has no core' and cannot be validly applied to any conduct." *Id.* (citing *United States v. Powell*, 423 U.S. 87, 92 (1975)). "A civil or non-criminal statute is not unconstitutionally vague if persons of reasonable intelligence can derive core meaning [of the prescribed conduct] from it." *Olsen v. J.A. Freeman Co.*, 117 Idaho 706, 716 (1990) (citation omitted). Because a reasonable person can derive core meaning from the Act, it is not void for vagueness.

The rules do not make it difficult to understand the consequences of using controlled substances while pregnant. Indeed, IDAPA 16.06.01.563.02 is a model of clarity and precision. It states that "[a]n individual with a Level Two designation has been determined to pose a medium to high risk to children and will remain on the Child Protection Central Registry for a minimum of ten (10) years." *Id.* The consequences of being placed on the CPCR with a Level Two designation could hardly be more clear.

The rules also clearly state the grounds for finding a substantiated incident of abuse or neglect: "Prenatal use of any controlled substance as defined under Section

37-2701(e), Idaho Code, except as prescribed by a medical professional." Because paragraph 563.02.a gives reference to where a list of controlled substances can be found, it is not necessary for paragraph 563.02.a to duplicate Idaho Code § 37-2701(e) and list, again, all of the controlled substances that will subject someone using one or more of them to being placed on the CPCR. A reasonable person reading the rules would immediately look to Idaho Code § 37-2701(e) to determine which substances provide grounds for placement on the CPCR.

Plaintiff says the rules "regulate substantially more of a pregnant woman's conduct than is constitutionally permitted." Compl. ¶ 46. But she does not identify any constitutionally permitted conduct that the rules prohibit. To the contrary, the *only* conduct at issue is the use of controlled substances without a prescription while pregnant. Far from recognizing a constitutional right to controlled substances without a prescription, both federal and Idaho law criminalize it. 21 U.S.C. § 844; Idaho Code § 37-2732. These rules are not overbroad—they cover only conduct that is already criminal.

## III.    Child drug-exposure rules do not violate equal protection.

Idaho's child drug-exposure rules pose no problem under the equal protection clause. The Equal Protection Clause "essentially [] direct[s] that all persons similarly situated should be treated alike." *City of Cleburne, Texas v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985) (quoting U.S. Const. amend. XIV, § 1). Yet the clause "does not demand that a statute necessarily apply equally to all persons or require things which are different in fact ... to be treated in law as though they were the same." *Michael M. v. Super. Ct. of Sonoma Cnty., Cal.*, 450 U.S. 464, 469 (1981)

(cleaned up). Thus, "no equal protection analysis is required and no violation of equal protection will be found in situations where the State has not engaged in the disparate treatment of similarly situated individuals." *Alpine Vill. Co. v. City of McCall*, 154 Idaho 930, 937, 303 P.3d 617, 624 (2013) (citing *Shobe v. Ada Cnty., Bd. of Comm'rs*, 130 Idaho 580, 585–86, 944 P.2d 715, 720–21 (1997)).

Plaintiff has not alleged any such disparate treatment here. She says that "[p]regnant women, men and non-pregnant women are similarly situated in regard to their interests in not being placed on the Child Protection Central Registry for a minimum of ten years." Compl. ¶ 50. But the purported similarity of their *interests* is not the relevant question. Rather, what matters is whether they are similarly situated with respect to the conduct that will get them placed on the CPCR: exposing a child to a controlled substance. Idaho's rules do not discriminate in this regard: they prohibit both men and women—pregnant or not—from exposing a child to a controlled substance. *See* IDAPA 16.06.01.563.02.a.

Because Idaho law prohibits both men and women from providing controlled substances to minors, *see* Idaho Code §§ 37-2737, 2737A, there is no violation of equal protection for proscribing a means of exposure—prenatally through the umbilical cord—that *only* a pregnant woman can effect. IDAPA 16.06.01.563.02.a. The U.S. Supreme Court "has consistently upheld statutes" that simply reflect "the fact that the sexes are not similarly situated in certain circumstances." *Michael M.*, 450 U.S. at 469. And this Court needs no physician expert to understand that men and women

"are not similarly situated with respect to the problems and the risks of sexual inter-course." *Id.* at 471.

