RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief, Civil Litigation and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
Deputy Attorney General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov

*Attorneys for Defendant Dave Jeppesen*

# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| KEEVA ROSSOW,<br><br>          Plaintiff,<br><br>v.<br><br>DAVE JEPPESEN, Director, Idaho Health and Welfare, in his official capacity,<br><br>          Defendant. | Case No. 1:23-cv-00131-CWD<br><br>**DECLARATION OF LINCOLN DAVIS WILSON** |

I, LINCOLN DAVIS WILSON, declare and state as follows:

1.      I am counsel of record for the Defendant in this case and I make this declaration based upon my own personal knowledge.

2.     I submit this declaration to proffer certain public record materials from the administrative record relating to Plaintiff Keeva Rossow's complaint in this matter.

3.     Exhibit A is a true and correct copy of a Coeur d'Alene Police Report relating to Plaintiff.

4.     Exhibit B is a true and correct copy of Comprehensive Safety Assessment by the Department of Health & Welfare relating to Plaintiff.

5.     Exhibit C is a true and correct copy of Letter from Idaho Department of Health & Welfare dated December 20, 2021.

5.     Exhibit D is a true and correct copy of Letter from Idaho Department of Health & Welfare dated February 10, 2022.

6.     Exhibit E is a true and correct copy of a Decision and Preliminary Order entered in relation to Plaintiff's administrative appeal in this matter.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED:  June 5, 2023.

    /s/ *Lincoln Davis Wilson*
LINCOLN D. WILSON
Chief, Civil Litigation and
Constitutional Defense

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 5, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Richard A. Hearn
hearn@hearnlawyers.com

John B. Ingelstrom
jbi@hearnlawyers.com

Emily MacMaster
emily@macmasterlaw.com

$\underline{\quad\text{/s/ Lincoln Davis Wilson}\quad}$
LINCOLN D. WILSON
Chief, Civil Litigation and
Constitutional Defense



# Coeur d'Alene Police

Report for Incident 21C56119

| | |
|---|---|
| **Nature:** CHILD ABUSE | **Address:** 2003 N KOOTENAI HEALTH WAY; KOOTENAI HEALTH |
| **Location:** 81 | COEUR D'ALENE ID 83814 |

| | | |
|---|---|---|
| **Offense Codes:** CHAN | | |
| **Statute Codes:** | | |
| **Received By:** C.HOWARD | **How Received:** T | **Agency:** CDA |
| **Responding Officers:** P.HEANEY | | |
| **Responsible Officer:** P.HEANEY | **Disposition:** ACT 12/09/21 | |
| **When Reported:** 10:38:14 12/09/21 | **Occurred Between:** 10:38:14 12/09/21 and 10:39:17 12/09/21 | |

| | | |
|---|---|---|
| **Assigned To:** | **Detail:** CABU | **Date Assigned:** 12/10/21 |
| **Status:** AC | **Status Date:** 12/10/21 | **Due Date:** 12/09/22 |

| | | |
|---|---|---|
| **Complainant:** 16908 | | |
| **Last:** IDAHO STATE DEPT OF H&W CPS | **First:** | **Mid:** |
| **DOB:** \*\*/\*\*/\*\* | **Dr Lic:** | **Address:** 1250 W IRONWOOD DR; #100 |
| **Race:** **Sex:** | **Phone:** (855)552-5437 24HR | **City:** COEUR D'ALENE, ID 83814 |

## Offense Codes

| | |
|---|---|
| **Reported:** NC Not Classified | **Observed:** CHAN Child Abuse or Neglect |
| **Additional Offense:** CHAN Child Abuse or Neglect | |
| **Additional Statutes:** | |

## Circumstances

VIPR VIPR EVIDENCE STORAGE - CDAPD
H&W HEALTH/WELFARE

| | |
|---|---|
| **Responding Officers:** | **Unit :** |
| P.HEANEY | K50 |

| | | |
|---|---|---|
| **Responsible Officer:** P.HEANEY | **Agency:** CDA | |
| **Received By:** C.HOWARD | **Last Radio Log:** \*\*:\*\*:\*\* \*\*/\*\*/\*\* | |
| **How Received:** T Telephone | **Clearance:** 6 REPORT TAKEN | |
| **When Reported:** 10:38:14 12/09/21 | **Disposition:** ACT **Date:** 12/09/21 | |

EXHIBIT
6
exhibit

**EXHIBIT A**

| Judicial Status: | | Occurred between: | 10:38:14 12/09/21 |
| Misc Entry: | | and: | 10:39:17 12/09/21 |

| Modus Operandi: | | Description : | | Method : |
|---|---|---|---|---|
| LT | | LOCATION TYPE | | LT09 |
| | | | | PHARM/MEDICAL |
| WT | | WEAPONS / TOOLS USED | | WT99 NONE |
| D | | DRUGS/LIQUOR | | D34 |
| VR | | VICTIM: RELATIONSHIP | | VR-PA PARENT |
| VI | | VICTIM: INJURIES | | VI-N NONE |

## Involvements

| Date | Type | Description | Relationship |
|---|---|---|---|
| 12/09/21 | Name | IDAHO STATE DEPT OF H&W CPS, | Complainant |
| 12/09/21 | Name | BLASKI, KYLE JOSEPH | MENTIONED |
| 12/09/21 | Name | ROSSOW, KEEVA BETH GAMMAGE | SUSPECT |
| 12/09/21 | Name | REDACTED | VICTIM |
| 12/09/21 | Cad Call | 10:38:14 12/09/21 AGENCY ASSIST | Initiating Call |

