RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

BRIAN V. CHURCH, ISB #9391
Deputy Attorney General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
brian.church@ag.idaho.gov

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEEVA ROSSOW<br><br>*Plaintiff,*<br><br>v.<br><br>DAVE JEPPESEN, Director, Idaho Department of Health and Welfare, in his official capacity,<br><br>*Defendant.* | Case No. 1:23-cv-00131-BLW<br><br>**ANSWER TO FIRST AMENDED COMPLAINT [Dkt. 25]** |

Defendant, Director Dave Jeppesen, answers Plaintiff's Verified First Amended Complaint for Declaratory and Injunctive Relief ("Amended Complaint") (Dkt. 25) as follows.

Defendant uses the headings in Plaintiff's Amended Complaint for ease-of-reference only, and such use does not signal assent to the heading's content.

<h2 align="center">ANSWER</h2>

## I.  Nature Of The Action

1.  In response to paragraph 1, Defendant notes this paragraph simply describes Plaintiff's understanding of the complaint she is bringing. To the extent a response is required, this paragraph is denied.

2.  In response to paragraph 2, Defendant notes this paragraph simply describes Plaintiff's understanding of the complaint she is bringing. To the extent a response is required, this paragraph is denied.

3.  In response to paragraph 3, Defendant notes this paragraph simply describes Plaintiff's understanding of the complaint she is bringing. To the extent a response is required, this paragraph is denied.

## II.  Jurisdiction And Venue

4.  In response to paragraph 4, Defendant admits only that Plaintiff's Amended Complaint contains claims under 42 U.S.C. § 1983. This Court generally has jurisdiction over complaints asserting causes of action under 42 U.S.C. § 1983. And this Court may, in certain circumstances, exercise supplemental jurisdiction over state law claims under 28 U.S.C. § 1367. Additionally, 28 U.S.C. § 2201 authorizes a court with jurisdiction to issue declaratory relief in certain circumstances.

5.  In response to paragraph 5, Defendant admits venue is proper in this Court.

### III.    Parties

6.      In response to paragraph 6, Defendant admits only that Plaintiff's name was placed on the Child Protection Central Registry by the Idaho Department of Health and Welfare after an incident of abuse, neglect, or abandonment was substantiated. Plaintiff was informed of the substantiation of an incident abuse, neglect, or abandonment in December 2021. Plaintiff, through counsel, appealed this determination up and through a final order from Defendant. This paragraph is otherwise denied.

7.      In response to paragraph 7, Defendant admits.

### IV.    Statement Of Facts

#### A.  Idaho's Child Protection Central Registry.

8.      In response to paragraph 8, Defendant admits only that a man or woman can be placed on the Child Protection Central Registry if there has been a substantiated incident of abuse, neglect, or abandonment. A man or woman for whom there has been an incident of abuse, neglect, or abandonment that has been substantiated, and such incident was the "Prenatal use of any controlled substance as defined under Section 37-2701(e), Idaho Code, except as prescribed by a medical professional" is assigned "Child Protection Level Two" and that man or woman's name will remain on the registry for at least 10 years, and then until such time as the man or woman petitions for the removal of his or her name. IDAPA 16.06.01.563.02(a), the provisions in IDAPA 16.06.01, and Idaho Code § 37-2701(e) speak for themselves. This paragraph is otherwise denied.

9.      In response to paragraph 9, Defendant admits only that the IDAPA rules require an incident of abuse, neglect, or abandonment be substantiated for a man or woman's name to be added to the Child Protection Central Registry. The provisions in IDAPA 16.06.01 speak for themselves. For purposes of IDAPA 16.06.01.563.02(a), a criminal conviction is not required to substantiate an incident of abuse, neglect, or abandonment. The paragraph is otherwise denied.

10.     In response to paragraph 10, Defendant admits only that Idaho Code § 37-2701(e) defines "controlled substance" as used in Idaho Code Title 37, Chapter 27. Idaho Code Title 37, Chapter 27 speaks for itself. To the extent the paragraph contains a legal conclusion, no response is required. This paragraph is otherwise denied.

