UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEEVE ROSSOW,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVE JEPPESEN, Director, Idaho Department of Health and Welfare, in his official capacity,<br><br>　　　　Defendant. | Case No. 1:23-cv-00131-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Keeva Rossow's motion for a temporary restraining order and preliminary injunction (Dkt. 26). For the reasons described below, the Court will deny the motion for a temporary restraining order and set a hearing on the motion for a preliminary injunction.

## BACKGROUND

The facts of this case are outlined in detail in the Court's previous order resolving the Idaho Department of Health and Welfare's motion to dismiss. *See Order*, Dkt. 24. In short, Ms. Rossow tested positive for THC in 2021 after giving birth to her child. When the positive test was reported, the Department investigated

**MEMORANDUM DECISION AND ORDER - 1**

and determined Ms. Rossow had violated IDAPA 16.06.01.563.02a. This regulation categorizes prenatal use of a controlled substance as child neglect and lists those found in violation of the regulation on the Child Protection Central Registry for ten years. When the Department's determination was finalized, Ms. Rossow filed her Complaint against the Department alleging violations of the Due Process Clause, Equal Protection Clause, and Idaho Constitution.

Ms. Rossow filed that Complaint in March 2023. In July, the Department moved to dismiss her claim and in November 2023 the Court partially granted that motion with leave to amend the Complaint. Ms. Rossow filed her Amended Complaint on December 1, 2023. Ten days later, she filed this motion seeking a temporary restraining order and preliminary injunction preventing the Department from placing women on the Central Registry when their only violation is use of controlled substances in violation of IDAPA 16.06.01.563.02a.

## LEGAL STANDARD

The standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). This means, Ms. Rossow must show she is likely to succeed on the merits, that she will suffer irreparable harm in the absence of preliminary relief, and that an injunction is in the public interest."

MEMORANDUM DECISION AND ORDER - 2

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Additionally, in the Ninth Circuit "serious questions on the merits and a balance of the hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). This "sliding scale approach" allows a party to make a lesser showing of likelihood of success provided [s]he will suffer substantial harm in the absence of relief." *Id.* at 1133. Under this approach, however, "serious questions going to the merits" requires more than showing that "success is more likely than not;" it requires a plaintiff to demonstrate a "substantial case for relief on the merits." *Levia-Perez v. Holder*, 640 F.3d 962, 967–68 (9th Cir. 2011).

## ANALYSIS

The purpose of a temporary restraining order is to preserve "the status quo and prevent[ ] irreparable harm just so long as it is necessary to hold a hearing, and no longer." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). The Supreme Court has instructed that, under federal law, TROs must "be restricted to serving [this] underlying purpose." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). On its

face, Ms. Rossow's request for a TRO is inconsistent with this purpose.

Her requested order would not "preserve the status quo," but require a change to the status quo. The Department currently includes women who violate the IDAPA 16.06.01.563.02a on the Central Registry. It has done so since before Ms. Rossow filed her initial Complaint in March 2023. Enjoining the Department now would be contradictory to the limited purpose of a TRO, particularly where Ms. Rossow has waited nearly nine months after filing her initial Complaint to seek this extraordinary relief.

Further, Ms. Rossow has not made a sufficient showing under either *Winter* or *Alliance for the Wild Rockies*. She has not established that she will suffer an immediate or irreparable harm if a TRO is not issued—a requirement under either test. She claims that women placed on the Central Registry will suffer "psychological pain and guilt" and will lose job opportunities if those jobs require a background check. Ms. Rossow has not explained why she needs such an urgent remedy now. Her allegation that this harm is irreparable is belied by the fact that this harm is not new, but has existed since March 2023 when she filed her Complaint. It does not appear Ms. Rossow's circumstances have changed or that

**MEMORANDUM DECISION AND ORDER - 4**

the Department's enforcement of the regulation has changed.[1] As Ms. Rossow waited nine months to seek this extraordinary relief, she can wait a little longer for the Court to fully adjudicate the merits of her motion for a preliminary injunction. Accordingly, the Court is unpersuaded that a TRO is warranted here and will deny Ms. Rossow's motion.

## ORDER

IT IS ORDERED that:

1. Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 26-1) is **DENIED IN PART**.

2. Plaintiff's request for a Temporary Restraining Order is **DENIED.**

3. Plaintiff's Motion for a Preliminary Injunction is **DEFERED,** and the Court will set a hearing on the Motion.

DATED: December 21, 2023

B. Lynn Winmill
U.S. District Court Judge

---

[1] The Court will not address the other *Winter* factors as it is clear Ms. Rossow has not established an irreparable harm that would justify issuing a TRO.

MEMORANDUM DECISION AND ORDER - 5