UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEEVA ROSSOW,<br><br>Plaintiff,<br><br>v.<br><br>DAVE JEPPESEN,[1] Director, Idaho Health and Welfare in his official capacity,<br><br>Defendant. | Case No. 1:23-cv-00131-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Keeva Rossow's motion to compel (Dkt. 38) and the Idaho Department of Health and Welfare's motion for a protective order (Dkt. 41). Ms. Rossow requests the Court compel the Department's response to Interrogatories Nos. 4, 6, 8, 12, 13, 17, and 18 as well as Requests for Production Nos. 3, 4, 5, 7, and 12. The Department seeks a protective order and opposes Ms. Rossow's motion to compel. For the reasons described below the Court will grant

---

[1] Per the notice of substitution filed at Dkt. 30, Interim Director Dean Cameron has been substituted for former director Dave Jeppesen.

**MEMORANDUM DECISION AND ORDER - 1**

both motions in part and deny both motions in part.

## BACKGROUND

The Court has previously detailed the origin of this case in its order on the Department's motion to dismiss. *See Order*, Dkt. 24. By way of brief background, Ms. Rossow tested positive for THC after giving birth to her child in 2021. *Id.* at 1. Pursuant to IDAPA 16.06.01.563.02a, "prenatal use of any controlled substance" constitutes an incident of abuse, neglect, or abandonment for which an individual will receive a level two designation. Any individual who receives a level two designation "has been determined to pose a medium to high risk to children and will remain on the Child Protection Central Registry for a minimum of ten (10) years." IDAPA 16.06.01.563. The hospital reported Ms. Rossow's positive test to the Idaho Department of Health and Welfare, and a child protective services worker investigated, and ultimately substantiated the report. *Order* at 1–2, Dkt. 24. Ms. Rossow challenged the substantiation through the administrative review process but was ultimately unsuccessful and her name was placed on the Central Registry. *Id.* at 2–3.

In 2023, she filed her Complaint against the Department alleging IDAPA 16.06.01.563.02a violates procedural due process, substantive due process, equal protection, and provisions of the Idaho Constitution. *Complaint*, Dkt. 1. Ms.

Rossow's putative class action is brought "on behalf of herself and all similarly situated women who are either currently using THC while pregnant in the State of Idaho or who will consider doing so while pregnant in the future." *Id.* at ¶ 25. In November 2023, the Court granted in part the Department's motion to dismiss with leave to amend. *Order*, Dkt. 24. Ms. Rossow then filed her amended Complaint in December and, soon thereafter, her first set of discovery requests. *Am. Complaint* at ¶ 85, Dkt. 25; Def.'s Ex. 1, Dkt. 43-1.

The Department objected to many of Ms. Rossow's discovery requests. *Id.* When the parties were unable to resolve the dispute on their own, the Court's clerk held an informal mediation. Despite this mediation and additional discussions between the parties, several disputes remained. Ultimately, the Court granted permission for Ms. Rossow to file her motion to compel. The Department then filed its opposition and a motion for a protective order.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 governs the scope and limits of discovery. It provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense

of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 37, a party seeking discovery may move for an order compelling production by a party who has failed to answer an interrogatory or produce requested documents. Fed. R. Civ. P. 37(a)(3). While the moving party must make a threshold showing of relevance, *see, e.g.*, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978), the party resisting discovery carries the "heavy burden" of showing specifically why the discovery request is irrelevant, unduly burdensome, disproportional to the needs of the case, or otherwise improper. *See Blakenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

On the other hand, a party "from whom discovery is sought may move for a protective order" to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The Court may grant such an order upon a showing of good cause by the moving party. *Id.* A district court has "broad discretion. . . to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). The burden for demonstrating good cause is on the party seeking the protective order." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331

**MEMORANDUM DECISION AND ORDER - 4**

F.3d 1122, 1131 (2003).

