RICHARD A. HEARN (ISB No. 5574)
JOHN B. INGELSTROM (ISB No. 2659)
HEARN LAW, PLC
151 N. 3rd Ave., Ste. 100
P.O. Box 70
Pocatello, Idaho 83204
Telephone: (208) 904-0004
Facsimile: (208) 904-1816
E-mail: hearn@hearnlawyers.com
        jbi@hearnlawyers.com

EMILY MACMASTER (ISB No. 6449)
MacMaster Law, PLLC
3363 N. Lakeharbor Lane
Boise, Idaho 83703
Telephone: (208) 608-2235
E-mail: emily@macmasterlaw.com
        emacmaster07@gmail.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| KEEVA ROSSOW,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVE JEPPESEN, Director, Idaho Department of Health and Welfare, in his official capacity,<br><br>    Defendant. | Case No.: 1:23-cv-131-BLW<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii

I.      INTRODUCTION ........................................................................................ 1

II.     SUMMARY OF FACTS AND PROCEDURAL BACKGROUND................... 1

III.    LEGAL STANDARD................................................................................... 5

IV.     ARGUMENT ............................................................................................... 6

        A.      Definition of Proposed Rule 23(b)(2) Class for Declaratory and
                Injunctive Relief.................................................................................. 6

        B.      Plaintiff Rossow Satisfies the Four Requirements of Rule 23(a) ............. 11

                i.      Rule 23(a)(1) – Numerosity. ...................................................... 11

                ii.     Rule 23(a)(2) – Commonality. .................................................... 12

                iii.    Rule 23(a)(3) – Typicality. ......................................................... 15

                iv.     Rule 23(a)(4) – Adequacy of Representation. .............................. 17

        C.      Plaintiff Rossow Satisfies the Four Requirements of Rule 23(b)(2) ........ 18

V.      CONCLUSION............................................................................................ 20

## TABLE OF AUTHORITIES

**CASES**                                                                                         **PAGE**

United States Supreme Court Cases:

*Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982) ....................... 6

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins.*, 559 U.S. 393, 130 S. Ct. 1431,

    176 L. Ed. 2d 311 (2010) .............................................................................................. 5

*Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 131 S.Ct. 2541 (2011) ................................ *passim*

United States Circuit Court Cases:

*Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001) .......................................................... 7

*Ellis v. Costco Wholesale Corp.*, 657 F.3d 970 (9th Cir. 2011) .................................... 18

*Gonzalez v. U.S. Immigration & Customs Enf't*, 975 F.3d 788 (9th Cir. 2020) ...................... 6, 15

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998), overruled on other grounds by *Wal-*

    *Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 180 L. Ed. 2d 374....................... 15

*Harik v. Cal. Teachers Ass'n*, 326 F.3d 1042 (9th Cir. 2003) ...................................... 12

*In re Monumental Life Ins. Co.*, 365 F.3d 408 (5th Cir. 2004)...................................... 7

*Johnson v. City of Grants Pass*, 50 F.4th 787 (9th Cir. 2022), *rev'd and remanded on other*

    *grounds,* ___ U.S. ___, 144 S.Ct. 2022 (2024)....................................................... 12

*Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507 (9th Cir. 1978) ....................... 18

*Mazza v. Am. Honda Motor Co.*, Inc., 666 F.3d 581 (9th Cir. 2012), *overruled on other*

    *grounds* in *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC,*

    31 F.4th 651, 682, n. 32 (9th Cir. 2022) .................................................................. 13

*Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036 (9th Cir. 2012) .......................... 12, 15

*Parsons v. Ryan,* 754 F.3d 657 (9th Cir. 2014) ....................................................... 13, 16, 18, 19

*Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592 (6th Cir. 2007) ................................ 7

*Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993) ................................................................ 7

*Rodriguez v. Hayes*, 591 F.3d 1105 (9th Cir. 2010) ........................................................ 19

*Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996 (9th Cir. 2018)........................................ 6

*Sueoka v. United States*, 101 F. App'x 649 (9th Cir. 2004) ........................................ 12

*United Steel, Paper & Forestry, Rubber, Mfg. Energy v. ConocoPhillips Co.*,

    593 F.3d 802 (9th Cir. 2010) ...................................................................... 6

*Walters v. Reno*, 145 F.3d 1032 (9th Cir. 1998)........................................................ 19

*Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180 (9th Cir. 2001),

    amended by 273 F.3d 1266 (2001) ............................................................ 6

<u>United States District Court Cases:</u>

*Al Otro Lado, Inc. v. Wolf*, 336 F.R.D. 494 (S.D. Cal. 2020) .............................................. *passim*

*Bueche v. Fid. Nat. Mgmt. Servs., LLC,* 2014 U.S. Dist. LEXIS 77660,

    2014 WL 2468601 (E.D. Cal. June 2, 2014) .............................................. 7

*K.W. v. Armstrong,* 298 F.R.D. 479 (D. Idaho 2014) ...................................... 11, 13, 15

*People of City of Los Angeles Who are Un-Housed v. Garcetti,* 2024 U.S. LEXIS

    135844 (C.D. Cal. July 31, 2024) .............................................. 13

*Ramirez v. C*, 2023 U.S. Dist. LEXIS 52936, 2023 WL 2629874

    (C.D. Cal. January 11, 2023) .............................................. 6

*Sandoval v. Cnty. of Sonoma,* 2015 U.S. Dist. LEXIS 55571, 2015 WL 1926269

    (N.D. Cal. Apr. 27, 2015) .............................................. 7

*Webb v. Circle K Stores, Inc.,* 2022 U.S. Dist. LEXIS 200682, 2022

    WL 16649821 (D. Ariz. November 3, 2022).............................................. 7, 8

**IDAHO STATUTES**

Idaho Code § 16-1602(10) ............................................................................ 2

**RULES**

Fed. R. Civ. P. 23(a) ............................................................................ *passim*

Fed. R. Civ. P. 23(b) ............................................................................ *passim*

IDAPA 16.06.01.562 ............................................................................ 17

IDAPA 16.06.01.563.02 ............................................................................ 1

IDAPA 16.06.01.563.02.a ............................................................................ *passim*

IDAPA 16.06.01.564 ............................................................................ 3

Plaintiff KEEVA ROSSOW, by and through her undersigned counsel of record, files this memorandum in support of Plaintiff's Motion for Class Certification filed herewith.

