RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

BRIAN V. CHURCH, ISB #9391
Lead Deputy Attorney General
SEAN M. CORKERY, ISB #12350
Assistant Solicitor General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
brian.church@ag.idaho.gov
jack.corkery@ag.idaho.gov

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEEVA ROSSOW, | Case No. 1:23-cv-00131-BLW |
| Plaintiff, | |
| v. | **OPPOSITION TO MOTION FOR CLASS CERTIFICATION [DKT. 60]** |
| DAVE JEPPESEN,[1] Director, Idaho Health and Welfare, in his official capacity, | |
| Defendant. | |

---

[1] Director Alex J. Adams has now substituted for former Director Dave Jeppesen and former Interim Director Dean Cameron. Dkt. 54.

**INTRODUCTION**

At the heart of this case are children who, at their birth, test positive for illegal controlled substances. Children born with cocaine or fentanyl or marijuana in their system because they were exposed, prenatally, to these substances. The State of Idaho recognizes this as a form of child abuse or child neglect.

As a form of child abuse or child neglect, substantiated incidents of prenatal exposure to illegal controlled substances are tracked by the State. The State tracks these substantiated incidents through a registry known as the Child Protection Central Registry. This Registry, unlike the sex offender registry, is not a publicly accessible database, but a confidential listing of those persons for whom the State substantiated an incident child abuse or child neglect. Federal and state laws and regulations require Idaho's Registry, and similar registries in other states, be checked in certain circumstances. *E.g.*, 42 U.S.C. § 671(a)(20)(B) (requiring as part of state plan that each state check child abuse registries for any prospective foster or adoptive parent). Names are only released from Idaho's Registry, unless applicable law dictates otherwise, upon "the written consent of the individual" and "[n]o information is released regarding the severity or type of child abuse, neglect, or abandonment." IDAPA 16.06.01.562.01. Recognizing the severity of the risk posed to children by persons who expose children prenatally to controlled substances, the State considers these persons a "medium to high risk to children" such that the State will keep a record of these persons for at least 10 years, at which time the person may petition for his or her name to be removed from this private Registry.

In this case, Plaintiff Rossow's daughter was born with THC in her system, and Rossow admits to using THC while pregnant. The State thus substantiated an incident of child neglect

by Rossow for her prenatal exposure to her daughter of controlled substances without a doctor's prescription. After Rossow proceeded through an administrative appeals process, which affirmed the State's substantiation of Rossow's child neglect, Rossow brought this putative class action in federal court.

At issue now is Rossow's motion for class certification. In the operative complaint, Rossow told the Court and the Director that she was bringing this putative class action on behalf of "women who are either currently using THC while pregnant in the State of Idaho or who will consider doing so while pregnant in the future." Dkt. 25 ¶ 85. And yet her motion for class certification, Dkt. 60, does not seek to certify this class or anything like it. Federal courts throughout the Ninth Circuit do not allow plaintiffs to seek certification of entirely different classes than those proposed in the complaint. This alone counsels in favor of the Court denying Rossow's motion for class certification. But other issues, such as the fact that different administrative appeals processes now apply for substantiations, show that Rossow's proposed class fails to satisfy the requirements of Rule 23(a) and Rule 23(b)(2). For the reasons set forth below, Rossow's motion for class certification, Dkt. 60, should be denied.

## BACKGROUND

### I.  Regulatory background.

The Idaho Department of Health and Welfare has generally been tasked to address reported child abuse, neglect, and abandonment within the State of Idaho. *See, e.g.*, Idaho Code §§ 16-1601, 16-1629, 56-204A. The Department's Child Protective Services are further outlined in administrative rulemaking at IDAPA 16.06.01.550–.571. Following a report of suspected abuse, neglect, or abandonment, the Department conducts a child protection safety

and comprehensive assessment (also referred to as a comprehensive safety assessment). After the comprehensive safety assessment, the Department determines whether the report is substantiated, IDAPA 16.06.01.560.01 (providing criteria for substantiation), or unsubstantiated, IDAPA 16.06.01.560.02. A substantiated report of abuse, neglect, or abandonment, ultimately leads to the person's name being included on the Idaho Child Protection Central Registry. IDAPA 16.06.01.563. The Department is required to maintain this Registry. Idaho Code § 16-1629(3).