Those differentiated problems and risks are particularly marked with respect to classifications concerning pregnancy. The U.S. Supreme Court has held that while "only women can become pregnant it does not follow that every legislative classification concerning pregnancy is a sex-based classification." *Geduldig v. Aiello*, 417 U.S. 484, 496 n.20 (1974). "Absent a showing that distinctions involving pregnancy are mere pretexts designed to effect an invidious discrimination against the members of one sex or the other, lawmakers are constitutionally free" to make distinctions about it "on any reasonable basis." *Id.* Thus, by prohibiting prenatal exposure to controlled substances, Idaho law does not distinguish between men and women, but between "pregnant women and nonpregnant persons." *Id.* "While the first group is exclusively female, the second includes members of both sexes." *Id.* So it is not Idaho law, but basic biology, that forbids supplying controlled substances to children via the umbilical cord only as to pregnant women.

Idaho law rationally regulates prenatal exposure of children to controlled substances. "When conducting rational basis review in an equal protection challenge, the Supreme Court will not overturn government action unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that the Court can only conclude that the government's actions were irrational." *Kimel v. Fla. Bd. Of Regents*, 528 U.S. 62, 84 (2000) (cleaned up). Idaho's rules easily pass this test. As set forth above, the federal government and

more than half the states have recognized the legitimate objectives of preventing children from being exposed to controlled substances. *See supra*, II.B., at 12. Idaho's rules on the matter thus achieve the State's legitimate interests in protecting children, both in the womb and out.

## IV. Child drug-exposure rules do not violate the Idaho Constitution.

Finally, Plaintiff alleges that Idaho's child drug-exposure rules violate her rights under the Idaho Constitution. This is meritless. The relevant provisions of the Idaho Constitution on which Plaintiff relies state only that "[a]ll men are by nature free and equal, and have certain inalienable rights" and that "[t]his enumeration of rights shall not be construed to impair or deny other rights retained by the people." IDAHO CONST. art. I, §§ 1, 21. These generalized recognitions of rights do not support a constitutional right to expose children to controlled substances in utero.

The Idaho Supreme Court has been extremely reluctant to recognize new fundamental rights. In *Idaho Schools for Equal Educational Opportunity v. Evans*, the Idaho Supreme Court abandoned its previous policy of a case-by-case determination of whether a right is fundamental and instead held "that the 'fundamental rights' found in our state constitution are those expressed as a positive right." 123 Idaho 573, 581, 850 P.2d 724, 732 (1993). The Court emphasized how very limited the fundamental rights contained in the Idaho Constitution are, recognizing that a right must be "directly guaranteed by the state constitution" to be fundamental. *Id*. at 582. Thus, for example, even though the Idaho Constitution "imposes a 'duty [upon] the legislature [ ] to establish and maintain a general, uniform and thorough system of

public, free common schools,' ... [i]t does not establish education as a basic fundamental right." *Id.* (quoting IDAHO CONST. art. IX, § 1). And it goes without saying that the Idaho Constitution does not express any positive right to expose children to controlled substances.

While the *Evans* court suggested in dicta that "rights which are not directly guaranteed by the state constitution may be considered to be fundamental if they are implicit in our State's concept of ordered liberty," the Court has never recognized a fundamental right on this basis. *Id.* And for all the reasons set out in Section II.B., *supra*, that "ordered liberty" framework—the same standard of federal substantive due process under *Glucksberg*—provides no support for the right that Plaintiffs seek here.

Plaintiff says the rules violate the Idaho Constitution because they place pregnant women who use controlled substances on the CPCR without a showing of "abuse, neglect, or abandonment of an *existing* child." Compl. ¶ 57 (emphasis added). But the premise of this argument—that a child who is not yet born does not exist—is one that Idaho law emphatically rejects. Idaho Code § 18-8801–8807; *Planned Parenthood*, 171 Idaho 374, 522 P.3d 1132. Under *Dobbs*, Idaho is entitled to do so. And because the State has done so, the Court must therefore reject Plaintiffs' claims to the contrary.

## CONCLUSION

The Court should dismiss the Complaint with prejudice.

DATED:  June 5, 2023.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


By:  /s/ *Lincoln Davis Wilson*
LINCOLN DAVIS WILSON
Chief, Civil Litigation and
Constitutional Defense
BRIAN V. CHURCH
Deputy Attorney General

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 5, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Richard A. Hearn
hearn@hearnlawyers.com

John B. Ingelstrom
jbi@hearnlawyers.com

Emily MacMaster
emily@macmasterlaw.com

 /s/ *Lincoln Davis Wilson*
LINCOLN DAVIS WILSON
Chief, Civil Litigation and
Constitutional Defense