## Narrative

OFFICER: N. Heaney; K50

SUSPECT(S) or DESCRIPTION(S): Keeva Rossow
M, 18-1501(2), Injury to Child

Health and Welfare:
Kayla Ellis

CASE SUMMARY:
I responded to Kootenai Health regarding a health and welfare referral. It was
reported that mother Keeva Rossow tested positive for THC after giving birth to
daughter ████REDACTED████ A cord stat was pending for the child. Kayla Ellis from
CPS responded and spoke with Keeva regarding her marijuana use. Kayla told me
she was going to complete a home visit and did not believe a citation for injury
to child was warranted. Keeva was financially stable with a good support system
in place. Kayla told me she did not believe further police intervention was
needed.

NARRATIVE:
On Thursday, December 9, 2021, while working uniform patrol I was detailed to
make telephone contact with Kayla Ellis with Idaho Department of Health and
Welfare.

Kayla told me she was just assigned a priority case at Kootenai Health. Kayla
relayed to me that the hospital staff contacted her regarding a patient who just
gave birth and tested positive for THC. The patient was identified as Keeva
Rossow and child ████REDACTED████

Kayla said the cord stat for the child was pending results but would likely
return positive for THC for the child.

Kayla and I met with Keeva in the labor and delivery department. We both
introduced ourselves and stated our purpose. Keeva told us she was made aware
from the hospital staff that we were notified and planned to cooperate.

Kayla spoke with Keeva in my presence. During their conversation I learned that
Keeva admitted to smoking marijuana for 10 years. Keeva admitted to marijuana
use during her pregnancy. Keeva stopped smoking marijuana at 20-weeks of
pregnancy but last used two weeks ago. Keeva said she smoked a "bowl" of
marijuana.

During her pregnancy Keeva said she stopped smoking heavily and would only
occasionally smoke a bowl to relax her. Keeva said she suffers from domestic
violence related PTSD and prefers to smoke marijuana instead of prescription
medication which she felt had worse side effects.

Keeva had a stable home with a good support system. Keeva said she has a good
relationship with her mother and sister who live in Coeur d'Alene. Keeva said
she was planning on discontinuing the use of marijuana.

After, I spoke with Kayla regarding this investigation. Kayla told me she would
conduct a home visit on Monday and did not believe an injury to child citation
warranted. Keeva did not have any other open CPS cases or prior criminal
history.

Kayla did not request further assistance in this matter.

CASE EVIDENCE:
[X]   BODY CAM          []   IN-CAR VIDEO        []   PHOTOS      []   AUDIO
[X]   UPLOADED TO VIPER                   [] UPLOAD TO VIPER LATER

Note - Videos associated with this incident contain protected personal
information.

## Name Involvements:

**SUSPECT :** 716609
  **Last:** ROSSOW    **First:** KEEVA    **Mid:** BETH
                        GAMMAGE
  **DOB:** REDACTED    **Dr Lic:** REDACTED    **Address:** REDACTED
  **Race:** W   **Sex:** F    **Phone:** (719)663-0213    **City:**

**VICTIM :** 724987
  **Last:** REDACTED    **First:** REDACTED    **Mid:**
  **DOB:** REDACTED    **Dr Lic:**    **Address:** REDACTED
  **Race:** U   **Sex:** F    **Phone:** ( ) -    **City:**

**Complainant :** 16908
  **Last:** IDAHO STATE    **First:**    **Mid:**
     DEPT OF H&W
     CPS
  **DOB:** **/**/**    **Dr Lic:**    **Address:** 1250 W IRONWOOD DR; #100
  **Race:**   **Sex:**    **Phone:** (855)552-5437    **City:** COEUR D'ALENE, ID 83814
                24HR

**MENTIONED :** 199880

  **Last:** BLASKI    **First:** KYLE    **Mid:** JOSEPH
  **DOB:** REDACTED    **Dr Lic:** REDACTED    **Address:** REDACTED
  **Race:** W   **Sex:** M    **Phone:** (208)771-0380    **City:**

EXHIBIT
B

## IDAHO DEPARTMENT OF HEALTH AND WELFARE
### CHILD AND FAMILY SERVICES

## COMPREHENSIVE SAFETY ASSESSMENT

| Assessment ID: 1018060 | Case Name: Keeva Rossow | Assessment Date: 12/9/2021 |
|---|---|---|
| Region: Region 1 | Worker Name: Kayla Ellis | Worker ID: 1906 |
| Priority: Priority 1 | Safety Case ID: 1040561 | Referral Date: 12/9/2021 |

| Has the referring party been contacted? |
|---|

**CHILDREN**

| Last Name, First Name | Person ID | Interview Date/Time: | Was the interview recorded? | Reason not Recorded: |
|---|---|---|---|---|
| REDACTED | 2873657 | 12/9/2021 12:00 PM | | |

## SAFETY SUMMARY

**Extent & Nature of Maltreatment and History:** On 12/9/21, the Department received a report for Infant Girl Rossow (one day): Concern that mom tested positive for THC at time of deliver. The child's cord stat is pending.

CP HISTORY: No history

FAMILY COMPOSITION: Keeva Rossow and Kyle Blaski are in a relationship and have one baby, REDACTED newborn). There are no other adults or children in the home.