11.     In response to paragraph 11, Defendant admits only that Plaintiff appears to quote from Idaho Code § 37-2702(a). To the extent the paragraph contains a legal conclusion, no response is required. This paragraph is otherwise denied.

12.     In response to paragraph 12, Defendant notes that Idaho Code Title 37, Chapter 27, speaks for itself. This paragraph also appears to contain a legal conclusion to which no response is required. This paragraph is otherwise denied.

13.     In response to paragraph 13, Defendant admits only that "Tetrahydrocannabinols" are currently listed as a controlled substance in Idaho Code Title 37, Chapter 27, and that neither cigarettes nor alcohol are "controlled substances" as defined in that chapter. The paragraph is otherwise denied.

14.    In response to paragraph 14, Defendant admits only that Plaintiff admitted to using marijuana during her pregnancy "to manage pregnancy-related symptoms and mental health." As to the remainder of this paragraph, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

15.    In response to paragraph 15, Defendant admits only that The National Institutes of Health's MedlinePlus[1] describes hyperemesis gravidarum as "extreme, persistent nausea and vomiting during pregnancy. It can lead to dehydration, weight loss, and electrolyte imbalances. Morning sickness is mild nausea and vomiting that occurs in early pregnancy". This paragraph is otherwise denied.

16.    In response to paragraph 16, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation. This paragraph is otherwise denied.

17.    In response to paragraph 17, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation. This paragraph is otherwise denied.

18.    In response to paragraph 18, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation. This paragraph is otherwise denied.

19.    In response to paragraph 19, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation. This paragraph is otherwise denied.

---

[1] MedlinePlus, *Hyperemesis gravidarum*, https://medlineplus.gov/ency/article/001499.htm (review date: 1/1/2023), last accessed December 15, 2023.

20.　　In response to paragraph 20, Defendant admits only that Plaintiff appears to quote in part from IDAPA 16.06.01.563.02. IDAPA16.06.01.563.02 speaks for itself. This paragraph is otherwise denied.

21.　　In response to paragraph 21, Defendant admits only that Plaintiff appears to quote in part from IDAPA 16.06.01.563.02. IDAPA16.06.01.563.02 speaks for itself. This paragraph is otherwise denied.

22.　　In response to paragraph 22, Defendant admits only that there was a letter sent to Plaintiff dated December 20, 2021, from Kayla Ellis, whose role was "Child Welfare Social Worker 3." Defendant denies the letter "stated that Plaintiff Rossow had been placed on the Child Protection Central Registry as a Level Two." Rather, the letter informed Plaintiff that her "name will be entered on the Child Protection Central Registry twenty-eight (28) days from the date of this notification, unless you file a request for an administrative review."

23.　　In response to paragraph 23, Defendant admits only that Plaintiff appears to quote in part from the December 20, 2021 letter. The letter speaks for itself. This paragraph is otherwise denied.

**24.**　　In response to paragraph 24, Defendant admits only that Rossow's daughter "RB" was born on or about December 8, 2021. As to the current status or medical status of RB, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

**B. Idaho's Historical Efforts to Control Women During Pregnancy.**

25.    In response to paragraph 25, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation. This paragraph is otherwise denied.

26.    In response to paragraph 26, Defendant, the Director of the Department of Health and Welfare, lacks knowledge or information sufficient to form a belief about the truth of the allegation. To the extent Plaintiff is quoting from a public document, the AG Opinion speaks for itself. This paragraph is otherwise denied.

27.    In response to paragraph 27, Defendant, the Director of the Department of Health and Welfare, lacks knowledge or information sufficient to form a belief about the truth of the allegation. To the extent Plaintiff is quoting from a public document, the AG Opinion speaks for itself. This paragraph is otherwise denied.

28.    In response to paragraph 28, Defendant, the Director of the Department of Health and Welfare, lacks knowledge or information sufficient to form a belief about the truth of the allegation. To the extent Plaintiff is quoting from a public document, the AG Opinion speaks for itself. This paragraph is otherwise denied.

29.    In response to paragraph 29, Defendant denies.

30.    In response to paragraph 30, Defendant, the Director of the Department of Health and Welfare, lacks knowledge or information sufficient to form a belief about the truth of the allegation. To the extent Plaintiff refers to publicly available documents, those speak for themselves. The paragraph is otherwise denied.