## ANALYSIS

Ms. Rossow's putative class action alleges that placement on the Central Registry for violations of IDAPA 16.06.01.563.02a violates the Due Process clause, the Equal Protection clause, and the Idaho Constitution. Ms. Rossow has not yet moved for class certification but the deadline to do so is July 2, 2024. The disputes here largely focus on the discovery necessary to support that motion. "District courts have broad discretion to control the class certification process, and '[w]hether or not discovery will be permitted . . . lies within the sound discretion of the trial court.'" *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (quoting *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209 (9th Cir. 1975)).

With this context in mind, the Court will first address the parties dispute over the scope of pre-class certification discovery before turning to the Department's proposal as to Interrogatories Nos. 6, 8, and 13 and Request for Production No. 5. Finally, the Court will resolve the parties' disputes as to the remaining discovery requests.

### A.    Scope of Discovery

The parties disagree about the scope of pre-class certification discovery. Ms.

Rossow claims she is entitled to information about all individuals on the Central Registry for a violation of IDAPA 16.06.01.563.02a listed on the Central Registry from 2021 to the present.[2] The Department, in contrast, argues Ms. Rossow is only entitled to information about individuals who were *substantiated* for violations of the provision between 2021 and the present. On its face this distinction may seem semantic. However, Ms. Rossow's proposed scope captures significantly more individuals than the Department's proposed scope. Individuals who are currently on the Central Registry may include individuals who were first placed on the Central Registry in as early as 2007 whereas individuals whose reports were substantiated between 2021 and the present only includes individuals listed since 2021.

The Department's main argument for adopting a narrower scope is that individuals who were first listed based on reports substantiated before 2021 are not relevant because the two-year statute of limitations restricts Ms. Rossow's claims to events arising during the two years preceding her filing this lawsuit. Ms. Rossow disputes that the statute of limitations applies. The Court, however, need not address the applicability of the statute of limitations to resolve this dispute.

_____

[2] Ms. Rossow has agreed to this limited scope only for the purposes of pre-class certification discovery. *See Motion* at 4, Dkt. 38.

"The allegations of the complaint logically shape the scope of discovery."
*United States ex. rel. Jacobs v. CDS, P.A.*, No. 4:14-cv-00301-BLW, 2016 WL
4146077, at *2 (D. Idaho Aug. 3, 2016). Here, the Court is unconvinced that such
extensive discovery is required based on the Complaint. Looking simply to the face
of the Complaint, Ms. Rossow has filed a claim on behalf of "women who are
currently using THC while pregnant in the State of Idaho or who will consider
doing so while pregnant in the future." *Am. Complaint* at ¶ 85, Dkt. 25. The
putative class Ms. Rossow seeks to represent is those who are using or may use
THC while pregnant, not those who are currently listed on the Central Registry.
*Trabulsi v. Wells Fargo Bank, Nat'l Ass'n*, No. 8:17-cv-2088-JLS-SK, 2018 WL
6444892, at *1 (C.D. Cal. Aug. 21, 2018) ("[T]he allegations in a complaint
generally dictate what evidence is discoverable.").

Ms. Rossow has not explained how information about individuals placed on
the Central Registry before 2021 relates to class certification when the Complaint,
and class alleged therein, is forward-looking.[3] As such, the appropriate scope of

---

[3] Ms. Rossow recently, after briefing on this motion was complete, filed a motion to
amend the scheduling order and to amend her Complaint. Dkt. 49. One of the proposed
amendments would expand the proposed amendment to include all individuals listed on the
Central Registry for violations of IDAPA 16.06.563.02a. *Id.* That proposed class, however, is not
a part of the operative complaint at this time.

pre-class certification discovery about individuals placed on the Central Registry is limited to individuals whose reports were substantiated between 2021 and the present.

### B.     The Department's Proposal

The Department proposes the Court permit the Department to produce deidentified information in lieu of compelling a response to Interrogatories Nos. 6, 8, and 13, and Request for Production No. 5. It additionally requests the entry of a protective order limiting disclosure of even this deidentified information. The Department offers to produce several categories of information without disclosing personally identifiable information about the individuals on the Central Registry, reporting parties, or any hospitals, police or similar emergency services.[4] Def. Ex. 39, Dkt. 43-39.