## I.     INTRODUCTION

Plaintiff Rossow moves to certify the following class:

> All women appearing on the State of Idaho Child Protection Central Registry on or after March 30, 2021 pursuant to *IDAPA 16.06.01.563.02.a* for use of Tetrahydrocannabinol ("THC") while pregnant, and all women whom the Idaho Department of Health and Welfare will in the future "substantiate" for use of THC while pregnant and placement on the Central Registry pursuant to *IDAPA 16.06.01.563.02.a.*

To comply with the Order Amending the Scheduling Order, at Docket No. 58, Plaintiff Rossow is filing this Motion for Class Certification shortly *after* receipt from Defendant of some discovery ordered by the Memorandum Decision and Order issued on June 11, 2024, at Docket No. 52, but *prior* to any decision on Plaintiff's Motion to Amend the Verified First Amended Complaint for Declaratory and Injunctive Relief ("Motion to Amend"), at Docket No. 49.[1]

## II.     SUMMARY OF FACTS AND PROCEDURAL BACKGROUND

The Idaho Department of Health and Welfare ("IDHW") enforces *IDAPA 16.06.01.563.02.a* to place women on the State of Idaho Child Protection Central Registry ("Central Registry") for "[p]renatal use of any controlled substance as defined under Section 37-2701(e), Idaho Code, except as prescribed by a medical professional." The IDHW deems these pregnant women "to pose a medium to high risk" to *all* children and requires them to "remain on the Central Registry for a minimum of ten (10) years"—i.e., years after a pregnancy ends.[2]

---

[1] Dkt. 49. If this motion for class certification is denied, Plaintiff asks that it be denied without prejudice to refile *after* receipt of additional discovery and *after* this Court's decision on the Motion to Amend.
[2] *IDAPA 16.06.01.563.02, IDAPA 16.06.01.563.02.a.*

Once placed on the Central Registry, a woman who used THC prenatally is branded by being on the government's list of "child abusers" and individuals who engage in "neglect or abandonment" of children. For no less than ten years, the IDHW can and will disclose to certain employers and third parties that her name is on the Central Registry. The IDHW enforces *IDAPA 16.06.01.563.02.a* primarily against women. The IDHW places women who use THC while pregnant on the Central Registry even though the governing definitions statute, at Idaho Code § 16-1602(10) of the Child Protective Act, does not define a "fetus" or "embryo" to be a "child."[3]

Plaintiff Rossow brings this putative class action for declaratory and injunctive relief against the IDHW Director, in his official capacity, because *IDAPA 16.06.01.563.02.a* violates women's constitutional substantive and procedural due process rights, and equal protection rights. Dave Jeppesen is the former IDHW Director, and Alex Adams is the current IDHW Director.[4]

Reports of prenatal THC use are received by Centralized Intake and Safety Consultation staff in IDHW's Child Welfare Central Support Bureau which, at least during Director Jeppesen's tenure, was a bureau in the IDHW Division of Family and Community Services ("the FACS Division").[5] IDHW staff determines "if an incident or circumstance of abuse, neglect or abandonment occurred for the purpose of making a disposition of *substantiated* or *unsubstantiated*." Staff then notifies the woman of a "substantiated" incident.[6] The IDHW notified Plaintiff Rossow on December 20, 2021 that she was "substantiated" for prenatal use of THC.[7]

---

[3] *See* Idaho Code § 16-1602(10); Dkt. 24, p. 17 (Memorandum Decision and Order on Defendant's motion to dismiss, stating: "There is, indeed, at least a mismatch between the stated goal of protecting 'preborn children' and the use of a system designed to protect children who are already born").
[4] Declaration of Emily A. MacMaster filed herewith ("*Declaration of Counsel*"), ¶ 2 and Exhibit A (Deposition of Dave Jeppesen, taken on March 7, 2024 ["Jeppesen Depo."], p. 9:6-11); Dkts. 30 and 54.
[5] *Declaration of Counsel,* Exhibit A (Jeppesen Depo. pp. 13:17-16:5, 26:2-33:13, and Exhibits A–B).
[6] *Id.,* ¶ 3 and Exhibit B (Defendant's First Supplemental Responses to Plaintiff's First Set of Discovery Requests to Defendant [Supplemental Response to Interrogatory No. 19 (*emphasis added*)]).
[7] Dkt. 24, p. 2 (citing Dkt. 13-2, Exhibit C [*December 2021 letter*]); *see also* Dkt. 25, ¶¶ 13–15, 22–24.

Administrative reviews of initial IDHW-"substantiations" are processed by IDHW central office staff.[8] On February 10, 2022, the FACS Division Administrator sent a letter to Plaintiff Rossow upon an administrative review upholding the IDHW's initial decision, and she was placed on the Central Registry.[9] If a contested case proceeding is requested, the hearing officer issues a Preliminary Order, which is subject to a Director's review.[10] On August 22, 2022, a hearing officer issued a Preliminary Order against Plaintiff Rossow, which Director Jeppesen affirmed.[11]

Relevant procedural background in this lawsuit includes the following:

• This putative class action was filed on March 30, 2023.[12]

• On November 3, 2023, the Court issued the Memorandum Decision and Order on Defendant's motion to dismiss, granting it in part and denying it in part, with leave to amend.[13]

• Plaintiff Rossow then timely filed the Verified First Amended Complaint for Declaratory and Injunctive Relief on December 1, 2023 ("First Amended Complaint").[14]

• On April 3, 2024, Plaintiff Rossow filed a Motion to Compel discovery responses to Plaintiff's First Set of Discovery Requests to Defendant. The IDHW opposed that motion and also moved for a protective order.[15]

---

[8] *Declaration of Counsel,* Exhibit B (Defendant's Response to Interrogatory No. 19); *see also IDAPA 16.06.01.564.01-03.*

[9] *Declaration of Counsel,* Exhibit A (Jeppesen Depo., pp. 61:11-63:18 and Exhibit I thereto); *see also* Dkt. 24, pp. 2–3 (citing Dkt. 13-2, Exhibit D [*February 2022 letter*]).