Although some form of the Registry existed before the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. 109-248, 120 Stat. 587, states established central registries under that Act to track information about persons with substantiated reports of abuse, neglect, or abandonment against a child. "The primary purpose of the Child Protection Central Registry is to aid the Department in protecting children and vulnerable adults from individuals who have previously abused, neglected, or abandoned children." IDAPA 16.06.01.561.

The Registry is not a public database. Names "are confidential and may only be released with the written consent of the individual on whom a criminal history and background check is being conducted, unless otherwise required by federal or state law." IDAPA 16.06.01.562.01. When a check is conducted, "[n]o information is released regarding the severity or type of child abuse, neglect, or abandonment." *Id.*

One basis for substantiating an incident of child abuse or neglect is "Prenatal use of any controlled substance as defined under Section 37-2701(e), Idaho Code, except as

prescribed by a medical professional." IDAPA 16.06.01.563.02.a.[2] The Department considers such an incident "to pose a medium to high risk to children" and so will list a person on the Registry for at least 10 years. IDAPA 16.06.01.563.02; *see also* IDAPA 16.06.01.566 (setting forth the process for petitions to remove a person's name from the Registry).

Under the system Rossow was substantiated under, a person who was notified of the Department's substantiation of an incident of child abuse, neglect, or abandonment, was permitted to seek administrative review. IDAPA 16.06.01.564.01–04 (2022 ed.). If the person sought administrative review, his or her name would be added to the Registry if the administrative review confirmed the substantiation, regardless whether the person also sought a contested case appeal. IDAPA 16.06.01.564.05 (2022 ed.). As will be discussed below, this system changed earlier this year. *See also* Blackwood Decl. ¶¶ 2–3, Exs. A, B.

## II. Factual background.

Following the birth of her daughter, Plaintiff Keeva Rossow tested positive for THC. Dkt. 13-2 at 6. Subsequently, the umbilical cord blood tested positive for THC. *Id.* A report of potential abuse, neglect, or abandonment was made to the Idaho Department of Health and Welfare. *Id.* at 6, 9. Following a comprehensive safety assessment, in which the Department of Health and Welfare informed Rossow of the concern and in which Rossow gave statements to the Department, the Department substantiated an incident of neglect involving prenatal exposure to controlled substances without a doctor's prescription, which resulted in Rossow's placement on the Registry under IDAPA 16.06.01.563.02.a. *Id.* at 9–16. After state

---

[2] This rule was originally adopted as a temporary and proposed rule in 2007. *See* IDAPA 16.06.01.563.02.a (2007 ed.). After it was approved by the Legislature, the rule has remained in effect.

administrative processes upheld the substantiation, Rossow did not seek state court review. *Id.* at 17–27. Rossow filed this putative class action.

## III. Procedural background.

Rossow filed her complaint on March 30, 2023. Dkt. 1. The Court subsequently issued a scheduling order setting the amendment deadline for September 4, 2023, and the class-certification motion deadline for April 3, 2024. Dkt. 21.[3] After the Court ruled on the Director's motion to dismiss, Dkt. 24, Rossow filed an amended complaint on December 1, 2023, Dkt. 25.

In that amended complaint, which is the operative one, Rossow asserts that enforcement of IDAPA 16.06.01.563.02.a: (1) violates a person's substantive due process right to bodily autonomy and privacy, and violates a person's liberty interest on procedural due process grounds, Dkt. 25 ¶¶ 98–99; and (2) violates the right to equal protection "by threatening action…against pregnant women as 'mothers' but not against men as 'fathers,'" Dkt. 25 ¶ 115.[4]

Months after the scheduling order deadline, Rossow sought leave to modify the scheduling order and file a second amended complaint. Dkt. 49. The Director opposed that motion, Dkt. 50, and the Court has yet to rule on it.