A parent guide brochure was provided. There is no ICWA or military affiliation. There are no concerns for human trafficking, as this child is a newborn and has only been with her parents. An announced home visit was completed. There were no concerns for the home environment. All accompanying documentation has been uploaded to eCabinet.

SUMMARY:
Keeva reported that she was using marijuana throughout her pregnancy because she didn't want to take Xanax and Wellbutrin. She also had severe hyperemesis and had to go into the hospital multiple times to get IV fluids throughout her pregnancy. She reports that she was self-medicating because of past trauma. She reported that she was in a relationship in Texas where there was significant domestic violence and she was almost murdered. Her entire family moved from Texas to get away from her abuser. She has completed therapy in the past but it still greatly impacts her emotionally. She was provided information on EMDR therapists in the area. Kyle appeared to understand why the Department was involved. He reported that he does use marijuana occasionally and recreationally with friends. He was aware Keeva was sick and had used a few times throughout her pregnancy. He and Keeva want to do what is best for REDACTED moving forward.

The family has a doula that will be coming in monthly to assist them with breastfeeding. She is hoping to breastfeed, so she will be working with her doctor regarding appropriate meds she can take to manage her mental health while nursing. The family has been provided info on Safe Sleep and they have a bassinet and crib. They have also watched the videos at the hospital regarding safe sleep. The family has everything they need for the baby. Keeva intends to stop smoking marijuana. She reported she would never do anything to put her baby in jeopardy intentionally.

COLLATERAL: Amanda Gammage, maternal grandmother, lives locally. Amanda has no concerns regarding Keeva or Kyle's ability to care for their infant. Amanda is a large support to the family and lives locally to be able to assist her daughter, as needed.

FAMILY FUNCTIONING: Keeva and Kyle are higher functioning and understand REDACTED s needs and are able to provide for her

COMPREHENSIVE SAFETY ASSESSMENT



safety and well-being.

DISPOSITION: Keeva will be substantiated for neglect, Level 2, due to prenatal exposure. Kyle will be unsubstantiated for neglect due to insufficient evidence.

DECISION: Safe

**Adult Functioning:** Keeva is a licensed massage therapist. She works full-time. She was using marijuana to self-medicate but does not intend to continue her use. She reported that prior to her pregnancy she would drink socially but nothing of concern for substance abuse. She has no criminal history. She is physically healthy. She has a diagnosis of PTSD based upon a previous relationship where there was severe domestic violence. She is engaged to Kyle. She has an extensive support system with her family in the area. She is in the process of purchasing her home with Kyle. She is financially stable. She likes to be outdoors or will journal to manage her stress. She appears to be meeting her daily needs.

Kyle reports that he will partake in occasional marijuana use and drinks socially. He reported that as a child he was molested by a babysitter and only recently started talking about it and dealing with it. He has done some therapy for this. He has no criminal history and is physically healthy. He is not currently on any medications. He has a good support system. He is financially stable and is working on purchasing his home with Keeva. He enjoys fishing, hunting, and camping to manage his stress. He appears to be meeting his daily needs.

**Parenting and Disciplinary Practices:** Keeva and Kyle are very excited to be first time parents. They have tried for many years to have a baby. They both present to have knowledge of how to care for an infant. They have been around family members and friends who have had babies. They do not currently discipline their daughter. They reported that they would like to avoid physical discipline. The worker spoke to them about other discipline options, such as time outs/time ins. The worker shared with them some additional resources for discipline and parenting. They appear to have positive parenting practices and appropriate discipline.

**Child Functioning:** REDACTED was born at 36 weeks 5 days. Sh was 5lbs 5oz. She has to be born by C-section due to extremely low amniotic fluid. When she was born, she had thick mucous in her stomach, which caused her to throw up repeatedly. She was put on a NG-tube and was in the NICU. On 12/13, she was able to take a full bottle and so they are working on taking the NG-tube out and work on her being discharged. There are no other concerns for her at this time.

## SECTION 1: SAFETY ASSESSMENT

Directions: The following factors are behaviors or conditions that may be associated with safety threats to a child(ren). These threats involve both present and emerging danger. This assessment will include all children in the family who reside in the home or visit the home as Temporary Child Residents. Analyze the information you have collected during the assessment. Consider each safety factor and whether it may apply to this family. Apply the safety threshold to those that seem to apply. If all 5 criteria are met, select the factor by checking 'Yes'. Select 'No' when the information available does not indicate the presence of the safety factor. The 5 safety threshold criteria include: vulnerability of the child, no adult in the home can control the threat, the threat is specific and observable, the threat will likely occur in the immediate to near future, and the threat will likely result in severe harm.

The below will auto populate yes or no based on the selected Safety Threats from the CSA that is applied and/or met.