31.     In response to paragraph 31, Defendant, the Director of the Department of Health and Welfare, lacks knowledge or information sufficient to form a belief about the truth of the allegation. To the extent Plaintiff refers to publicly available documents, those speak for themselves. The paragraph is otherwise denied.

32.     In response to paragraph 32, Defendant, the Director of the Department of Health and Welfare, lacks knowledge or information sufficient to form a belief about the truth of the allegation. To the extent Plaintiff refers to publicly available documents, those speak for themselves. The paragraph is otherwise denied.

33.     In response to paragraph 33, Defendant, the Director of the Department of Health and Welfare, lacks knowledge or information sufficient to form a belief about the truth of the allegation. To the extent Plaintiff refers to publicly available documents, those speak for themselves. The paragraph is otherwise denied.

34.     In response to paragraph 34, Defendant admits only that Plaintiff appears to quote in part from Senate Bill 1218 (2005). The bill speaks for itself. Defendant, the Director of the Department of Health and Welfare, otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegation. This paragraph is otherwise denied.

35.     In response to paragraph 35, Defendant admits only that the Statement of Purpose to Senate Bill 1218 (2005) speaks for itself. Defendant, the Director of the Department of Health and Welfare, lacks knowledge or information sufficient to form a belief about the truth of the allegation. This paragraph is otherwise denied.

36.     In response to paragraph 36, Defendant, the Director of the Department of Health and Welfare, lacks knowledge or information sufficient to form a belief about the truth of the allegation. Information regarding the status of bills is maintained by the Idaho Legislature. This paragraph is otherwise denied.

37.     In response to paragraph 37, Defendant, the Director of the Department of Health and Welfare, lacks knowledge or information sufficient to form a belief about the truth of the allegation. Information regarding the status of bills is maintained by the Idaho Legislature. This paragraph is otherwise denied.

38.     In response to paragraph 38, Defendant, the Director of the Department of Health and Welfare, lacks knowledge or information sufficient to form a belief about the truth of the allegation. Information regarding the status of bills is maintained by the Idaho Legislature. This paragraph is otherwise denied.

39.     In response to paragraph 39, Defendant, the Director of the Department of Health and Welfare, lacks knowledge or information sufficient to form a belief about the truth of the allegation. This paragraph is otherwise denied.

40.     In response to paragraph 40, Defendant denies.

41.     In response to paragraph 41, Defendant admits only that Plaintiff appears to quote in part from IDAPA 16.06.01.563.02. The language of IDAPA 16.06.01.563.02 speaks for itself. This paragraph is otherwise denied.

42.     In response to paragraph 42, Defendant admits only that IDAPA 16.06.01.561 provides,

> The Adam Walsh Child Protection and Safety Act of 2006, P.L. 109-248, July 27, 2006, 120 Stat. 587, has directed the states to establish a central registry for the purpose of sharing information about persons who have substantiated reports of abuse, neglect, or abandonment against children. The Child Protection Central Registry was established under the authority of Section 16-1629(3), Idaho Code. The primary purpose of the Child Protection Central Registry is to aid the Department in protecting children and vulnerable adults from individuals who have previously abused, neglected, or abandoned children. The Child Protection Central Registry maintained by the Department is separate and apart from the central registry for convicted sexual offenders maintained by the Idaho State Police under Title 18, Chapter 83, Idaho Code. The Child Protection Central Registry provisions in this chapter of rules apply to safety assessments conducted by the Department after October 1, 2007.

To the extent this paragraph contains a legal conclusion, no response is required. This paragraph is otherwise denied.

43. In response to paragraph 43, Defendant admits only that IDAPA 16.06.01.563.02.a was made effective April 2, 2008, and that such rule was reauthorized as a temporary rule effective June 30, 2019; reauthorized as temporary rule effective March 30, 2020; reauthorized as a temporary rule effective July 1, 2021; and reauthorized as a rule on March 15, 2022. Defendant further admits only that in substantiated instances of abuse, neglect, or abandonment that fall within IDAPA 16.06.01.563.02.a, that a man or woman's name would be added to the Child Protection Central Registry. This paragraph is otherwise denied.