The Court will grant this request and permit the Department to produce this

---

[4] More specifically, the deidentified data would include both disposition information and criminal case information. The "disposition" information includes: The individual's gender, disposition ID, disposition, basis to substantiate, whether this substantiation is the primary substantiation, safety issue, IDAPA code, level, whether was abuse ongoing, abuse date, disposition statement, disposition date, and finding status. Def. Ex. 39, Dkt. 43-39. The "criminal case" information includes: Case ID, notification date, disposition ID, case status, case open date, case close date, closure reason, assigned worker, appeal request date, appeal decision, appeal decision date, hearing request date, hearing request decision, and hearing decision date. *Id.* These categories of information are further detailed in the Department's April 5, 2024 letter to Ms. Rossow's counsel. Def.'s Ex. 42, Dkt. 43-42.

information in lieu of responding to several discovery requests. This proposal addresses Ms. Rossow's request for certain information to prepare her motion for class certification while minimizing the burden on the Department. More importantly, it also protects the privacy interests of individuals on the Central Registry. Ms. Rossow appears not to object to the proposal itself, instead she argues that the preferrable option is to have this information produced without redaction and under a protective order.

Ms. Rossow, however, clarifies that she is not demanding personally identifiable information at this time. *Reply* at 2, Dkt. 45. The Court agrees that there is no need, at least at the pre-class certification stage, for Ms. Rossow or her counsel to have access to the names or contact information of individuals on the Central Registry.[5] The individuals on the Central Registry have a legitimate privacy interest in the nondisclosure of their names or identifying information.

---

[5] Ms. Rossow cites to several cases where plaintiffs were permitted access to name and contact information at the pre-certification stage. *See Nelson v. Avon Products, Inc.*, No. 13-cv-02276-BLF, 2014 WL 12792596 (N.D. Cal. Sept. 3, 2014); *Nichols v. Credit Union 1*, No. 2:17-cv-02337-APG-GWF, 2018 WL 11404372 (D. Nev. Dec. 7, 2018). Both cases highlight that "disclosure of putative class members' contact information in a common practice in the class action process." *Id.* at *5. The problem is Ms. Rossow's putative class is not comprised of those currently listed on the Central Registry for prenatal substance use, but women who are using THC while pregnant or may do so in the future so individuals already on the registry are not potential class members. Perhaps more relevantly, Ms. Rossow has stated she does not intend to contact any of these individuals before class certification. *See Reply* at 3, Dkt. 45.

These privacy concerns outweigh the need for this information, especially where Ms. Rossow is not actually claiming the name or contact information is necessary at this point in the litigation. *Artis v. Deere & Co.*, 276 F.R.D. 348, 352–53 (N.D. Cal. 2011) ("Even when discovery of private information is found directly relevant to the issues of ongoing litigation, it will not be automatically allowed; there must then be a careful balancing of the compelling public need for discovery against the fundamental right to privacy." (internal quotation marks and citation omitted)).

The same is true for personally identifiable information about any reporting party.[6] Ms. Rossow claims identifying information about the reporting party is relevant is because they may be percipient witnesses. Any information these witnesses have about the reports they have filed does not appear to relate to class certification, so those names will, for now, be produced under redaction. That said, the Court will require the Department to identify the reporting party's relationship to the individual on the Central Registry. The Department shall indicate whether, for example, the reporting party is a family member, nurse, doctor, police officer, or school official. These examples are merely illustrative of the type of information

---

[6] The Department invokes Idaho Code § 16-1606 as a basis for withholding any and all information about reporting parties. Indeed, while this provision does provide immunity for reporting parties—including immunity from participation in legal proceedings—it's not clear that provision would prevent any discovery about them.

**MEMORANDUM DECISION AND ORDER - 10**

and level of detail that should be provided. This additional information should alleviate Ms. Rossow's concern that without identifying information, she will not have enough information about how these reports are made. *See Reply* at 2, Dkt. 45.