[10] *Declaration of Counsel,* Exhibit B (Defendant's Response to Interrogatory No. 19); *IDAPA 16.06.01.564.04.*

[11] Dkt. 24, p. 3 (citing Dkt. 13-2, Exhibit E [*Preliminary Order*]); *Declaration of Counsel,* Exhibit A (Jeppesen Depo., pp. 16:14-18:19, 51:21-61:10, 63:19-66:9 and Exhibits G, H and J thereto). At his deposition, Director Jeppesen testified that, "The Director can't invalidate . . . state rules and needs to defer to the interpretation of the Department, where reasonable.'" He also testified that his standard practice is to sign Final Decisions and Orders that are drafted by Deputies Attorney General. *Id.* (Jeppesen Depo., pp. 55:9–57:19.)

[12] *See* Dkt. 1 (Verified Complaint for Declaratory and Injunctive Relief, filed on March 30, 2023).

[13] Dkt. 24.

[14] Dkt. 25.

[15] Dkts. 38, 40-43, 45 and 47.

• On May 8, 2024, Plaintiff Rossow filed the Motion to Amend, requesting leave to file the proposed Verified Second Amended Complaint for Declaratory and Injunctive Relief ("Second Amended Complaint"). That motion is fully briefed and awaiting this Court's decision.[16]

• On June 11, 2024, the Court issued the Memorandum Decision and Order on the parties' disputes over pre-class certification discovery, ordering Defendant to produce additional discovery within 45 days of entry of the Court's Order—i.e., by July 26, 2024, 21 days before Plaintiff Rossow's deadline to file this motion for class certification.[17]

• The Defendant has produced some but not all of the Court-ordered discovery. For example, the Court ordered Defendant to respond to Plaintiff's Request for Production No. 12 ("RFP 12")," which requested "all reports and other documents regarding inquiries received, access granted to, and/or the release of names or other information about persons listed on the Central Registry pursuant to IDAPA 160.60.01.562.02."[18] But on August 6, 2024, the Defendant produced only ▮ redacted forms and related records for six months in 2024, which document disclosures to third parties. The Defendant did not produce any records for 2021, 2022, or 2023.[19]

Also, while the Court allowed the Defendant to produce de-identified information as proposed "in [Defendant's counsel's] March 19, 2024, letter to Ms. Rossow's counsel" (at Docket No. 43-39) for "individuals on the Central Registry or the reporting parties," the Court ordered the Defendant to identify whether each reporting party was a family member, nurse, doctor, police officer or school official, or had another relationship with the person on the Central Registry, and to include information for police, fire, or other emergency services. [20] However, while the

---

[16] Dkts. 49-53.
[17] Dkts. 52 and 58.
[18] *Id.,* pp. 22-24; *see also* Dkt. 38-2, pp. 73–74.
[19] *Declaration of Counsel*, ¶¶ 11–12 and <u>Exhibit I</u> (identified by Bates Nos. IDHW_00003891-3927).
[20] Dkt. 52*,* pp. 10–12, 23-24; Dkt. 43-39, p. 1 (March 19, 2024 letter stating: "In broad terms, Defendant would be willing to produce an export of deidentified information with the fields listed below, including

Defendant provided de-identified data in a supplemental answer to Interrogatory No. 13 and in a

.pdf of an Excel spreadsheet, the Defendant did not describe the relationship of reporting parties

persons on the Central Registry or identify reporting police, fire, or emergency services agencies.[21]

## III.   LEGAL STANDARD

"A plaintiff whose lawsuit meets the requirements of Rule 23 has a 'categorical' right 'to

pursue [her] claim as a class action.'"[22] In a class action for declaratory and injunctive relief,

> Class certification is governed by Federal Rule of Civil Procedure 23. Under Rule
> 23(a), the party seeking certification must demonstrate, first, that
>
>> "(1) the class is so numerous that joinder of all members is impracticable;
>> "(2) there are questions of law or fact common to the class;
>> "(3) the claims or defenses of the representative parties are typical of the
>> claims or defenses of the class; and
>> "(4) the representative parties will fairly and adequately protect the interests
>> of the class."
>
> Second, the proposed class must satisfy at least one of the three requirements listed
> in Rule 23(b).[23]

Thus, in addition to satisfying the four requirements of *Rule 23(a),* a plaintiff must meet

the requirements of at least one of three subsections in *Rule 23(b)*. To satisfy *Rule 23(b),*

> **the plaintiffs must meet the requirements for at least one of the three
> subsections of *Rule 23(b)*.** Under *Rule 23(b)(1),* a class may be maintained if there
> is either a risk of prejudice from separate actions establishing incompatible
> standards of conduct or judgments in individual lawsuits would adversely affect the
> rights of other members of the class. **Under *Rule 23(b)(2),* a plaintiff may
> maintain a class where the defendant has acted in a manner applicable to the
> entire class, making injunctive or declaratory relief appropriate.** Finally, under

---

the "disposition statement" field, redacting identifying information such as the name, **reporting party,
name of any hospital, name of any police department, etc.**" [*emphasis added*]).

[21] *Declaration of Counsel,* ¶ 5. The Defendant now asserts either that it is too burdensome to produce the
Court-ordered discovery or that it need not be produced. However, Plaintiff Rossow's position is that she
is due the Court-ordered discovery. *See id.,* ¶¶ 5–14. Relevant correspondence between the parties is
attached as <u>Exhibits D–H</u> to the *Declaration of Counsel*.

[22] *Al Otro Lado, Inc. v. Wolf,* 336 F.R.D. 494, 499 (S.D. Cal. 2020) (citing *Shady Grove Orthopedic
Assocs., P.A. v. Allstate Ins.*, 559 U.S. 393, 398, 130 S. Ct. 1431, 176 L. Ed. 2d 311 (2010) (holding that
if terms of *Rule 23* are met, "this creates a categorical rule entitling a plaintiff whose suit meets the
specified criteria to pursue his claim as a class action").