Now, Rossow has filed her class-certification motion. Dkt. 60. She seeks to certify a class of

---

[3] The Court modified the scheduling order twice, ultimately permitting Rossow to file her class-certification motion by August 16, 2024. Dkts. 37, 58.

[4] The Court previously dismissed Rossow's overbreadth and vagueness claim without leave to amend. Dkt. 24 at 25. The Court also dismissed Rossow's count IV, which had state-law claims. Dkt. 68.

> All women appearing on the State of Idaho Child Protection Central Registry on or after March 30, 2021 pursuant to IDAPA 16.06.01.563.02.a for use of Tetrahydrocannabinol ("THC") while pregnant, and all women whom the Idaho Department of Health and Welfare will in the future "substantiate" for use of THC while pregnant and placement on the Central Registry pursuant to IDAPA 16.06.01.563.02.a.

Dkt. 60 at 1-2 (emphasis removed). The Director opposes this motion.

## LEGAL STANDARD

A plaintiff seeking class certification must satisfy the four requirements of Rule 23(a): "numerosity, commonality, typicality, and adequate representation". *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). Additionally, "the proposed class must satisfy at least one of the three requirements listed in Rule 23(b)." *Id.* at 346. Rule 23(b)(2), cited by Rossow, "applies when 'the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.'" *Id.* at 345–46 (quoting Fed. R. Civ. P. 23(b)(2)).

Numerosity requires a showing that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).[5] Commonality requires a showing that claims "depend upon a common contention" that "is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 564 U.S. at 350. Typicality requires a showing that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This tests whether "other members have the same or similar injury, whether the action is based on conduct which is not unique to the named

---

[5] Although not conceding numerosity, the Director does not focus any of his attacks on numerosity.

plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). And adequacy requires a showing that the class representative is part of the class and "'possess the same interest and suffer the same injury' as the class members." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997) (citation omitted).

The Rule 23 requirements are not "mere pleading" requirements; the plaintiff must "affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart*, 564 U.S. at 350. And the district court must conduct a "rigorous analysis" of the Rule 23 requirements, which may include some consideration of "the merits of the plaintiff's underlying claim." *Id.* (citations omitted).

Here, because Rossow has failed to properly define the class, based on the class proposed in the operative complaint, and because Rossow has otherwise failed to properly define a class in accordance with Rule 23(a) and 23(b)(2), the Court should deny the motion for class certification.

**ARGUMENT**

## I. Rossow's proposed class represents a significant expansion from the complaint, and so the motion should be denied for that reason alone.

Rossow has *not* moved to certify the class defined in the operative complaint. (And so she has forfeited that opportunity.) Not only that, but Rossow seeks to *significantly change and expand* the class proposed in the operative complaint. Under any of the three approaches in the Ninth Circuit, this is a fatal defect for Rossow, and for this reason alone, the Court should deny the motion for class certification.

The operative complaint in this case purported to bring a class action on behalf of all women "either currently using THC while pregnant in the State of Idaho or who will consider doing so while pregnant in the future." Dkt. 25 ¶ 85; *accord* ¶ 86 ("Plaintiff Rossow seeks to represent a class … of all women who are now using or will in the future use THC while pregnant anywhere in the State of Idaho."). This was consistent with how the original complaint defined the proposed class: all women "either currently using THC while pregnant in the State of Idaho or who will consider doing so while pregnant in the future." Dkt. 1 ¶ 25; *accord* ¶ 26 ("Plaintiff Rossow seeks to represent a class…of all women who are now using or will in the future use THC while pregnant anywhere in the State of Idaho.").