### ASSESSMENT SAFETY THREATS

| 1 | No | Caregivers cannot, will not, or do not explain a child's injuries or threatening family conditions. |
| 2 | No | A child has serious physical injuries or serious physical symptoms/conditions from maltreatment. |
| 3 | No | One or more caregivers intended to seriously hurt the child. |

| 4 | No | The living environment seriously endangers the child's physical health. |
|---|----|--------------------------------------------------------------------------|
| 5 | No | The child demonstrates serious emotional symptoms, self-destructive behavior and/or lacks behavioral control that results in provoking dangerous reactions in caregivers. |
| 6 | No | A child has exceptional needs that affect his/her safety that caregivers are not meeting, cannot meet, or will not meet. |
| 7 | No | A child is fearful of the home situation or people within the home. |
| 8 | Yes | One or more caregivers lack parenting knowledge, skills or motivation necessary to assure a child's safety. |
| 9 | No | One or more caregivers are threatening to severely harm a child or are fearful they will maltreat the child and/or request placement. |
| 10 | No | No adult in the home is routinely performing parenting duties and responsibilities (food, clothing, age appropriate supervision and nurturance) that assure child safety. |
| 11 | No | A child is perceived in extremely negative terms by one or more caregivers. |
| 12 | No | Caregivers do not have or use resources necessary to assure a child's safety. |
| 13 | No | One or more caregivers will not/cannot control their behavior, and/or are acting violently and/or dangerously. |
| 14 | No | Caregivers refuse intervention, refuse access to a child, and/or there is some indication that caregivers will flee. |

## COLLATERAL CONTACTS:

| Last Name, First Name | Collateral Type |
|-----------------------|-----------------|
| Gammage, Amanda | Relative |

## SECTION 2: SAFETY DECISION/SAFETY PLAN ANALYSIS

In order to identify a child as unsafe at least one safety threat supported by the assessment information must meet all 5 safety threshold criteria.

Safe: There are no present or emerging danger threats, or the caregivers' protective capacities control existing threats.

Unsafe: There are present or emerging danger threats, and caregivers are unable or unwilling to provide protection.

If a child is determined to be unsafe a safety plan is required. Answer the questions in the Safety Plan Analysis to determine if an In-Home or Out-Of-Home Safety Plan is required. All four questions must be answered 'Yes' in order to create an In-Home Safety Plan

## SAFETY DECISION

| CHILD'S NAME | Safety Decision | Safety Plan Decision |
|--------------|-----------------|----------------------|
| REDACTED | Safe | |

## SECTION 3: SAFETY PLAN

A Safety Plan is required for all children where there is a safety threat(s) indicated on the Safety Assessment. The Safety Plan is a written arrangement between a family and Children and Family Services which identifies how safety threats to a child will be immediately controlled and managed. Note: When creating an In-Home Safety Plan, the following criteria in the Safety Analysis must be present:
- There is at least one parent/caregiver in the home
- The home is calm enough to allow safety providers to function in the home
- The adult(s) in the home are willing to cooperate with and allow an In-Home Safety Plan
- There are sufficient, appropriate, reliable resources available and willing to provide safety services.

**SAFETY PLAN REVIEW DATE:**

Plan of Care Review Date:

## SECTION 4: PROTECTIVE CAPACITY

Protective Capacity: Personal and caregiving, behavioral, cognitive, and emotional characteristics that specifically and directly can be associated with being protective to one's young. Protective capacities are personal qualities or characteristics that contribute to vigilant child protection.

Directions: Complete an assessment of each parent(s) protective capacity. Compare information with previous assessments to determine if a change in circumstance has occurred.

Protective Capacities: The parents have adequate support and understand safety threats to their child. They have resources to provide for their child's needs.

## SECTION 5: CASE STATUS AND DISPOSITIONAL STATEMENT

**CASE STATUS:  Assessment Outcome will auto check one of the following:**

(☒) Case closed
(☐) Create New Case Management Case
(☐) Link to Open Case Management Case

**DISPOSITION STATEMENT:**

On 12/8/21, Ms. Rossow admitted to THC use throughout her pregnancy to manage pregnancy-related symptoms and mental health. Ms. Rossow tested positive for THC at that time. Due to this, it is more likely than not that her child was prenatally exposed to a controlled substance.

If substantiated, Date Notification letter sent:

| Child(ren) Name: | Suspect Name: | Primary Allegation: | Disposition Date: | Disposition: | Disposition level: | Removed from Central Registry |
|---|---|---|---|---|---|---|
| REDACTED | Keeva Rossow | Neglect | 12/16/2021 | Substantiated | Level Two | No |

If substantiated, Date Notification letter sent:

COMPREHENSIVE SAFETY ASSESSMENT

| Child(ren) Name: | Suspect Name: | Primary Allegation: | Disposition Date: | Disposition: | Disposition level: | Removed from Central Registry |
|---|---|---|---|---|---|---|
| REDACTED | Kyle Blaski | Neglect | 12/16/2021 | Unsubstantiated - Insufficient Evidence | | No |

## SECTION 6: ASSESSMENT COMPLETION DETAILS

This Comprehensive Assessment was completed by Brandi Barklow on 12/16/2021 with information provided by Kayla Ellis.

IDAHO DEPARTMENT OF
# HEALTH & WELFARE

BRAD LITTLE- GOVERNOR
DAVE JEPPESEN- DIRECTOR

CAMERON GILLILAND- Administrator
DIVISION OF FAMILY AND COMMUNITY SERVICES
Stacy Corbett - Program Manager
1120 Ironwood Drive Coeur d'Alene, ID 83814
PHONE. 208-769-1515
FAX. 208-666-6744

12/20/2021

Keeva Rossow


Dear Keeva Rossow:

You were named in an allegation of abuse, neglect, or abandonment as defined in 16-1602, Idaho Code. This report was determined to be substantiated. It was found on or about:

> On , the child ▮12/8/2021, was a victim of Neglect, which was caused by Keeva Rossow's, action or inaction by: On 12/8/21, Ms. Rossow admitted to THC use throughout her pregnancy to manage pregnancy-related symptoms and mental health. Ms. Rossow tested positive for THC at that time. Due to this, it is more likely than not that her child was prenatally exposed to a controlled substance. This report was found to be substantiated based on: Corroborated by Physical/Medical evidence,Confession,More likely than not it occurred. The substantiated report has been given a Level Two designation for Prenatal use of a controlled substance.