## C. The Rule's Facial Distinction Between Mothers And Fathers.

44. In response to paragraph 44, Defendant admits only that Plaintiff appears to quote in part from *Craig v. Boren*, 429 U.S. 190 (1976). Defendant denies that "*IDAPA 16.06.01.563.02(a)* is a facial sex classification that treats men and women differently." The

paragraph also appears to contain a legal conclusion to which no response is required. To the extent a response is required, the paragraph is otherwise denied.

45.     In response to paragraph 45, the paragraph appears to contain a legal conclusion to which no response is required. To the extent a response is required, the paragraph is otherwise denied.

46.     In response to paragraph 46, Defendant denies.

47.     In response to paragraph 47, Defendant denies.

48.     In response to paragraph 48, this paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that both men and women may have a substantiated instance of abuse, neglect, or abandonment that satisfies IDAPA 16.06.01.563.02.a. This paragraph is otherwise denied.

49.     In response to paragraph 49, Defendant admits only that Plaintiff appears to discuss and quote from *Bostock v. Clayton County*. The paragraph appears to contain legal conclusions to which no response is required. To the extent a response is required, the paragraph is otherwise denied.

50.     In response to paragraph 50, Defendant admits only that Plaintiff appears to discuss and quote from *Sessions v. Morales-Santana*. The paragraph appears to contain legal conclusions to which no response is required. To the extent a response is required, the paragraph is otherwise denied.

51.     In response to paragraph 51, Defendant admits only that Plaintiff appears to discuss and quote from *Sessions v. Morales-Santana*. The paragraph appears to contain legal

conclusions to which no response is required. To the extent a response is required, the paragraph is otherwise denied.

52.    In response to paragraph 52, Defendant admits only that Plaintiff appears to discuss and quote from *Sessions v. Morales-Santana.* The paragraph appears to contain legal conclusions to which no response is required. To the extent a response is required, the paragraph is otherwise denied.

53.    In response to paragraph 53, Defendant admits only that Plaintiff appears to discuss and quote from *Sessions v. Morales-Santana.* The paragraph appears to contain legal conclusions to which no response is required. To the extent a response is required, the paragraph is otherwise denied.

54.    In response to paragraph 54, Defendant admits only that Plaintiff appears to discuss and quote from *Sessions v. Morales-Santana.* The paragraph appears to contain legal conclusions to which no response is required. To the extent a response is required, the paragraph is otherwise denied.

55.    In response to paragraph 55, Defendant admits only that a substantiated incident of abuse, neglect, or abandonment, would classify the man or woman as Child Protection Level Two for "Prenatal use of any controlled substance as defined under Section 37-2701(e), Idaho Code, except as prescribed by a medical professional." IDAPA 16.06.01.562.02.a speaks for itself. The paragraph is otherwise denied.

56.    In response to paragraph 56, Defendant admits only that a substantiated incident of abuse, neglect, or abandonment, would classify a man or woman as Child

Protection Level Two for "Prenatal use of any controlled substance as defined under Section 37-2701(e), Idaho Code, except as prescribed by a medical professional." IDAPA 16.06.01.562.02.a speaks for itself. The paragraph is otherwise denied.

57.     In response to paragraph 57, Defendant admits only that Plaintiff appears to discuss and quote from *Sessions v. Morales-Santana.* The paragraph appears to contain legal conclusions to which no response is required. To the extent a response is required, the paragraph is otherwise denied.

58.     In response to paragraph 58, Defendant denies.

59.     In response to paragraph 59, Defendant denies.

60.     In response to paragraph 60, Defendant denies.

61.     In response to paragraph 61, Defendant denies.

**D. The Rule's Disparate Impact and Discriminatory Purpose.**

62.     In response to paragraph 62, Defendant admits only that Plaintiff appears to discuss and quote from *Personal Administrator of Massachusetts v. Feeny.* The paragraph appears to contain legal conclusions to which no response is required. To the extent a response is required, the paragraph is otherwise denied.