The Court, however, is not sure why the name of any hospital, police, fire, or other emergency service needs to be redacted. To the extent this information would reveal any identifying information about either an individual on the Central Registry or a reporting party, it is fairly minimal—for example, the city or county where the individual may live, work, or otherwise came into contact with these services. This information is adequately protected by the entry of a protective order. As such, the Court will order the Department to produce this information without redaction.

In sum, the Department shall produce the information identified in its March 19, 2024 letter to Ms. Rossow's counsel. *See* Def. Ex. 39, Dkt. 43-39. Any personally identifiable information such as names, contact information, or social security numbers of the individuals on the Central Registry or the reporting parties shall be redacted. The Department shall identify with whom the reporting party is associated with and shall not redact information about police, fire, or other emergency services. The Department shall produce this information within 45 days

of the issuance of this order. Finally, as both parties agree a protective order is appropriate, they shall stipulate to a protective order within 7 days of the entry of this order and file a stipulation with the Court. If the parties are unable to agree, then each party shall submit a proposed protective order.

Finally, because the Court will adopt the Department's proposal to produce this deidentified information instead of responding to several of Ms. Rossow's discovery requests, the Court will deny Ms. Rossow's motion to compel responses to Interrogatories Nos. 6 and 8 as well as Request for Production No. 5.[7] She may renew these requests after the resolution of any motion for class certification after adhering to this Court's normal discovery dispute procedures.

## C.    Remaining Discovery Disputes

Finally, Ms. Rossow moves to compel the Department's response to Interrogatories Nos. 4, 13, 17, and 18 as well as Requests for Production Nos. 3, 4, 7, and 12. The Court will address each request in turn.

### 1.  Interrogatory No. 4

Ms. Rossow requests the Department describe "with particularity the factual and legal reasons for [its] contention that prior to birth a fetus is a child as 'child' is

---

[7] The Court will address Interrogatory No. 13 more specifically below as the information sought in that interrogatory is not entirely resolved by the defendant's proposal.

defined for purposes of the Child Protective Act, at title 16, Chapter 16, Idaho Code, or otherwise under Idaho law to the extent relevant to the subject matter of this lawsuit." Pl.'s Ex. A at 9, Dkt. 38-2. The Department objects to this request as irrelevant. The Court agrees.

This interrogatory does not relate to class certification, nor does Ms. Rossow make such an argument. Instead, she describes this interrogatory as a "contention interrogatory" related to her due process and equal protection claims. Ms. Rossow explains this information is relevant because her claims are "grounded in the Defendant's implicit redefining a fetus as being a child for the purpose of allowing the Defendant to regulate the conduct of pregnant women." *Motion to Compel* at 13, Dkt. 38. The Court does not share this view. Her claims are based upon the placement of pregnant people on the Central Registry for child abuse or neglect before a child is born. The factual and legal basis for changing this definition— either implicitly or explicitly—does not affect her constitutional claims.[8] The Court will, accordingly, deny Ms. Rossow's motion to compel a response to Interrogatory Number 4 and sustain the Department's objection to this

---

[8] As the Department points out, this interrogatory seems to relate more directly to whether IDAPA 16.06.563.02a is a valid promulgation under the enabling statute. This is not a claim which Ms. Rossow has alleged nor could she allege in federal court. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984).

**MEMORANDUM DECISION AND ORDER - 13**

interrogatory.

### 2.  Interrogatory No. 12

Ms. Rossow requests that the Department disclose whether it opposes class certification and, if it does, to identify all facts and law in support of its opposition to class certification. *See* Pl.'s Ex. A at 23, Dkt. 38-2. The Department objects to this request as premature and requests that the Court permit it to answer the interrogatory at a later date. Rule 33(a)(2) provides that the Court may "order that an interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time."