[23] *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 345–46, 131 S.Ct. 2541, 180 L. Ed. 2d 374 (2011).

Rule 23(b)(3), a class may be maintained if "questions of law or fact common to class members predominate over any questions affecting only individual members," and if "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Fed. R. Civ. P. 23(b)(3)* (emphasis added).

**The plaintiffs bear the burden of demonstrating that *Rule 23* is satisfied.** *See Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001), amended by 273 F.3d 1266 (2001). The district court must rigorously analyze whether the plaintiffs have met the prerequisites of *Rule 23. Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) (*quoting Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)).[24]

"District courts have 'broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court;'" a review of a "grant of class certification is 'noticeably more deferen[tial]' than for a denial of certification."[25]

"The district court's class certification order, while important, is also preliminary" because "'[a]n order that grants or denies class certification may be altered or amended before final judgment.'"[26]

## IV.    ARGUMENT

### A.    Definition of Proposed *Rule 23(b)(2)* Class for Declaratory and Injunctive Relief.

As discussed below in this brief, Plaintiff Rossow satisfies the four requirements of *Rule 23(a)*. She also satisfies *Rule 23(b)(2)* because the Defendant has acted in a manner applicable to the entire proposed class, making injunctive or declaratory relief appropriate.

Plaintiff Rossow moves to certify a class of: **All women appearing on the State of Idaho Child Protection Central Registry on or after March 30, 2021 pursuant to *IDAPA 16.06.01.563.02.a* for use of Tetrahydrocannabinol ("THC") while pregnant, and all women**

---

[24] *Ramirez v. C*, 2023 U.S. Dist. LEXIS 52936, **9-10, 2023 WL 2629874 (C.D. Cal. January 11, 2023) (*emphasis added*).

[25] *Gonzalez v. U.S. Immigration & Customs Enf't*, 975 F.3d 788, 807 (9th Cir. 2020) (quoting *United Steel, Paper & Forestry, Rubber, Mfg. Energy v. ConocoPhillips Co.*, 593 F.3d 802, 810 (9th Cir. 2010)).

[26] *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1004 (9th Cir. 2018) (*quoting Fed. R. Civ. P. 23(c)(1)(C)*).

whom the Idaho Department of Health and Welfare will in the future "substantiate" for use of THC while pregnant and placement on the Central Registry pursuant to *IDAPA 16.06.01.563.02.a.*

In the Ninth Circuit, "[t]here is no rule that the definition of a certified class must exactly match the definition contained in a complaint."[27] A district court is not bound by the definition of a class alleged in a plaintiff's complaint "such that if a class cannot be certified using that definition, the class claim is doomed to fail."[28] Instead,

> **"There is no rule that the definition of a certified class must exactly match the definition contained in a complaint." Provided a complaint gives adequate notice of the claim being asserted, the definition contained in the complaint does not dictate the exact class that can be certified, nor does it prevent modifications of the class definition after certification.** *See Bueche v. Fid. Nat. Mgmt. Servs., LLC*, 2014 U.S. Dist. LEXIS 77660, 2014 WL 2468601, at \*3 (E.D. Cal. June 2, 2014) (rejecting motion premised on assumption that plaintiff is limited to class definition in complaint). **The Ninth Circuit has recognized that "where appropriate, the district court may redefine the class."** *Armstrong v. Davis*, **275 F.3d 849, 872 n.28 (9th Cir. 2001). And that case contains no mention of a need to amend the complaint whenever the class definition is changed.** The Second Circuit has been even clearer that "[a] court is not bound by the class definition proposed in the complaint." *Robidoux v. Celani*, 987 F.2d 931, 937 (2d Cir. 1993). *See also Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007) (holding "district courts have broad discretion to modify class definitions"); *In re Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004) (holding "[d]istrict courts are permitted to limit or modify class definitions").[29]

So long as a defendant has notice of class claims, the class definition may be broadened or narrowed at the class certification stage without filing an amended complaint.[30]

The class proposed by this motion includes women listed on the Central Registry for prenatal THC use as of March 30, 2021 (i.e., the beginning of the statute of limitations period for

---

[27] *Webb v. Circle K Stores, Inc.,* 2022 U.S. Dist. LEXIS 200682, \*5, 2022 WL 16649821 (D. Ariz. November 3, 2022) (citing *Sandoval v. Cnty. of Sonoma,* 2015 U.S. Dist. LEXIS 55571, 2015 WL 1926269, \*2 (N.D. Cal. Apr. 27, 2015).
[28] *Id.,* 2022 U.S. Dist. LEXIS 200682, at \*4, 2022 WL 16649821.
[29] *Id.,* 2022 U.S. Dist. LEXIS 200682, at \*5, 2022 WL 16649821.
[30] *See id.*

this action) as described in the proposed Second Amended Complaint, as well as women who use THC prenatally on or after March 30, 2021 or in the future as described in the proposed Second Amended Complaint and the First Amended Complaint, [31] except as follows. The proposed class is narrowed as to not include *all* women who may in the future consider using THC while pregnant. Rather, women who use THC while pregnant in the future are included in the class only if the IDHW's enforcement of *IDAPA 16.06.01.563.02.a* will list them on the Central Registry for "substantiated" use of THC during pregnancy.

The Court has broad discretion to define the class proposed in this motion, regardless of whether the Court grants the Motion to Amend, with leave to file the proposed Second Amended Complaint.[32] Alternatively, Plaintiff Rossow asks the Court to grant that pending motion.