The class certification motion does not seek to certify this class. Rossow has therefore forfeited (or waived) any argument to certify a class as originally proposed, especially where the time for filing a motion for class certification has already expired. Loc. Civ. R. 7.1(b)(1) (requiring the memorandum "contain[] all of the reasons and points and authorities relied upon"); *see* Dkts. 58, 37, 21 (scheduling order and amendments); *cf. Health Freedom Def. Fund, Inc. v. US Freedom Flyers, Inc.*, No. 4:23-cv-00380-AKB, 2024 WL 3332768 at *4 (D. Idaho July 2, 2024) ("A district court need not consider arguments raised for the first time in a reply brief. *Zamani v. Carnes,* 491 F.3d 990, 997 (9th Cir. 2007). A moving party's introduction of new facts or new arguments on reply is generally improper. *See, e.g., Gibson v. Credit Suisse AG,* No. 1:10-CV-00001-JLQ, 2015 WL 13648588, at *4 (D. Idaho Apr. 13, 2015)).

Instead, Rossow seeks to certify a class of:

- "All women appearing on the State of Idaho Child Protection Central Registry on or after March 30, 2021 pursuant to IDAPA 16.06.01.563.02.a for use of

Tetrahydrocannabinol ("THC") while pregnant", regardless of when the woman was substantiated (and regardless of whether any other drugs contributed to the substantiation), *and*

- "all women whom the Idaho Department of Health and Welfare will in the future 'substantiate' for use of THC while pregnant and placement [sic] on the Central Registry pursuant to IDAPA 16.06.01.563.02.a."

In the Ninth Circuit, district courts follow one of three approaches in holding a plaintiff to the definition of the class in the operative complaint. *See generally Douglas v. Bank of Am., N.A.,* No. C20-0193JLR, 2020 WL 3888262, at *7 (W.D. Wash. Nov. 19, 2020) (citing *Grodzitsky v. Am. Honda Motor Co., Inc.,* No. 2:12-cv-01142-SVW-PLAx, 2014 WL 718431, at *4 (C.D. Cal. Feb. 19, 2014)).[6]

1.   "Some courts strictly adhere to class definitions provided in the operative complaint and require plaintiffs to amend their complaint before certifying a different class." *Id.* (citing *Berlowitz v. Nob Hill Masonic Mgmt.*, No.C-96-01241 MHP, 1996 WL 724776, at *2 (N.D. Cal. Dec. 6, 1996); also citing *Costelo v. Chertoff*, 258 F.R.D. 600, 600–05 (C.D. Cal. 2009)).

2.   "Other courts permit plaintiffs to narrow a proposed class at the certification stage without amending the complaint." *Id.* (citing *Abdeljalil v. Gen. Elec. Capital Corp.*, 306 F.R.D. 303, 306 (S.D. Cal. 2015); *Knutson v. Schwan's Home Servs., Inc.*,

---

[6] Although citing the Western District of Washington case, the Director notes that other courts throughout the Ninth Circuit agree that these are the three approaches. *E.g., Rivera v. Invitation Homes, Inc.* No. 18-cv-03158-JSW (N.D. Cal. Feb. 18, 2022)

No. 3:12-cv-0964-GPC-DHB, 2013 WL 4774763, at *10–13 (S.D. Cal. Sept. 5, 2013)).

3.      "Finally, a third group of district courts permit plaintiffs to modify the proposed class so long as the 'proposed modifications are minor, require no additional discovery, and cause no prejudice to defendants.'" *Id.* (quoting *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 590–91 (N.D. Cal. 2010)); also citing *J.L. v. Cissna*, No. 18-CV-04914-NC, WL 415579, at *5 (N.D. Cal. Feb. 1, 2019)).

None of the three approaches support certifying Rossow's newly proposed class. And so this Court need not decide which approach it would follow.

The first approach requires that the proposed class meet the definition in the operative complaint. As noted above, the class on which Rossow seeks certification is not the class defined in the operative complaint. And as discussed below, a recently lodged proposed amended complaint has not yet been authorized for filing by the Court, and so that lodged complaint cannot be the basis for judging the class certification motion by. (The certification class also does not meet the definition proposed in the lodged complaint.)