You are a Level Two on the Child Protection Central Registry. Your level was determined based on the following circumstance: The nature of allegation for which you have been substantiated places you at that level.

See IDAPA 16.06.01.563.01 to 16.06.01.563.03.

As a result, your name will be entered on the Child Protection Central Registry twenty-eight (28) days from the date of this notification, unless you file a request for an administrative review. If you do not file a request for an administrative review, your name will automatically be placed on the Child Protection Central Registry at the end of the twenty-eight (28) day period. Pursuant to IDAPA 16.06.01.566 an individual whose name appears on the Child Protection Central Registry with a designation of Level Two (2), may request their name be removed from the Child Protection Central Registry after the minimum period of time has passed. The minimum time period for a Level Two (2) designation is ten (10) years from the date of this notification.

The primary purpose of the Child Protection Central Registry is to aid the Department in protecting children and vulnerable adults from individuals who have previously abused, neglected, or abandoned children. The Child Protection Central Registry maintained by the Department is separate and apart from the central registry for convicted sexual offenders maintained by the Idaho State Police under Title 18, Chapter 83, Idaho Code. Names on the Child Protection Central



EXHIBIT
l

**EXHIBIT
C**

Registry are confidential and may only be released with the written consent of the individual whose name appears on the Child Protection Central Registry or as otherwise required by federal or state law. Individuals who may be subject to a background check conducted through the Department of Health and Welfare for purposes of employment or other non-employment reasons may be impacted by their name being placed on the registry. For example, individuals may be denied a license to provide child care or foster care and may be denied employment in a group care facility or institution which provides care for children or vulnerable adults.

If you feel this decision is not correct, you may request the Division Administrator of Family and Community Services to review the record and reconsider the decision of placing your name on the Central Registry. This request **must be in writing and sent within twenty-eight (28) days of the date of this letter (12/20/2021) to:**

Division Administrator, Division of Family and Community Services
Department of Health and Welfare
450 West State Street
PO Box 83720
Boise, ID 83720-0036

Upon receiving your request, the Division Administrator will call for a review of information in the record. The Child Welfare Chief or designee from your local area will assist the Division Administrator with this review. Upon completion of the review, the Division Administrator will notify you of the decision to enter your name on the Central Registry and the appeal process listed in IDAPA 16.05.03, 'Rules Governing Contested Case Proceedings and Declaratory Rulings' if the decision to enter your name on the Child Protection Central Registry is upheld.

If you need any portion of this letter translated, please contact your local Health and Welfare office.

Sincerely,

/s/ *Kayla Ellis*

Kayla Ellis, Child Welfare Social Worker 3
Approved by Brandi Barklow

c: e-file



REDACTED

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*

OFFICIAL USE

DEC 17 2021

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To  KEEVA ROSSOW
Street and Nu
City, State, Z      REDACTED

7020 0640 0000 7702 1835

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

KEEVA ROSSOW

REDACTED  REDACTED

9590 9402 5022 9063 1276 43

2. Article Number (Transfer from service label)
7020 0640 0000 7702 1835

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Keeva P*          ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Keeva Rossow

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

DEC 28 2021

By

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☑ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053       Domestic Return Receipt



IDAHO DEPARTMENT OF
# HEALTH & WELFARE

BRAD LITTLE – GOVERNOR
DAVE JEPPESEN – DIRECTOR

CAMERON GILLILAND -- Administrator
DIVISION OF FAMILY AND COMMUNITY SERVICES
450 West State Street, 5th Floor
P.O. Box 83720, Boise, ID 83720-0036
PHONE   208-334-5700
FAX   208-332-7330

February 10, 2022

Richard A. Hearn
Attorney at Law
155 S 2nd Ave
Pocatello, ID 83201

RE:   Keeva Rossow
**REDACTED**

Dear Ms. Rossow:

You were notified of a substantiated incident of abuse, neglect, or abandonment and requested an administrative review. Upon review of the documentation in your case, **a determination has been made to uphold the decision to substantiate the incident under IDAPA 16.06.01.560.01.c** (*A confession*), **IDAPA 16.06.01.560.01.d** (*Corroborated by physical or medical evidence*), **and IDAPA 16.06.01.560.01.e** (*Established by evidence that it is more likely than not that abuse, neglect, or abandonment occurred*). **The Level Two designation is upheld under IDAPA 16.06.01.563.02.a** (*Prenatal use of any controlled substance as defined under Section 37-2701(e), Idaho Code, except as prescribed by a medical professional*).

*On 12/8/21, Ms. Rossow admitted to THC use throughout her pregnancy to manage pregnancy-related symptoms and mental health. Ms. Rossow tested positive for THC at that time. Due to this, it is more likely than not that her child was prenatally exposed to a controlled substance. Also, the child's cord stat was positive for THC as well.*

An administrative review was conducted including a review of the case file and the materials provided by Ms. Rossow determining the substantiation to be UPHELD. Facts considered include but are not limited to: Ms. Rossow tested positive for THC at the birth of her child. When Ms. Rossow was interviewed she admitted to using THC to manage physical symptoms in her pregnancy as well as mental health symptoms from a prior history of trauma. The baby's cord stat was also tested and was positive for THC. The level is correct at a level two for prenatal exposure to illegal substances.