63.     In response to paragraph 63, Defendant admits only that Plaintiff appears to discuss and quote from *Nashville Gas Co. v. Satty.* The paragraph appears to contain legal conclusions to which no response is required. To the extent a response is required, the paragraph is otherwise denied.

64.     In response to paragraph 64, Defendant admits only that Plaintiff appears to discuss and quote from *Nashville Gas Co. v. Satty*. The paragraph appears to contain legal conclusions to which no response is required. To the extent a response is required, the paragraph is otherwise denied.

65.     In response to paragraph 65, Defendant admits only that Plaintiff appears to discuss and quote from *United States v. Virgnia* and *De Laurier v. San Diego Unified School District*. The paragraph appears to contain legal conclusions to which no response is required. To the extent a response is required, the paragraph is otherwise denied.

66.     In response to paragraph 66, Defendant admits only that Plaintiff appears to discuss and quote from *Village of Arlington Heights v. Metropolitan Housing Development Corporation*. The paragraph appears to contain legal conclusions to which no response is required. To the extent a response is required, the paragraph is otherwise denied.

67.     In response to paragraph 67, Defendant admits only that Plaintiff appears to discuss and quote from *Mississippi University for Women v. Hogan*. The paragraph appears to contain legal conclusions to which no response is required. To the extent a response is required, the paragraph is otherwise denied.

68.     In response to paragraph 68, Defendant admits only that Plaintiff appears to discuss and quote from *Frontiero v. Richardson*. The paragraph appears to contain legal conclusions to which no response is required. To the extent a response is required, the paragraph is otherwise denied.

69.     In response to paragraph 69, Defendant admits only that Plaintiff appears to discuss and quote from *Sessions v. Morales-Santana*. The paragraph appears to contain legal conclusions to which no response is required. To the extent a response is required, the paragraph is otherwise denied.

70.     In response to paragraph 70, Defendant admits only that Plaintiff appears to discuss and quote from *Nevada Department of Human Resources v. Hibbs*. The paragraph appears to contain legal conclusions to which no response is required. To the extent a response is required, the paragraph is otherwise denied.

71.     In response to paragraph 71, Defendant admits only that Plaintiff appears to discuss and quote from *Nevada Department of Human Resources v. Hibbs*. The paragraph appears to contain legal conclusions to which no response is required. To the extent a response is required, the paragraph is otherwise denied.

72.     In response to paragraph 72, Defendant denies.

73.     In response to paragraph 73, Defendant admits only that Plaintiff discusses its interpretation of IDAPA 16.06.01.563.02(a), 16.05.06.001.03, 16.05.06.100, 16.05.06.101, 16.05.06.125, and Idaho Code § 33-130. These rule provisions and statutory section speak for themselves. This paragraph is otherwise denied.

74.     In response to paragraph 74, Defendant denies.

75.     In response to paragraph 75, Defendant is unaware of an "IDAPA 16.0.01.561." Defendant admits only that IDAPA 16.06.01.561 provides,

> The Adam Walsh Child Protection and Safety Act of 2006, P.L. 109-248, July
> 27, 2006, 120 Stat. 587, has directed the states to establish a central registry for

the purpose of sharing information about persons who have substantiated reports of abuse, neglect, or abandonment against children. The Child Protection Central Registry was established under the authority of Section 16-1629(3), Idaho Code. The primary purpose of the Child Protection Central Registry is to aid the Department in protecting children and vulnerable adults from individuals who have previously abused, neglected, or abandoned children. The Child Protection Central Registry maintained by the Department is separate and apart from the central registry for convicted sexual offenders maintained by the Idaho State Police under Title 18, Chapter 83, Idaho Code. The Child Protection Central Registry provisions in this chapter of rules apply to safety assessments conducted by the Department after October 1, 2007.

The paragraph is otherwise denied.

76.     In response to paragraph 76, Defendant denies.

77.     In response to paragraph 77, Defendant denies.

78.     In response to paragraph 78, Defendant admits only that IDAPA 16.06.01.563.02(a) provides, "Prenatal use of any controlled substance as defined under Section 37-2701(e), Idaho Code, except as prescribed by a medical professional." The paragraph is otherwise denied.