This interrogatory appears to be no more than Ms. Rossow's attempt to preview the Department's opposition to class certification. *Slavkov v. Fast Water Heater Partners I, LP*, No. 14-cv-04324-JST, 2015 WL 6648170, at *3 (N.D. Cal. Nov. 2, 2015). Courts have rejected or permitted delayed responses to similar contention interrogatories requesting the basis for a party's support of or opposition to class certification. *See id* (denying motion to compel response to an interrogatory that required "the Defendants to 'state all facts' amounts to requiring Defendants to give Plaintiffs a preview of Defendants' opposition to class certification."); *Campbell v. Facebook, Inc.*, No. 13-cv-05996-PJH (MEJ), 2015 WL 3533221, at *5 (N.D. Cal. June 3, 2015) ("Such an interrogatory [requesting

factual support for basis that action is appropriate for class treatment] strikes the Court as no more than a thinly veiled attempt to sneak preview Plaintiffs' class certification motion."). *But see Hernandez v. Best Buy Co., Inc.*, No. 13cv2587-JM(KSC), 2014 WL 5454505, at *6 (S.D. Cal. Oct. 27, 2014) (compelling a response).

This interrogatory does not meaningfully narrow the issues for discovery or for class certification. Ms. Rossow will have the opportunity to respond to the Department's opposition, if any, to class certification in due course as set forth in the scheduling order. The Court will permit the Department to respond to this request after it responds to Ms. Rossow's motion for class certification. Accordingly, Ms. Rossow's motion to compel is denied with respect to Interrogatory No. 12 and the Department's objection is sustained.

### 3. Interrogatory No. 13

Ms. Rossow requests that the Department provide the number of individuals listed on the Central Registry pursuant to IDAPA 16.06.01.563.02a as of March 30th of each year and to identify those individuals by name, address, and phone number. Pl.'s Ex. A at 24, Dkt. 38-2. The Department has provided Ms. Rossow with the number of individuals listed on the Central Registry whose violations of IDAPA 16.06.563.02a were substantiated during each of those years. It argues that

providing additional information about the individuals listed on the Central Registry pursuant to IDAPA 16.06.563.02a—including even the total number—is irrelevant.

At the outset, the name and other identifying information from these individuals is not relevant at this stage of the litigation and the Court will not compel the Department to respond to that request. The Court, however, will require the Department to disclose the total number of individuals listed on the Central Registry for a violation of IDAPA 16.06.01.563.02a as of March 30 for the years 2021, 2022, 2023, and 2024. This information may be relevant to Ms. Rossow's claims and does not appear to be burdensome to provide. Additionally, this information does not implicate any privacy interests as the mere number of individuals on the Central Registry does not reveal any identifying information about any individual on the Central Registry. As such, Ms. Rossow's motion to compel a response to Interrogatory No. 13 is granted in part and denied in part.

### 4.  Interrogatory No. 17

Ms. Rossow also requests the Department "[i]dentify all legal proceedings, whether in judicial, administrative or other forums, in which operations of the Central Registry related in any manner whatsoever to IDAPA 16.06.01.563.02(a) have been at issue" including the name of the parties and dates of the proceeding,

the forum and case number, a description of the subject matter, and the outcome of the proceeding. Pl.'s Ex. A at 35–36, Dkt. 38-2. She argues this information is relevant to "how this Court should view the Defendant's conduct in applying" the provision including whether the rule has previously been held unconstitutional. *Motion* at 18, Dkt. 38-1. She also argues that the Department's "responses to contested case proceedings challenging [the provision]" are relevant to her due process claim. *Id.*

The Department objects to this request as irrelevant, overbroad, not proportional, and overly burdensome. It also points out that the Department has already agreed to, and the Court has already ordered that it, provide "the dates of any proceedings for individuals substantiated for prenatal use of a controlled substance after 2021, whether administrative review was requested, a description of the factual background of the substantiation, and the outcome of the proceeding." *Motion for Protective Order*, at 28, Dkt. 41.