Two months ago, the Court cited the First Amended Complaint to define the scope of pre-class certification discovery, reasoning that Plaintiff Rossow had "filed a claim on behalf of 'women who are currently using THC while pregnant in the State of Idaho or who will consider doing so while pregnant in the future'" and that "[t]he putative class Ms. Rossow seeks to represent is those who are using or may use THC while pregnant, not those who are currently listed on the Central Registry." [33] However, when Plaintiff Rossow filed the First Amended Complaint on December 1, 2023, the Defendant had not yet *any* disclosed data about women listed on the Central Registry pursuant to *IDAPA 16.06.01.563.02.a*. Even when Plaintiff Rossow later filed the Motion to Amend, she still did not have the recent data produced about Central Registry listings.[34]

But those circumstances have now changed. Data recently produced by the Defendant on and after July 26, 2024 readily supports the proposed class definition. In the "First Supplemental

---

[31] *See* Dkt. 49-2, <u>Exhibit B</u> (comparing Second Amended Complaint and First Amended Complaint).
[32] *See Webb,* 2022 U.S. Dist. LEXIS 200682, at **5–6, 2022 WL 16649821.
[33] Dkt. 52, p 7.
[34] Dkt. 49.

Response to Interrogatory No. 13 (7/26/2024)", the IDHW identified a list of "the number of individuals listed on the Child Protection Central Registry, as of March 30, 2021, 2022, 2023 and 2024, *and* who were "substantiated" for an incident of abuse, neglect, or abandonment, for Level Two, 'Prenatal use of any controlled substance as defined under Section 37-2701(e), Idaho Code, except as prescribed by a medical professional.' IDAPA 16.06.01.563.02a." [35]

This list shows that as of March 30, 2021, there were 1,955 such persons on the Central Registry; as of March 30, 2022, there were 2,295 such persons on the Central Registry; as of March 30, 2023, there were 2,550 such persons on the Central Registry; and as of March 30, 2024, there were 2,843 such persons on the Central Registry.[36] This list documents an increase of **888 persons** appearing on the Central Registry between March 30, 2021 and March 30, 2024 for any violation of IDAPA 16.06.01.563.02a—an increase of more than 45% over this three-year period.

Also, in supplemental discovery, the Defendant produced a spreadsheet of persons "substantiated" and added to the Central Registry from 2021 through 2024 for prenatal THC use. This spreadsheet, in which names are redacted and persons are instead identified by numbers, contains information in columns A through Z for ▮▮▮ persons listed.[37] Each of the ▮▮▮ persons identified as listed on the Central Registry for THC use during pregnancy has a "Disposition" that was "Substantiated" entered under Column B of the spreadsheet. Of the ▮▮▮ persons identified, ▮▮▮ of them are identified in Column A as "Female" while only ▮ of them are identified as "Male" (persons ▮▮▮▮▮▮). Plaintiff Rossow appears in the spreadsheet as person "1106."[38]

---

[35] *Declaration of Counsel*, Exhibit B, pp. 30–31 (First Supplemental Response to Interrogatory No. 13 (7/26/2024)).
[36] *Id*.
[37] Defendant produced the spreadsheet on July 26, 2024, but then produced it again on August 1, 2024 with corrections to remove a few redactions. The spreadsheet filed herewith is the corrected version produced on August 1, 2024. *See Declaration of Counsel,* ¶ 4 and Exhibit C.
[38] *Declaration of Counsel,* Exhibits C and H (letter from Defendant's counsel Brian Church to Plaintiff' counsel, dated August 6, 2024, labeling columns in spreadsheet, at pp. 4–5).

The spreadsheet further shows that, of the ██ persons listed,

- for most females, placement on the Central Registry for prenatal use of marijuana or THC as shown by the "Disposition Statement" in Column J was based upon ████████ ████████████████ as shown by the "Basis to Substantiate" in Column C,

- ██ of these ██ persons listed, including Plaintiff Rossow, appealed to seek an administrative review of the IDHW's decisions to place them on the Central Registry with a Level Two designation, as shown by the "Appeal Request Date" in Column U. The Appeal Decision and the Appeal Decision Date on these administrative reviews are found in Columns V and W, respectively, the "Appeal Decision" and the "Appeal Decision Date."[39]

- the Appeal Decision in Column V for the persons who received an administrative review was "Denied" for ██ persons and "Modified" for only ██ persons (persons ████████),

- seven of these persons then filed contested cases (persons ████████████ ████████████), as shown by the "Hearing Request Date" in Column X, while ██ of them—including Plaintiff Rossow—pursued their contested cases through a hearing and decision, as shown by the "Hearing Request Decision" in Column Y and the "Hearing Decision Date" in Column Z (persons ████████████████), and

- ██ of the ██ contested cases that went to a hearing were denied; the Hearing Decision (Y) and Date (Z) for these ██ persons were ████████████████████████, ████, 1106 (Plaintiff Rossow—Denied, 12/9/2022), ████████████████.

This recent supplemental discovery reveals stealth enforcement of a government system against thousands of pregnant women. The discovery substantiates a class size in excess of ██ women, including the ██ women "substantiated" in 2021, 2022, 2023, and 2024 for THC use

---

[39] *Id.,* Exhibit C (spreadsheet pages Bates-stamped IDHW_00003882–3890) and Exhibit H, at pp. 4–5.

while pregnant, women appearing on the Central Registry as of March 30, 2021 for prior THC use while pregnant, and women whom the Defendant will list on the Central Registry in the future for prenatal THC use if not enjoined.[40]

The data confirms the importance of certifying a class in this civil rights action. The IDHW increasingly adds women each year to a growing list of "substantiated" child abusers. The system disproportionately impacts women. ██ of the ██ persons listed in the IDHW spreadsheet of "substantiated" prenatal use of THC are women. Less than █% of women added to the Central Registry from 2021-2024 (██ of ██ women) found their way to request an administrative review, less than █% of them (██ of ██ women) found any sort of "modified" relief from an administrative review, less than █% (██ of ██ women) found their way to file a contested case proceeding, and the IDHW granted the appeal of ████████ (person ██).

The "parameters of class membership are sufficiently definite,"[41] and the class definition will not prejudice Defendant, who has not served written discovery or noticed any depositions.[42]

**B.    Plaintiff Rossow Satisfies the Four Requirements of *Rule 23(a)*.**

    **i.    *Rule 23(a)(1) – Numerosity.***

Because Plaintiff Rossow is seeking only declaratory and injunctive relief, she is entitled to "rely upon reasonable inferences arising from plaintiffs' other evidence that the number of unknown and future members" of a proposed class is sufficient to make joinder impracticable.