The second approach also does not support Rossow's motion. Rossow is *not* seeking to narrow the definition of the class proposed in the operative complaint. Her operative complaint proposed a class of currently pregnant women currently using THC or women who in the future would use THC while pregnant. Yet the certification motion proposes a very different class of women, including those who *had* been *substantiated and listed* on the Registry and who appeared on the Registry as of March 30, 2021 or later (or who would in the future be

substantiated and placed on the Registry). The certification motion does not propose a narrower class, but a much wider one and one based on a different subset of persons.

The third approach does not help Rossow either. The certification motion does not propose a "minor" modification to the class defined in the operative complaint. The class switches from pregnant women currently using THC or who will use THC while pregnant in the future, to women substantiated for use of THC under Rule 563.02.a. and listed on the Registry at any time from March 30, 2021 forward, or who will be substantiated under Rule 563.02.a for use of THC and listed on the Registry in the future. Such changes are not minor. *Cf. Douglas*, 2020 WL 6799010, at *8 (eliminating class members and altering the definition "are not minor" modifications).

Rossow points to the fact that she filed a motion for the Court to modify the scheduling order and permit her leave to file a second amended complaint. Dkt. 49. As the Director explained in his opposition to that motion, Rossow's request was not diligently made under the applicable Rule 16 standard, and so should not be granted. *See generally* Dkt. 50. But regardless, the proposed second amended complaint has not been authorized or filed by the Court, and it is not the operative complaint in this case. Instead, the operative complaint is the first amended complaint filed at Dkt. 25. And for the reasons discussed above, Rossow's certification motion proposes a class that is improperly different than defined in the operative complaint, and one that is therefore unacceptable under any of the three approaches taken by courts in the Ninth Circuit.

Although the Court should not consider in its analysis of this issue the proposed, yet-to-be-filed second amended complaint, even if it did, Rossow's certification motion still

improperly seeks to certify a different class. The proposed complaint wanted to define the class to be "women who are *currently* listed on the Child Protection Central Registry pursuant to IDAPA 16.06.01.563.02(a) for using THC while pregnant and/or who are currently using THC while pregnant or who will consider doing so while pregnant in the future in the State of Idaho." Dkt. 49-2 Ex. A ¶ 90 (emphasis added); *see also id.* ¶ 91. Yet the certification motion does *not* seek to certify this class, and so the first approach does not apply. The certification motion also does *not* narrow the class, as it seeks to *add* all women who "will in the *future* [be] 'substantiate[d]' for use of THC while pregnant and [be] place[d] on the Central Registry pursuant to IDAPA 16.06.01.563.02.a." *Compare* Dkt. 60 at *with* Dkt. 49-2 Ex. A ¶¶ 90-91. (The proposed class, as discussed below, would also include women *removed* from the Registry—i.e., not *currently* appearing on the Registry.) And so, the second approach also would not support the certification motion. Lastly, the certification motion's drastically different class than that alleged in the proposed second amended complaint is not a minor change, given the addition of a multitude of parties, and significant revamp of women who would constitute the class. Thus, the third approach would also not support the certification motion's proposed class.

Because Rossow has not proposed a proper class as part of her certification motion, and none of the three recognized approaches within the Ninth Circuit support her heavily modified certification class, the Court should deny Rossow's motion for class certification.

## II. Rossow's proposed class suffers from substantive defects that should cause the Court to deny the motion.

### A. Rossow's proposed class would include women listed on the Registry under a recently implemented system that is significantly different than the system Rossow was listed under.

When Rossow was listed on the Registry, she was listed under a list-first-and-then-be-heard system. And this was the primary issue at the heart of the principal claim in this case: a due process claim that challenged this system. *See* Dkt. 24 at 8–12 (The Court's memorandum decision thought there was a plausible claim that the list-first-and-then-be-heard system could deprive someone of due process.). But that system changed, and Rossow's certification class would include persons ultimately listed on the Registry under the new system, even though Rossow herself was not.