Based on the above review, including but not limited to all evidence submitted by Keeva Rossow during this review by the Division Administrator's designee, the incident remains substantiated and your name will automatically be entered on the Child Protection Central Registry.



EXHIBIT
2

EXHIBIT
D

Keeva Rossow
February 10, 2022

Pursuant to IDAPA 16.06.01.566, any individual whose name appears on the Child Protection Central Registry, other than an individual with a Level One (1) designation, may petition to have their name removed from the registry after the applicable minimum time-period has passed.

Please be aware information in the Child Protection Central Registry is held confidential and is only disclosed pursuant to your consent, as in the situation where you are seeking certain types of employment involving direct contact with children, vulnerable adults or when required by Idaho law.

Pursuant to IDAPA 16.06.01.003, if you wish to appeal this decision, you may do so. In accordance with IDAPA 16.05.03.101, this request **must be in writing and received by the department or postmarked no later than twenty-eight (28) days from the date of this letter (02/10/2022) to:**

FACS – Central Registry Fair Hearings
450 W. State St., 5th floor
P.O. Box 83720
Boise, ID 83720-0036
FAX # (208) 332-7330.

Sincerely,

*/S/ Julie Sevcik for Cameron Gilliland*

CAMERON GILLILAND, Administrator
Division of Family and Community Services

CG/kk

c:      Andie Blackwood, Child Welfare Bureau Chief
        Electronic File

REDACTED

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee

| Extra Services & Fees (check box, add fee as appropriate) | |
|---|---|
| ☐ Return Receipt (hardcopy) | $ |
| ☐ Return Receipt (electronic) | $ |
| ☐ Certified Mail Restricted Delivery | $ |

Postmark
Here

Richard A. Hearn
Attorney at Law
155 S 2nd Ave
Pocatello, ID 83201

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee

| Extra Services & Fees (check box, add fee as appropriate) | |
|---|---|
| ☐ Return Receipt (hardcopy) | $ |
| ☐ Return Receipt (electronic) | $ |
| ☐ Certified Mail Restricted Delivery | $ |
| ☐ Adult Signature Required | |
| ☐ Adult Si | |

Postmark
Here

Postage

Total Pos

Keeva Rossow

REDACTED

Sent To

Street an

City, State, ZIP+4®

PS Form 3800, April 2015 7530-02-000-9047    See Reverse for Instructions

---

### SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Richard A. Hearn
Attorney at Law
155 S 2nd Ave
Pocatello, ID 83201

RE: Keeva
Rossow

2. Article Number (Transfer from service label)

9590 9402 1621 6053 7908 22

7020 1290 0000 4120 8136

PS Form 3811, July 2015 PSN 7530-02-000-9053

### COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
S A Lowell

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

RECEIVED
FEB 16 2022
FAMILY & COMMUNITY
SERVICES

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery ($)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

### SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

REDACTED
Keeva Rossow

2. Article Number (Transfer from service label)

7020 1290 0000 4120 8145

PS Form 3811, July 2015 PSN 7530-02-000-9053

### COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

RECEIVED
FEB 17 2022
FAMILY & COMMUNITY
SERVICES

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery ($)

9590 9402 1621 6053 7908 39

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**IN THE FAIR HEARINGS UNIT OF THE IDAHO ATTORNEY GENERAL'S OFFICE**

KEEVA ROSSOW, )
)
              Appellant, )
)
vs. )
)
STATE OF IDAHO DEPARTMENT OF HEALTH )
AND WELFARE, )
)
              Department. )

Appeal No. 22-77161

**PRELIMINARY ORDER**

      On appeal, the hearing officer *affirms* Department's decision that Appellant's name should be placed on the Child Protection Central Registry with a Level Two designation.

      In summary, Department substantiated an incident of neglect because of Appellant's prenatal use of a controlled substance. Appellant acknowledged use of marijuana (THC) during her pregnancy but appealed Department's decision. On February 18, 2022, Department sent Appellant's appeal to the Fair Hearings Unit to schedule a hearing.

      <u>Prehearing Conference</u>. On April 27, 2022, the hearing officer conducted a prehearing conference (25 minutes; 23 seconds). Appellant's counsel expressed that he would like to do briefing in lieu of hearing testimony; Department's counsel expressed that she would like to do hearing testimony in lieu of briefing. The parties agreed that Appellant could submit a prehearing brief and Department could respond to the brief during hearing (and that they would confer on a proposed hearing date).

      <u>Brief</u>. On August 10, 2022, Appellant's submitted a prehearing brief (9 pages).

      <u>Hearing</u>. On August 17, 2022, the hearing officer held a telephonic hearing (07 minutes; 23 seconds). Counsel for the parties stipulated to the facts. Accordingly, Department's counsel elected not to present witness testimony or oral arguments and rested on Department's exhibits and the facts. Appellant's counsel had no objection to Department's exhibits.