79.     In response to paragraph 79, Defendant admits only that IDAPA 16.06.01.563.02(a) provides, "Prenatal use of any controlled substance as defined under Section 37-2701(e), Idaho Code, except as prescribed by a medical professional." The paragraph is otherwise denied.

80.     In response to paragraph 80, Defendant admits only that IDAPA 16.06.01.563.02(a) provides, "Prenatal use of any controlled substance as defined under Section 37-2701(e), Idaho Code, except as prescribed by a medical professional." The paragraph is otherwise denied.

81.     In response to paragraph 81, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation. This paragraph is otherwise denied.

82.     In response to paragraph 82, Defendant admits only that Plaintiff appears to discuss and quote from a report from "Idaho Kids Covered" entitled "Idaho Maternal and Infant Health Report." The paragraph is otherwise denied.

83.     In response to paragraph 83, Defendant admits only that Plaintiff appears to discuss a report from "Idaho Kids Covered" entitled "Idaho Maternal and Infant Health Report." Defendant denies that IDAPA 16.06.01.563.02(a) "is a pretext for shaming women who do not live up to the State government's ideals of motherhood during pregnancy." The paragraph is otherwise denied.

84.     In response to paragraph 84, Defendant denies.

## V.     Class Action Allegations

85.     In response to paragraph 85, Defendant admits only that Plaintiff's Amended Complaint speaks for itself. This paragraph appears to contain legal conclusions to which no response is required. To the extent a response is required, it is otherwise denied.

86.     In response to paragraph 86, Defendant admits only that Plaintiff's Amended Complaint speaks for itself. This paragraph appears to contain legal conclusions to which no response is required. To the extent a response is required, it is otherwise denied.

87.     In response to paragraph 87, Defendant admits only that Plaintiff's Amended Complaint speaks for itself. This paragraph appears to contain legal conclusions to which no response is required. To the extent a response is required, it is otherwise denied.

88.     In response to paragraph 88, Defendant admits only that Plaintiff's Amended Complaint speaks for itself. This paragraph appears to contain legal conclusions to which no response is required. To the extent a response is required, it is otherwise denied.

89.     In response to paragraph 89, Defendant admits only that Plaintiff's Amended Complaint speaks for itself. This paragraph appears to contain legal conclusions to which no response is required. To the extent a response is required, it is otherwise denied.

90.     In response to paragraph 90, Defendant admits only that Plaintiff's Amended Complaint speaks for itself. This paragraph appears to contain legal conclusions to which no response is required. To the extent a response is required, it is otherwise denied.

91.     In response to paragraph 91, Defendant admits only that Plaintiff's Amended Complaint speaks for itself. This paragraph appears to contain legal conclusions to which no response is required. To the extent a response is required, it is otherwise denied.

92.     In response to paragraph 92, Defendant admits only that Plaintiff's Amended Complaint speaks for itself. This paragraph appears to contain legal conclusions to which no response is required. To the extent a response is required, it is otherwise denied.

93.     In response to paragraph 93, Defendant admits only that Plaintiff's Amended Complaint speaks for itself. This paragraph appears to contain legal conclusions to which no response is required. To the extent a response is required, it is otherwise denied.

94.     In response to paragraph 94, Defendant admits only that Plaintiff's Amended Complaint speaks for itself. This paragraph appears to contain legal conclusions to which no response is required. To the extent a response is required, it is otherwise denied.

95.     In response to paragraph 95, Defendant admits only that Plaintiff's Amended Complaint speaks for itself. This paragraph appears to contain legal conclusions to which no response is required. To the extent a response is required, it is otherwise denied.

## VI.     Claims for Relief

## Count I – Right to Due Process of Law

96.     In response to paragraph 96, Defendant restates his responses to paragraphs 1 through 95.

97.     In response to paragraph 97, Defendant notes this paragraph states a legal conclusion to which no response is required. Plaintiff's Amended Complaint speaks for itself. This paragraph is otherwise denied.

98.     In response to paragraph 98, Defendant notes this paragraph states a legal conclusion to which no response is required. Courts have recognized certain substantive due process rights. This paragraph is otherwise denied.

99.     In response to paragraph 99, Defendant notes this paragraph states a legal conclusion to which no response is required. Courts have recognized certain interests as protected liberty interests. This paragraph is otherwise denied.