The main relevance of this interrogatory, then, is the interpretation and constitutionality of IDAPA 16.06.01.563.02a. This information is not directly relevant to class certification, however, the Court sees no reason to delay resolving this dispute. While the interrogatory is overly broad as it is not limited by time, discovery is currently limited to 2021 through the present. This limitation severely

limits the scope of this request. The Department argues that even with a time limit, the request is not proportional to the needs of the case and is overly burdensome because the request would require it to manually review all of its legal records. The Court finds that reviewing the records for a three-year period is not a disproportionate or overly burdensome request. *See Thomas v. Cate*, 715 F. Supp. 2d 1012, 1032 (E.D. Cal. 2010) ("Discovery should be allowed unless the hardship is unreasonable in light of the benefits to be secured from the discovery."). To the extent this disclosure would require the production of information that could "embarrass, lead to harassment, annoyance, or oppression" of either the children involved or an individual on the Central Registry, that concern is mitigated by the protective order.[9] As such, the Court will grant Ms. Rossow's motion to compel a response to Interrogatory No. 17.

### 5.  Interrogatory No. 18

Ms. Rossow additionally requests the Department "identify all requests seeking removal from the Central Registry submitted by or for any person(s) who was placed on the Central Registry pursuant to IDAPA 16.06.01.563.02a." Pl.'s

---

[9] The Department need not produce identifying information about the individuals on the Central Registry or any reporting party unless that information is public as a result of the legal proceeding.

**MEMORANDUM DECISION AND ORDER - 18**

Ex. A at 38, Dkt. 38-2. The Department argues that this information is not relevant or proportional and, more importantly, implicates individuals' privacy interests because it requests identifiable information about those currently on the Central Registry as well as those who have been removed from the Central Registry. The Court has already determined that identifying information is not relevant at this time.

In this interrogatory, Ms. Rossow seeks several categories of information including why an individual was placed on the Central Registry as well as a detailed description of the Department's response to the request for removal. She explains this information is relevant to understand how the Central Registry operates. For instance, IDAPA 16.06.566 provides than an individual may petition to have their name removed "after the minimum period of time has elapsed." Ms. Rossow, it seems, wants to know whether these requests are granted and the reasons for either granting or denying those requests. The Court agrees that there is some limited relevance to this information as it may illuminate how removal from the Central Registry works. That said, Ms. Rossow's Complaint focuses on the placement of individuals on the list, not the process of removal or constitutionality of that process.

Given this limited relevance, the Court will only require the Defendant to

produce the number of requests for removal by individuals on the Central Registry for violations of IDAPA 16.06.01.563.02a made each year from 2021 to the present and the number of individuals on the Central Registry pursuant to IDAPA 16.06.01.563.02a removed for each of those years. This information minimizes the Department's proportionality and burden concerns and is consistent with the perhaps marginal relevance of this request. *See Shared Partnership v. Meta Platforms, Inc.*, No. 22-cv-02366-RS (RMI), 2023 WL 2526645, at *3 (N.D. Cal. Mar. 14, 2023) ("[U]nder Rule 26's proportionality analysis, the Court must weigh the burden versus the benefit of the discovery sought. . . [and] strike a balance between ensuring the parties have access to relevant information regarding their claims and defendants and the burden on the producing party of providing the discovery sought." (internal citations and quotations marks omitted)). Accordingly, Ms. Rossow's motion to compel is granted in part.

### 6.  Requests for Production Nos. 3 and 4

Ms. Rossow raises a dispute about Requests for Production Nos. 3 and 4 in her motion to compel. She did not raise an issue with the Department's response to either request in her position papers submitted to the Court or in the informal conference with the Court's clerk. *See Pl.'s Position Paper*, Def. Ex. 18, Dkt. 43-18; *Pl.'s Second Position Paper*, Def. Ex. 35, Dkt. 43-35. The failure to comply

with her meet and confer obligations prior to raising this dispute in a motion

warrants denial of this request. *See Scheduling Order* at 5–6, Dkt. 21; *Christian v.*

*Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has

considerable latitude in managing the parties' motion practice and enforcing local

rules that place parameters on briefing."). Nonetheless, the only basis for her

objection appears to be the Department's failure to comply with Rule 34(b)(2)(C)

and state whether documents are withheld on the basis of the objection. The

Department has clarified no such documents are being withheld. As such, no

dispute exists, and the Court will deny Ms. Rossow's motion to compel production

of documents consistent with Requests for Production No. 3 and 4 as moot.