> *Rule 23(a)* requires that the class be "so numerous that joinder of all members is impracticable." *Fed. R. Civ. P. 23(a)(1).* When a class action seeks only equitable relief, as here, "the numerosity requirement is relaxed and plaintiffs may rely on the reasonable inference arising from plaintiffs' other evidence that the number of unknown and future members" of a proposed class is sufficient to make joinder impracticable. *Sueoka v. United States*, 101 F. App'x 649, 653 (9th Cir. 2004).[43]

---

[40] *Declaration of Counsel,* Exhibits B-C.
[41] *K.W. v. Armstrong,* 298 F.R.D. 479, 486 (D. Idaho 2014).
[42] *Declaration of Counsel,* ¶ 13.
[43] *Al Otro Lado, Inc. v. Wolf*, 336 F.R.D. at 501.

In the Ninth Circuit, "proposed classes of less than fifteen are too small while classes of more than sixty are sufficiently large."[44] The putative class size in this action is far larger than 60 members.[45] Recent supplemental discovery produced by the IDHW indicates a putative class of more than a ███████ women—most likely, ██████women or more. This Court can—and should—reasonably infer for purposes of class certification that this number of women is sufficient to make joinder impracticable, thereby satisfying the numerosity requirement in *Rule 23(a)(1).*

### ii. Rule 23(a)(2) – Commonality.

Plaintiff Rossow also meets the commonality requirement of *Rule 23(a)(2).* Each member of the purported class shares common claims that Defendant's "demonstrated intent to enforce *IDAPA 16.06.01.563.02.a* regulating THC use against women in Idaho" who use THC while pregnant violates or will violate their constitutional rights.

> The commonality requirement requires that there be "questions of law or fact common to the class." *Fed. R. Civ. P. 23(a)(2).* **"What matters to class certification . . . is not the raising of common questions—even in droves—but rather, the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation."** *Dukes*, 564 U.S. at 350 (*quotations omitted*). "All questions of fact and law need not be common to satisfy the [commonality requirement]. The existence of shared legal issues with divergent factual predicates is sufficient." *Meyer v. Portfolio Recovery Assocs.*, 707 F.3d 1036, 1041 (9th Cir. 2012) (*quotations omitted*). "The common contention 'must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Id.* at 1041-42 (*quoting Dukes*, 564 U.S. at 350).[46]

---

[44] *Johnson v. City of Grants Pass*, 50 F.4th 787, 803 (9th Cir. 2022), (citing *Harik v. Cal. Teachers Ass'n*, 326 F.3d 1042, 1051-52 (9th Cir. 2003), *rev'd and remanded on other grounds*, ___ U.S. ___, 144 S.Ct. 2022, 219 L.Ed.2d 941 (2024).
[45] *See Declaration of Counsel*, <u>Exhibits B-C</u>.
[46] *Al Otro Lado, Inc.*, 336 F.R.D. at 502 (*emphasis added*).

A class action satisfies commonality when it has ""the capacity . . . to generate common answers' to common questions of law or fact that are 'apt to drive the resolution of the litigation. ""[47]

Plaintiff Rossow and proposed class members share common contentions that are capable of classwide resolution. The fact that Plaintiff Rossow is found on a list of ███ women added to the Central Registry who were "substantiated" by IDHW between 2021 and 2024 as violating *IDAPA 16.06.01.563.02.a* supports the finding of commonality here.

Additionally, "policies and practices are the 'glue' that holds together the putative class,"

> **"[P]olicies and practices are the "glue" that holds together the putative class and the putative subclass; either each of the policies and practices is unlawful as to every [class member] or it is not."** *Parsons v. Ryan*, 754 F.3d 657, 658 (9th Cir. 2014).

> Contrary to Defendants' contentions, whether Defendants have a policy and practice of enforcing the challenged ordinances in an unconstitutional manner is a question that can "generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores*, 564 U.S. at 350.[48]

This case involves common questions of fact about IDHW policies and practices, such as some or all of the following:

1) What facts the IDHW relies upon to treat embryos and fetuses as "children" in enforcing *IDAPA 16.06.01.563.02.a* against class members under the Child Protective Act;

2) The extent to which the IDHW's listing of class members on the Central Registry burdens their access to employment, licenses and other rights or statuses recognized by law;

3) Whether the IDHW considers and treats pregnant women as "mothers," but not men as "fathers," during the prenatal period, to list class members on the Central Registry;

---

[47] *K.W. v. Armstrong,* 298 F.R.D. at 486 (citing *Mazza v. Am. Honda Motor Co.*, Inc., 666 F.3d 581, 588 (9th Cir. 2012), overruled on other grounds in *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 682, n. 32 (9th Cir. 2022) (quoting *Wal-Mart*, 131 S. Ct. at 2551).
[48] *People of City of Los Angeles Who are Un-Housed v. Garcetti,* 2024 U.S. LEXIS 135844, *13 (C.D. Cal. July 31, 2024) (*emphasis added*).

4)       Whether the IDHW acts with a discriminatory intent or purpose to treat women differently than men—e.g., in disproportionately "substantiating" ███ class members for prenatal THC use from 2021–2024 and listing them on the Central Registry;

5)       What are the IHDW's processes and procedures for receiving and "substantiating" reports of prenatal use of THC by members of the class, for listing members of the class on the Central Registry, and for administrative reviews, contested case proceedings, and agency reviews of IDHW-"substantiated" prenatal THC use by members of the class;

6)       What are the IHDW's processes and procedures for disclosing information from the Central Registry about members of the class; and

7)       How does the IHDW implement processes and procedures to remove members of the class from the Central Registry after ten years.

Common questions of law pertain to whether the IDHW's current and future threatened enforcement of *IDAPA 16.06.01.563.02.a* violates the constitutional substantive due process rights, the equal protection rights, and the procedural due process rights of class members. For example, one common question of law is whether the IDHW's decision to place class members on the Central Registry for prenatal conduct towards an embryo or fetus fails to satisfy at least rational basis review, as required for substantive due process.[49] Another common question of law is whether redefining embryos and fetuses to be "children" so as to treat pregnancy as the first months of "motherhood" but not "fatherhood" violates the equal protection rights of class members.