In temporary rulemaking effective April 17, 2024, and in proposed rulemaking that would continue the changes after sine die of the 2025 legislative session, the Department of Health and Welfare has now adopted a be-heard-first-and-then-list system. *See* Idaho Admin. Bulletin Vol. 24–6 at 34–35 (Docket No. 16–0601–2402) (available at https://adminrules.idaho.gov/bulletin/2024/06.pdf); *see also* Blackwood Decl. ¶¶ 2–3, Exs. A–B.[7] This system incorporates significant changes over the old system:[8]

---

[7] The proposed rulemaking is now within rulemaking docket number 16-0601-2401. *See* Idaho Admin. Bulletin Vol. 24-9 at 415; *see id.* at 376–384. (available at https://adminrules.idaho.gov/bulletin/2024/09.pdf)

[8] The contested case appeal process has also changed with the Office of Administrative Hearings now conducting the contested case appeals. *See* Idaho Code §§ 67-5280, 67-5286; *see also* Office of Administrative Hearings General Order No. 1 (May 22, 2024) (available at https://oah.idaho.gov/wp-content/uploads/2024/05/General-Order-No.-1.pdf).

| Change | Relevant Rule |
|---|---|
| New system: If the administrative review confirms the substantiation of abuse, neglect, or abandonment, the person's name is *not* automatically added to the Child Protection Central Registry.<br><br>Old system: A person was automatically added to the Child Protection Central Registry upon the administrator's confirmation of the substantiation of abuse, neglect, or abandonment. | IDAPA 16.06.01.564.05 (eff. Apr. 17, 2024); *see also* Idaho Admin. Bulletin Vol. 24-6 at 35 (documenting change to former provision .05 (now .04)). |
| New system: A person who files a contested case appeal is not added to the Child Protection Central Registry until "a decision by the hearing officer to affirm the decision to substantiate" is issued.<br><br>Old system: A person was automatically added to the Registry after the administrative review substantiated the incident, before the person was given the opportunity to seek a contested case appeal. | IDAPA 16.06.01.564.05 (eff. Apr. 17, 2024); *see also* Idaho Admin. Bulletin Vol. 24-6 at 35 (documenting change to former provision .05 (now .04)). |
| New system: A person who seeks administrative review "will receive redacted documents regarding the incident that is being appealed."<br><br>Old system: No documents provided. | IDAPA 16.06.01.564.02 (eff. Apr. 17, 2024); *see also* Idaho Admin. Bulletin Vol. 24-6 at 35 (documenting change to former provision .03 (now .02)). |
| New system: A person who seeks administrative review, after receiving the redacted documents, "will have fourteen (14) days to submit additional documentation".<br><br>Old system: No formal opportunity to submit additional documents for consideration. | IDAPA 16.06.01.564.02 (eff. Apr. 17, 2024); *see also* Idaho Admin. Bulletin Vol. 24-6 at 35 (documenting change to former provision .03 (now .02)). |

This new system has significant impacts for purposes of Rule 23(a) and 23(b)(2).

Starting with Rule 23(b)(2), the critical inquiry under that rule is "whether class members seek uniform relief from a practice applicable to all of them." *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010). But in this case, the list-first-then-be-heard practice under which Rossow was substantiated and listed is not the same practice that individuals listed on the

Registry today or in the future would go through. *See* Blackwood Decl. ¶¶ 2–3. The new be-heard-first-and-then-list system significantly changes the practice applicable to a sizable portion of the proposed class, especially considering Rossow wants to include in her class all future relevant substantiations. And so without a uniform practice amongst the class, there will not be uniform declaratory or injunctive relief. In short, Rossow's proposed class would not satisfy Rule 23(b)(2).

The same issues also impact the typicality and commonality of Rossow's proposed class. Rossow's claims, especially the procedural due process claim, under the old, list-first-then-be-heard system, are markedly different than any claim that may be had under the now-applicable be-heard-first-and-then-list system. Thus Rossow's claims (personally) are not typical of the entire class. Moreover, there are now separate issues, as it pertains to the procedural due process claim, that would have to be resolved amongst the class, and so commonality is lacking between the class. Rossow cannot, therefore, satisfy Rule 23(a) with her proposed class.