**Idaho Attorney General's Office – Fair Hearings Unit**
Rebecca Ophus • Lincoln Strawhun • Karen Sheehan
P. O. Box 83720, Boise, ID  83720-0010
T: (208) 334-4555 • F: (208) 854-8070 • E: hearing.officer@ag.idaho.gov

EXHIBIT

E

Appellant's brief and Department's Exhibits 1–6 were admitted as part of this appeal's record. After considering the evidence, this Preliminary Order is issued per IDAPA 16.05.13.138, and is organized by the following sections: *Issue, Findings of Fact, Discussion, Conclusion of Law and Preliminary Order.*

## ISSUE

Whether Appellant's name should be on the Child Protection Central Registry with a Level Two designation.

## FINDINGS OF FACT

The hearing officer finds the following facts:

1. On December 8, 2021, Appellant gave birth to her child ⬛ at Kootenai Health in Coeur d'Alene, Idaho. At that time, Appellant tested positive for THC.

   a. Kootenai Health used a cord stat test to see if RB was born with exposure to a controlled substance.

   b. Kootenai Health reported the incident to Department's Child Protective Services, who began a Comprehensive Safety Assessment, interviewed Appellant and ⬛'s father, and involved the Coeur d'Alene Police. The Coeur d'Alene Police went to Kootenai Health and made a report coded "CHAN" for Child Abuse or Neglect and conferred with Department's case worker (who expressed that she did not believe a citation for injury to child was warranted or that further police intervention was warranted).

   c. THC is a controlled substance per Idaho Code § 37-2701(e).

   d. The Coeur d'Alene Police did not charge Appellant with a crime.

2. On December 16, 2021, Department completed its Comprehensive Safety Assessment. Department's disposition statement substantiated Appellant for neglect after Appellant admitted to THC use throughout her pregnancy, tested positive for THC on the day of delivery, and that it was more likely than not that her child was prenatally exposed to a controlled substance.

   a. Appellant did not assert that a medical professional prescribed her use of THC.

3. On December 22, 2021, Kootenai Health sent Department the cord stat test results showing ⬛ tested positive for THC.

4. On February 10, 2022 (after an initial decision and administrative review), Department upheld its decision to substantiate an incident of neglect and placed Appellant's name on the registry with a Level Two designation under IDAPA 16.06.01.563.02.a—prenatal use of a controlled substance, except as prescribed by a medical professional. Department's letter specified that: *"Facts considered include but are not limited to: Ms. Rossow tested positive for THC at the birth of her child. When Ms. Rossow was interviewed, she admitted to using THC to manage physical symptoms in her pregnancy as well as mental health symptoms from a prior history of trauma. The baby's cord stat was also tested and was positive for THC."*

## DISCUSSION

<u>Department's argument.</u> Per Department's exhibits, Appellant was substantiated for neglect under IDAPA 16.06.01.563.02.a—prenatal use of a controlled substance, except as prescribed by a medical professional—because she tested positive for THC at the birth of her child, admitted to using THC throughout her pregnancy, the baby's cord stat tested positive for THC, and THC is a controlled substance per Idaho Code § 37-2701(e).

<u>Appellant's argument.</u> Per Appellant's brief, Appellant countered that the Child Protection Act does not apply because Appellant's action of using THC during pregnancy was before her child was born; that a fetus is not a child; that Appellant's use of THC during pregnancy does not meet the definition of neglect of Idaho Code § 16-1602(31) because the definition applies to a child and not a fetus; that a pregnant woman is not a parent simply because she is pregnant.

That IDAPA 16.06.01.563.02.a covers what—in Idaho—is criminal conduct because Idaho Code § 37-2701(e) makes the use of any controlled substance illegal whether the user is pregnant or not; that without a trial, a jury, appointment of counsel, right to cross-examination of witnesses and/or proof beyond a reasonable doubt, Department has found Appellant guilty of using a controlled substance not prescribed by a medical professional and sentenced her to 10 years on a list of individuals who abused or neglected children.

That there is no requirement in the list of controlled substances that would pose a health risk to either the woman or her fetus; that the list of controlled substances is not intended to be a list of all substances potentially harmful to fetuses; that Department has used a criminal statute, Idaho Code § 37-2701(e), to define child abuse but did not afford Appellant the rights individuals charged with crimes are afforded.

That Department has no statutory authority under IDAPA 16.06.01.563.02.a to include pregnant women on the registry because the code does not define "child or children" as a fetus; that if the Idaho Legislature wanted jurisdiction over the conduct of pregnant women, it could have defined "child" to include a fetus; that IDAPA 16.06.01.563.02.a was Idaho's attempt to unduly burden the constitutional rights of Idaho women seeking an abortion.

Analysis and reasoning. Per IDAPA 16.05.03.132, the burden of proof was on Appellant that her name should not be on the registry; that she did not neglect her child. Appellant acknowledged that she used THC throughout her pregnancy. (Exhibits 4, 6.) Appellant tested positive for THC at her baby's birth. (Exhibits 4, 6.) Appellant's baby tested positive for THC. (Exhibit 5.) (Hearing Record.) Counsel for the parties agreed on these facts and that this case is purely a legal argument interpreting the relevant rules. (Hearing Record.)

Per IDAPA 16.05.03.131, the hearing officer must defer to Department's interpretation of the rules unless its interpretation is contrary to statue or an abuse of discretion. There is no known statute that is contrary to Department's interpretation that Appellant's prenatal use of a controlled substance met criteria for a Level Two designation on the registry per IDAPA 16.06.01.563.02.a.