100.     In response to paragraph 100, Defendant denies.

101.     In response to paragraph 101, Defendant denies.

102.     In response to paragraph 102, Defendant denies.

**Count II – Right to Due Process of Law (Vague and Overbroad)**

103.　In response to paragraph 103, Defendant restates his responses to paragraphs 1 through 102. Defendant further notes that the Court has already dismissed this claim without leave to amend.

104.　In response to paragraph 104, Defendant notes this paragraph states a legal conclusion to which no response is required. Plaintiff's Amended Complaint speaks for itself. This paragraph is otherwise denied. Defendant further notes that the Court has already dismissed this claim without leave to amend.

105.　In response to paragraph 105, Defendant denies. Defendant further notes that the Court has already dismissed this claim without leave to amend.

106.　In response to paragraph 106, Defendant denies. Defendant further notes that the Court has already dismissed this claim without leave to amend.

107.　In response to paragraph 107, Defendant denies. Defendant further notes that the Court has already dismissed this claim without leave to amend.

**Count III – Right to Equal Protection**

108.　In response to paragraph 108, Defendant restates his responses to paragraphs 1 through 107.

109.　In response to paragraph 109, Defendant notes this paragraph states a legal conclusion to which no response is required. Plaintiff's Amended Complaint speaks for itself. This paragraph is otherwise denied.

110.     In response to paragraph 110, Defendant notes this paragraph states a legal conclusion to which no response is required. Plaintiff's Amended Complaint speaks for itself. This paragraph is otherwise denied.

111.     In response to paragraph 111, Defendant notes this paragraph states a legal conclusion to which no response is required. Plaintiff's Amended Complaint speaks for itself. This paragraph is otherwise denied.

112.     In response to paragraph 112, Defendant denies.

113.     In response to paragraph 113, Defendant denies.

114.     In response to paragraph 114, Defendant denies.

115.     In response to paragraph 115, Defendant denies.

116.     In response to paragraph 116, Defendant denies.

117.     In response to paragraph 117, Defendant denies.

**Count IV – Rights under the Idaho Constitution**

118.     In response to paragraph 118, Defendant restates his responses to paragraphs 1 through 117.

119.     In response to paragraph 119, Defendant notes this paragraph states a legal conclusion to which no response is required. Plaintiff's Amended Complaint speaks for itself. This paragraph is otherwise denied.

120.     In response to paragraph 120, Defendant notes this paragraph states a legal conclusion to which no response is required. Plaintiff's Amended Complaint speaks for itself. This paragraph is otherwise denied.

121.     In response to paragraph 121, Defendant denies.

122.     In response to paragraph 122, Defendant denies.

123.     In response to paragraph 123, Defendant denies.

**Prayer for Relief**

1.     In response to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff should be granted the requested relief, and denies that Plaintiff should be granted attorney fees and costs. Defendant reserves the right to seek attorney fees and costs.

## GENERAL DENIAL

Unless Defendant admits an allegation, or unless Defendant asserts he lacks knowledge or information sufficient to form a belief about the truth of an allegation, Defendant denies any other allegation.

## AFFIRMATIVE AND OTHER DEFENSES

1.     The Court lacks subject matter jurisdiction.

2.     Defendant is immune from suit.

3.     Defendant is not a person within the meeting of 42 U.S.C. § 1983.

4.     The Complaint fails to state a claim on which relief may be granted.

5.     Based on the facts alleged in Plaintiff's Amended Complaint, which include Plaintiff using marijuana while pregnant and exposing Plaintiff's then-unborn child to a controlled substance, Defendant asserts unclean hands, and contributory or comparative responsibility.

DATED:  December 15, 2023,

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


By: _/s/ Brian V. Church_
BRIAN V. CHURCH
Deputy Attorney General




## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 15, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:



Richard A. Hearn
hearn@hearnlawyers.com

John B. Ingelstrom
jbi@hearnlawyers.com

Emily MacMaster
emily@macmasterlaw.com


*Attorneys for Plaintiff*


_/s/   Brian V. Church_
BRIAN V. CHURCH
Deputy Attorney General