### 7. Request for Production No. 7

Ms. Rossow requests the Department "[p]roduce all reports, memoranda,

and other documents identifying the numbers of persons who [have] been on the

Central Registry pursuant to IDAPA 16.06.01.563.02a or for any other reason at

any time." Pl.'s Ex. A at 59, Dkt. 38-2. The Department interpreted this request as

seeking a copy of the Central Registry and, as such, it objects to the request on

grounds of relevance, overbreadth, proportionality, and privacy.

The Court agrees that this request is overbroad on its face as it seeks

information about individuals placed on the Central Registry for reasons other than

prenatal substance use. Even with Ms. Rossow's clarification that she is only

seeking documents identifying the numbers of individuals on the Central Registry

from 2021 to the present, not the identity of any individuals, the relevance of these

documents is unclear. The relevance is even less clear now that the Court has

already compelled the Department to disclose the number of individuals on the

Central Registry pursuant to the challenged provision. The Court will deny Ms.

Rossow's motion to compel production of documents in response to Request for

Production No. 7 and sustain the Department's objection.[10]

### 8.  Request for Production No. 12

Finally, Ms. Rossow requests the Department "[p]roduce all reports and

other documents regarding inquiries received, access granted to, and/or the release

of names or other information about persons listed on the Central Registry

pursuant to IDAPA 16.06.01.562.02." Pl.'s Ex. A at 69–70, Dkt. 38-2. The

Department objects to this request as irrelevant and not proportional. The Court

disagrees. This information is relevant to Ms. Rossow's procedural due process

claim which requires her to show placement on the list results in the deprivation of

---

[10] Ms. Rossow also argues that the Department's response to this interrogatory is deficient pursuant to Rule 34(b)(2)(C) because the Department does not state whether any responsive materials are being withheld on the basis of the stated objections. Because the Court finds the request overbroad and not relevant, it will not address this deficiency.

a liberty interest. *See Humphries v. County of Los Angeles*, 554 F.3d 1170, 1186

(9th Cir. 2008) (overruled in part on other grounds). Any privacy concerns are

mitigated by redacting personally identifiable information and the entry of a

protective order. The Court will grant Ms. Rossow's motion to compel production

in response to Request for Production No. 12.

**ORDER**

**IT IS ORDERED that:**

1.     Ms. Rossow's Motion to Compel (Dkt. 38) is **GRANTED IN PART**

**and DENIED IN PART.**

2.     The Motion to Compel is granted with respect to Interrogatories Nos.

13, 17, and 18 and Request for Production No. 12. The Department shall respond

to those requests in a manner consistent with this Order within 45 days of the entry

of this Order.

3.     Ms. Rossow's motion is denied with respect to Interrogatories Nos. 4,

6, 8 and 12 and Requests for Production Nos. 5 and 7. Additionally, her motion is

denied as moot with respect to Requests for Production Nos. 3 and 4. The

Department need not respond to these requests.

4.     The Department's Motion for a Protective Order (Dkt. 41) is

**GRANTED IN PART** and **DENIED IN PART.**

5.      The Department shall produce the information identified in its March 19, 2024, letter to Ms. Rossow's counsel. *See* Def. Ex. 39, Dkt. 43-39. Any personally identifiable information such as names, contact information, or social security numbers of the individuals on the Central Registry or the reporting parties shall be redacted. The Department shall identify with whom the reporting party is associated with and shall not redact information about police, fire, or other emergency services. The Department shall produce this information within 45 days of the issuance of this Order.

6.      Finally, the parties shall stipulate to a protective order within 7 days of the entry of this order and file that stipulation with the Court. If the parties are unable to agree, then each party shall submit a proposed protective order.

DATED: June 11, 2024

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 24**