There is a well-defined community of interest that supports finding commonality.

---

[49] Dkt. 24, pp. 16–18 (Memorandum Decision and Order on motion to dismiss). Plaintiff Rossow respectfully reserves all rights to appeal the standard of review ruling as to Count I.

### iii.    Rule 23(a)(3) – Typicality.

"Representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."[50]

Plaintiff Rossow and all purported class members have a similar, if not the same, injury, *i.e.*, an actual or threatened listing on the Central Registry and, once added to the Central Registry, a continuing threat for no less than ten years of being disclosed as on a list of people who abuse children, based upon an allegation that they used THC while pregnant. As the IDHW's December 20, 2021 letter "substantiating" Plaintiff Rossow for prenatal THC use states,

> Individuals who may be subject to a background check conducted by the Department of Health and Welfare for purposes of employment or other non-employment reasons may be impacted by their name being placed on the registry. For example, individuals may be denied a license to provide child care or foster care and may be denied employment in a group care facility or institution which provides care for children or vulnerable adults.[51]

Also, because Plaintiff Rossow's appeal was unsuccessful, she—like all women in the putative class—is listed on the Central Registry pursuant to *IDAPA 16.06.01.563.02.a.* Her claims are typical of all purported class members, regardless of whether they filed administrative appeals.

The inquiry of typicality "focuses on the *nature of the claim* . . . of the class representative, and not . . . the specific facts from which it arose."[52]  Therefore,

> In general, the claims of the representative plaintiffs "need not be substantially identical" to those of all absent class members and need only be "reasonably co-extensive" to qualify as typical. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998), overruled on other grounds by *Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 180 L. Ed. 2d 374. "The test of typicality is 'whether other members [of the class] have the same or similar injury, whether the action is based on conduct which is not unique to the name" plaintiffs, and whether other class members have been

---

[50] *K.W. v. Armstrong,* 298 F.R.D. at 487 (citing *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1041–42 (9th Cir. 2012).

[51] Dkt. 24, p. 2 (citing Dkt. 13-2, <u>Exhibit C</u> [*December 2021 letter,* p. 15]).

[52] *Gonzalez v. U.S. Immigration & Customes Enf't,* 975 F.3d at 809 (citation omitted).

injured by the same course of conduct.'" *Parsons*, 754 F.3d at 685 (*citation omitted*).[53]

The class proposed by Plaintiff Rossow meets the test of typicality in the Ninth Circuit because: (1) all purported class members have the same or similar injury as Plaintiff Rossow in being listed on the Central Registry for prenatal THC use, or being threatened by IDHW's demonstrated enforcement of *IDAPA 16.06.01.563.02.a* of being listed on the Central Registry for prenatal THC use; (2) the conduct of alleged use of THC while pregnant is not unique to Plaintiff Rossow but, rather applies to all women in the putative class; and (3) all purported class members including Plaintiff Rossow are injured by a similar or same continuing threat under *IDAPA 16.06.01.563.02.a*, for at least ten years after THC use during pregnancy, that the IDHW will disclose that they are listed on the Central Registry.

Plaintiff Rossow asked for discovery of documents showing the extent to which IDHW discloses Central Registry listings, and the Court ordered the Defendant to respond to RFP 12 within 45 days of the Memorandum Decision and Order—i.e., by July 26, 2024.[54] However, it was not until August 6, 2024 when Defendant produced any documents in response to RFP 12 and, even then, produced only █ redacted disclosure forms and related records from 2024.[55]

But even these redacted documents demonstrate class-typical injuries. The █ requests are from child care, law enforcement, human services and licensing agencies, indicating clearances requested for employment, professional licensing or other governmental purposes. The records demonstrate an injury shared by putative class members—i.e., that the IDHW can and will reveal they are on a government list of "child abusers." The discovery also indicates that class members are discouraged from seeking employment when an IHDW background check will be required.

---

[53] *Al Otro Lado, Inc.*, 336 F.R.D. at 503-04.
[54] Dkt. 52, pp. 22–24.
[55] *Declaration of Counsel,* ¶¶ 6–12 and Exhibits D–I.)

Also, the IDHW has now only recently explained that it considers discovery of "name-based" checks under *IDAPA 16.06.01.562.02* to exclude discovery of other IDHW background checks. The failure to offer this explanation earlier has caused confusion that is exacerbated by the Defendant's use of the word "background checks" in its briefing on the discovery motions.[56] Apparently, under this new explanation, class members are also subject to background checks of the Central Registry under other IDAPA rules. If Defendant had timely responded to RFP 12 when it was propounded in December 2023, the IDHW would have avoided this confusion and Plaintiff Rossow could have responded accordingly. To the extent of any prejudice from this delay, all inferences from the limited discovery produced should be construed in favor of Plaintiff Rossow.

Regardless of RFP 12, however, typicality is established. As discussed above, Plaintiff Rossow shares the same or similar injuries with the putative class in the face of enforcement of *IDAPA16.06.01.563.02.a* against pregnant women who use THC.

### iv. *Rule 23(a)(4) – Adequacy of Representation.*

Plaintiff Rossow will adequately and fairly protect the interests of all in the purported class as required by *Rule 23(a)(4).*

> For the class representatives to adequately and fairly protect the interests of the class, two criteria must be satisfied. "First, the named representatives must appear able to prosecute the action vigorously through qualified counsel, and second, the representatives must not have antagonistic or conflicting interests with the unnamed members of the class." *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).[57]

---

[56] *See* Dkt. 41-1, p. 3 (stating, "For example, Plaintiff seeks to compel the release of **all background check requests** in Request for Production No. 12. But this information, which reveals the names of persons and **would also require revealing the background check results**, would again release personally identifiable information of unrepresented persons not before the Court." [*emphasis added*]); *Declaration of Counsel,* ¶ 6 and Exhibit D (letter from Brian Church to Plaintiff's Counsel, dated July 18, 2024, p. 2 [acknowledging "imprecise wording" in Defendant's brief]).