### B.  Rossow's proposed class would include women removed from the Registry.

Rossow's proposed class would include all women appearing on the Registry on or after March 30, 2021 "pursuant to IDAPA 16.06.01.563.02.a for use of Tetrahydrocannabinol ("THC") while pregnant." Dkt. 60. This would mean that women appearing on the Registry but who were substantiated as early as 2007—when the rule was first enacted—would be within the class. This would also mean that women who, for example, were listed on the Registry as of March 30, 2021, but later were removed from the Registry, would be within the class. *See* Dkt. 60-2 at 87 (identifying number of persons removed from the Registry in 2021,

2022, and 2023, who had been substantiated for an incident abuse, neglect, or abandonment under Rule 563.02.a.).

These women, who were removed from the Registry, but are nonetheless part of the proffered class, have no claim against the Director in his official capacity. The Director is sued here under *Ex parte Young*, 209 U.S. 123 (1908). The *Ex parte Young* fiction is built upon a continuing and ongoing alleged violation of federal law, not upon retroactive relief. *E.g., Green v. Mansour*, 474 U.S. 64, 68 (1985) (citations omitted). And yet these women are no longer on the Child Protection Central Registry, and thus would have no basis for a claim against the Director in his official capacity, given the Director's Eleventh Amendment / sovereign immunity. *See also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 and 71 n.10 (1989) (holding that suits against an official in his official capacity are not suits against a person for purposes of 42 U.S.C. § 1983, unless the *Ex parte Young* fiction applies).

This issue impacts both the commonality and typicality of the class sought to be certified. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982) ("The commonality and typicality requirements of Rule 23(a) tend to merge."). Rossow's claims are not typical of women removed from the Registry who have no claim against the Director in his official capacity. Nor do Rossow's claims pose questions of law or fact in common with these women, who again have no claim. Thus, Rossow's proposed class fails to satisfy Rule 23(a). The same reasons dictate why there would not be uniform declaratory or injunctive relief as it applies to these women, and thus why Rossow's proposed class fails to satisfy Rule 23(b)(2).

**C.** **Rossow has not defined her proposed class such that each class member has a redressable injury for Article III standing.**

The procedural due process claim in this case relies on the stigma-plus test. *See* Dkt. 24 at 6–8 (Court's decision on the motion to dismiss). The Court relied on the Ninth Circuit's *Humphries v. County of Los Angeles* decision to determine that Rossow plausibly alleged both components of the stigma-plus test. *Id.* (citing *Humphries*, 554 F.3d 1170 (9th Cir. 2008), *rev'd on other grounds*, 562 U.S. 29 (2010)). In that case, the Humphries had put forward evidence that they "were directly affected in their eligibility to work or volunteer at a local community center" and that Mrs. Humphries "was affected in her ability to renew her teaching credentials." *Humphries*, 554 F.3d at 1188. This was what gave the Humphries Article III standing to assert the due process claim.

Rossow's proposed class definition does not cabin the class to those women with an actual or imminent injury, especially as to the second prong of the stigma-plus test. Rossow did not limit her class, for example, to only those women who authorized a name-based check of the Registry, or who would in the future authorize a name-based check of the Registry. To put it differently, Rossow's proposed class includes women simply listed on the Registry without any attendant showing that they have been, would be, or may be harmed by being on the Registry. *Cf. TransUnion, LLC v. Ramirez*, 594 U.S. 413, 434 (2021) ("The mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm."). Similarly, for the remaining claims in this suit, Rossow has not proposed a class whose members have an actual or imminent injury redressable through the suit, only a class of persons listed on the Registry. And yet, "[s]tanding requires that (1) the plaintiff suffered an injury in fact ... (2) the injury is fairly traceable to the challenged conduct, and (3) the injury is likely

to be redressed by a favorable decision." *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 594 (9th Cir. 2012) (citation omitted). "[N]o class may be certified that contains members lacking Article III standing." *Id.* (citation omitted). Because Rossow's proposed class definition does not cabin itself to only those women with an actual or imminent injury that is redressable and traceable, she has not proposed a class with Article III standing.