IDAPA 16.06.01.563.02.a specifies that an individual found substantiated for an incident of abuse, neglect, or abandonment for prenatal use of a controlled substance as defined by Idaho

Code § 37-2701(e) will be given the designation of Level Two on the registry. THC is a controlled substance per Idaho Code § 37-2701(e). Appellant admitted prenatal use of THC, tested positive for THC at the birth of her baby, and the baby tested positive for THC. (Exhibits 4–6.) The facts are the exact application of the rule.

Appellant argued that Appellant's act did not meet the statutory definition of abuse, neglect, or abandonment. (Appellant's brief.) Department did not assert that Appellant's act was abuse or abandonment. (Exhibit 4.) Department's disposition statement on its Comprehensive Safety Assessment substantiated Appellant for neglect. (Exhibit 4.)

Per Idaho Code § 16-1602(31)(a), a neglected child is a child without the parental care necessary for her health, safety, and well-being because of the conduct or omission of her parents. The hearing officer has no basis to disagree with Department's interpretation that a child born with a positive test of a controlled substance—because of the conduct of her parent using a controlled substance—has neglected the parental care necessary for her health, safety, and well-being.

The hearing officer finds that Appellant's other counter arguments lack merit, are off point and ignore the significance of Appellant's baby being born with a positive test of a controlled substance. (Appellant's brief.) Department's interpretation of the rules is not contrary to controlling statues.

And there is no finding of an abuse of discretion. Department conducted a Comprehensive Safety Assessment, in conjunction with law enforcement. (Exhibits 4, 6.) After talking with Appellant and the father of Appellant's baby, Department's case worker expressed that she did not believe a citation for injury to child was warranted or that further police intervention was warranted. (Exhibit 6.)

Appellant did not assert that a medical professional prescribed her use of THC during her pregnancy. (Exhibit 4.) Department's disposition statement (from its Comprehensive Safety Assessment) substantiated Appellant for neglect after Appellant admitted to THC use throughout her pregnancy, tested positive for THC on the day of delivery, and that it was more likely than not that her child was prenatally exposed to a controlled substance consistent with IDAPA 16.06.01.563.02.a. (Exhibit 4.)

After the assessment, Kootenai Health sent Department the cord stat test results showing REDACTED tested positive for THC. (Exhibit 5.) Then, Department sent Appellant an initial written decision, granted an administrative review, then upheld its decision to put Appellant's name on the registry based on facts that are not in dispute. (Exhibits 1–2.)

From the evidence in this case, Department correctly applied the rules to substantiate Appellant for neglect because of prenatal use of a controlled substance. Accordingly, Appellant did not meet her burden to prove her name should not be on the registry.

## CONCLUSION OF LAW

In accordance with IDAPA 16.06.01.563.02.a, Appellant's name should be on the Child Protection Central Registry with a Level Two designation.

## PRELIMINARY ORDER

Department correctly determined that Appellant's name should be entered on the Child Protection Central Registry with a Level Two designation. Department's decision is *affirmed*.

DATE: August 22, 2022.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

By: *Lincoln Strawhun*
LINCOLN STRAWHUN
Hearing officer

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This decision is a Preliminary Order. Motions for reconsideration of a Preliminary Order will not be accepted. A Petition for Agency Review of this Preliminary Order must be filed with the Administrative Procedures Section by mail, email or fax within fourteen (14) days after the mailing (service) date to:

Administrative Procedures Section
450 West State Street, 10th floor
P.O. Box 83720
Boise, ID  83720-0036
208-334-5564 (Boise)
Email: APS@dhw.idaho.gov
Fax: 208-639-5741 (Boise)

On the 15th day (after the deadline has passed for seeking Agency Review), this Preliminary Order will become a Final Order without further notice.  From the date a Preliminary Order becomes a Final Order, a Petition for Judicial Review may be filed in district court within twenty-eight (28) days under Idaho Code § 67-5273(2), and must comply with Idaho Code § 67-5270.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of August 2022, I caused to be served a true and correct copy of the foregoing by the following method to:

Richard Hearn
Hearn Law, PLC
155 S. 2nd Ave.
Pocatello, ID 83201
Email: hearn@hearnlawyers.com

- [ ] U.S. Mail
- [ ] Hand Delivery
- [ ] Facsimile:
- [x] Email

Denise Rosen
OAG - Health and Human Services
1120 Ironwood Drive
Coeur d'Alene, ID 83814
Email: denise.rosen@dhw.idaho.gov

- [ ] U.S. Mail
- [ ] Hand Delivery
- [ ] Facsimile:
- [x] Email

Kayla Ellis
DHW-FACS
1250 Ironwood Dr.
Coeur d'Alene, ID 83814
Main: 208-665-8961
Email: kayla.ellis@dhw.idaho.gov
Karla.Kinzel@dhw.idaho.gov
Angie.Tomten@dhw.idaho.gov

- [ ] U.S. Mail
- [ ] Hand Delivery
- [ ] Facsimile:
- [x] Email

Courtney Krohn
Idaho Dept. of Health and Welfare
1250 W. Ironwood Dr., Suite 100
Coeur d' Alene, ID 83814
Main: 208-665-8968
Email: Courtney.Krohn@dhw.idaho.gov

- [ ] U.S. Mail
- [ ] Hand Delivery
- [ ] Facsimile:
- [x] Email

By: _Becky Ihli_
BECKY IHLI
Paralegal