[57] *Al Otro Lado, Inc.*, 336 F.R.D. at 505.

Plaintiff Rossow's interests in pursuing to enjoin the Defendant from continuing to enforce *IDAPA 16.06.01.563.02.a* against women using THC while pregnant are identical to all other purported class members. Plaintiff Rossow, as the proposed named representative, is represented by Idaho counsel experienced in civil rights actions and class action suits seeking prospective relief, and who have demonstrated their work to identify and investigate claims in this action. There are no antagonistic or conflicting interests to contradict the conclusion that Plaintiff Rossow will fairly and adequately protect the interests of the class. So too, if the Court grants the Motion to Amend, Serah Thompson, as a second named plaintiff, will adequately and fairly protect the interests of the purported class.[58] For these reasons, *Rule 23(a)(4)* is satisfied.

**C.    Plaintiff Rossow Satisfies the Requirements of *Rule 23(b)(2)*.**

The primary role of *Rule 23(b)(2)* "has always been the certification of civil rights actions."[59] A class should be certified under *Rule 23(b)(2)* when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

> If a proposed class satisfies *Rule 23(a)'s* requirements, then the proposed class must also qualify as one of the types of class actions *Rule 23(b)* identifies. *Fed. R. Civ. P. 23(b)*; *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979-80 (9th Cir. 2011). Plaintiffs seek certification of the class and subclass pursuant to *Rule 23(b)(2)*. (Mem. of P. & A. at 6.)
>
> *Rule 23(b)(2)* permits class certification when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *Fed. R. Civ. P. 23(b)(2)*. The Ninth Circuit has held that "'it is sufficient' to meet the requirements of *Rule 23(b)(2)* [when] 'class members complain of a pattern or practice that is generally applicable to the class as a whole.'" *Rodriguez*, 591 F.3d at 1125 (*quoting Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998)). "The rule does not require [the Court] to examine the viability or bases of class members' claims for declaratory and injunctive relief, but only to look at whether class members seek uniform relief from a practice

---

[58] *See* Dkts. 49 and 49-2, <u>Exhibits A–B</u>.
[59] *Parsons v. Ryan*, 754 F.3d 657, 686 (9th Cir. 2014).

applicable to all of them." *Id.* at 1125; *see also Dukes*, 564 U.S. at 360 ("The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.") (*internal quotation marks omitted*).[60]

Thus, *Rule 23(b)(2)* only requires a court to determine whether class members seek uniform relief from a practice applicable to all of them. Additionally, *Rule 23(b)(2)'s* requirements,

> **are unquestionably satisfied when members of a putative class seek uniform injunctive or declaratory relief from policies or practices that are generally applicable to the class as a whole.** *See Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010). That inquiry does not require an examination of the viability or bases of the class members' claims for relief, does not require that the issues common to the class satisfy a Rule 23(b)(3)-like predominance test, and does not require a finding that all members of the class have suffered identical injuries. *See id.; Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998). Rather, as the text of the rule makes clear, this inquiry asks only whether "the party opposing the class has acted or refused to act on grounds that apply generally to the class." *Rule 23(b)(2).*[61]

As a consequence of the IDHW's statewide enforcement of *IDAPA 16.06.01.563.02.a* against pregnant women who use THC, members of the putative class are in continuing danger of future violations of their constitutional rights. The substantial number of women already placed on the Central Registry from 2021 to present attests to the Defendant's demonstrated intent to enforce *IDAPA 16.06.01.563.02.a* against women who use THC while pregnant in Idaho.

The relief Plaintiff Rossow seeks to prevent future violations of the constitutional rights of all putative class members is the same:

A. Issue a declaratory judgment that *IDAPA 16.06.01.563.02.a* violates the rights of Plaintiffs guaranteed by the *Fourteenth Amendment to the U.S Constitution* and/or the *Idaho Constitution*; and

B. Issue preliminary and permanent injunctive relief, without bond, restraining the enforcement, operation and execution of *IDAPA 16.06.01.563.02.a* by enjoining Defendant, his agents, employees, appointees or successors from

---

[60] *Al Otro Lado, Inc.*, 336 F.R.D. at 506.
[61] *Parsons,* 754 F.3d at 688.

enforcing, threatening to enforce or otherwise applying the provisions of *IDAPA 16.06.01.563.02.a*[62]

Because of the "indivisible nature of the injunctive or declaratory relief" sought by Plaintiff Rossow on behalf of the proposed class of women, Defendant's alleged unconstitutional systematic policies and practices are such that they can be enjoined or declared unlawful only as to all of the class members or as to none of them. For this reason, a *Rule 23(b)(2)* class is appropriate in this case.

## V. CONCLUSION

For the foregoing reasons, Plaintiff Rossow respectfully asks the Court to grant this motion and certify a *Rule 23(b)(2)* class as proposed in this motion.

Respectfully Submitted this 13th day of August 2024.

MACMASTER LAW, PLLC

/s/ Emily A. MacMaster
Emily A. MacMaster
Attorneys for Plaintiff

HEARN LAW, PLC
Rick Hearn
John Ingelstrom
Attorneys for Plaintiff

---

[62] *See* Dkt. 25 (First Amended Complaint, Prayer for Relief at p. 28); *see also* Dkt. 49-2, <u>Exhibit A</u> (proposed Second Amended Complaint, Prayer for Relief at p. 29).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of August 2024, I caused a true and correct copy of the foregoing document to be served by the method indicated below upon:

Brian Church (ISB No. 9391)
IDAHO OFFICE OF ATTORNEY GENERAL
P.O. Box 83720
Boise, Idaho 83720-0010
Facsimile: (208) 854-8073
brian.church@ag.idaho.gov

*Attorneys for Defendant*

☒ CM/ECF system

☐ E-Mail

☐ U.S. Mail, Postage Prepaid

☐ Hand Delivery

☐ Certified Mail, Return Receipt Requested

☐ Overnight Mail

By:    /s/ Emily A. Mac Master
        Emily A. MacMaster