### D. Rossow's proposed class includes at least a significant majority of members with long-overdue claims.

Another problem for Rossow is that her proposed class includes a significant proportion of women with claims long barred by the applicable statute of limitations. As discussed above, Rossow's class would include women substantiated as early as 2007, and as Rossow identifies, this includes approximately 1,955 persons pre-existing on the Registry as of March 30, 2021. Dkt. 60-1 at 14. She does not seek to certify a class of just those persons substantiated and added to the Registry after March 30, 2021. Instead, Plaintiff wants all women who meet the criteria that existed at any time on the Registry beginning March 30, 2021.

Yet women substantiated more than two years before this suit was filed have time-barred claims. Rossow filed her suit on March 30, 2023. The 42 U.S.C. § 1983 claims in this suit are subject to Idaho's two-year statute of limitations in Idaho Code § 5-219. A Section 1983 "'claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *See Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001); *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981) (rejecting argument that section 1983 claim accrued when the right to suit was recognized by case law). As the Ninth Circuit noted in the sex offender context, the claim accrues "at the time of the [] designation, and not when defendant [] refused to remove the designation or when the … suit was recognized by case law." *Ford v.*

*Washington*, 411 F. App'x 968, 969 (9th Cir. 2011). Here, any arguable claim of a person sub-stantiated for an incident of abuse, neglect, or abandonment, occurred when that person was substantiated and listed on the Registry. And thus, women preexisting on the Registry as of March 30, 2021—two years before Rossow filed her suit—have time-barred claims.

This issue raises concerns around typicality. Rossow's non-time barred claims asserted in the operative complaint would be different than the proposed class members who pre-existed on the Registry—meaning the women were substantiated before March 30, 2021—especially since these women's claims are barred by the applicable statute of limitations, and would be subject to the Director's assertion of that defense. Thus, Rossow's proposed class does not satisfy Rule 23(a).

## III. Rossow's complaints about discovery responses must follow the appropriate, court-mandated procedures.

Lastly, the Director addresses a tangential issue raised by Rossow in her certification motion. Rossow complains about the Director's supplemental discovery responses. She fo-cuses on two points. First, she complains about the fact that even though the Director did not redact any reporting party information in a spreadsheet produced to Rossow, he did not iden-tify the relationship of any reporting party that would have been redacted. Second, she points to Request for Production 12. Although Rossow originally indicated she was seeking infor-mation about *third-party access* to the Registry, e.g., Dkt. 45 at 10, she changed her request to seek information about the *Department's* checks of the Registry in response to requests from *the person* authorizing a check of the Registry *about himself or herself.* To help address the massive burden this would place on the Department, the Department's counsel offered a reasonable solution that balanced the burdens with the scope of the new request.

Both issues, and others, have been addressed in detailed correspondence between the parties' counsel. *E.g.,* Decl. of Counsel Ex. A. If Rossow's counsel thought further attention was needed on this issue in the nearly two months since the last correspondence, counsel could have and should have followed this Court's mandated discovery dispute process.[9] The Court has already made clear that the parties must follow this process. Dkt. 52 at 20–21. Rossow's failure to do so here requires no further comment from the Director.

CONCLUSION

For the reasons above, the Court should deny Rossow's motion for class certification. Such denial should be "with prejudice." Rossow's informal request that she be permitted to refile a motion for class certification if this Court denies her class-certification motion, Dkt. 60-1 at 1 n.1, should also be denied. She was bound by the deadlines in the Court's scheduling order, and she has not identified good cause to allow her a second motion for class certification.

DATED:  October 18, 2024.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


By*:*    /s/ *Brian V. Church*
              BRIAN V. CHURCH
              Lead Deputy Attorney General

---

[9] https://id.uscourts.gov/district/judges/winmill/Discovery_Disputes.cfm

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 18, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Richard A. Hearn
hearn@hearnlawyers.com

John B. Ingelstrom
jbi@hearnlawyers.com

Emily MacMaster
emily@macmasterlaw.com

*Attorneys for Plaintiff*

_/s/ Brian V. Church_
BRIAN V. CHURCH
Lead Deputy Attorney General