RICHARD A. HEARN (ISB No. 5574)
JOHN B. INGELSTROM (ISB No. 2659)
HEARN LAW, PLC
151 N. 3rd Ave., Ste. 100
P.O. Box 70
Pocatello, Idaho 83204
Telephone: (208) 904-0004
Facsimile: (208) 904-1816
E-mail: hearn@hearnlawyers.com
       jbi@hearnlawyers.com

EMILY MACMASTER (ISB No. 6449)
MacMaster Law, PLLC
3363 N. Lakeharbor Lane
Boise, Idaho 83703
Telephone: (208) 608-2235
E-mail: emily@macmasterlaw.com
       emacmaster07@gmail.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEEVA ROSSOW,<br><br>      Plaintiff,<br><br>vs.<br><br>DAVE JEPPESEN, Director, Idaho Department of Health and Welfare, in his official capacity,<br><br>      Defendant. | Case No.: 1:23-cv-131-BLW<br><br>**<u>CLASS ACTION</u>**<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………….. ii

I.      ARGUMENT……………………………………………………………………….. 1

        A.      Certification of a Rule 23(b)(2) Class Is Appropriate Despite Differences in the Class Definitions Found in the Complaint and Motion for Class Certification…………………………………………..………… 1

        B.      Certification of a Rule 23(b)(2) Class for Declaratory and Injunctive Relief Is Appropriate Despite IDHW's "Temporary" Rule Changes……………………. 5

# **TABLE OF AUTHORITIES**

CASES                                                                                                                          PAGE

United States Supreme Court Cases:

*Gen. Tel. Co. v. Falcon,* 457 U.S. 147, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982) ........................ 4

*Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 131 S.Ct. 2541, 180 L. Ed. 2d 374 (2011) ........... 8

United States Circuit Court Cases:

*Alliance to End Repression v. Rochford*, 565 F.2d 975 (7th Cir. 1977) ........................................ 7

*Armstrong v. Davis,* 275 F.3d 849 (9th Cir. 2001) ......................................................................... 9

*Baby Neal for & by Kanter v. Casey,* 43 F.3d 48 (3d Cir. 1994) .................................................... 9

*Bates v. United Parcel Serv., Inc.,* 511 F.3d 974 (9th Cir. 2007) ................................................... 4

*Chalkboard, Inc. v. Brandt*, 902 F.2d 1375 (9th Cir. 1989) ........................................................... 6

*Ellis v. Costco Wholesale Corp.*, 657 F.3d 970 (9th Cir. 2011) ..................................................... 9

*Gibson v. Local 40, Supercargoes and Checkers,* 543 F.2d 1259 (9th Cir. 1976) ........................ 7

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998). ............................................................. 9

*Hilario v. Allstate Ins. Co.,* 2024 U.S. App. LEXIS 3424, 2024 WL 615567 (9th Cir.

    February 14, 2024)..................................................................................................................... 9

*Humphries v. County of L.A.,* 554 F.3d 1170, (9th Cir. 2009)...................................................... 10

*In re First Alliance Mortg. Co.*, 471 F.3d 977 (9th Cir. 2006) ....................................................... 9

*Marisol A. v. Giuliani,* 126 F.3d 372 (2d Cir. 1997) ...................................................................... 9

*Parsons v. Ryan,* 754 F.3d 657 (9th Cir. 2014) .............................................................................. 4

*Rodriguez v. Hayes*, 591 F.3d 1105 (9th Cir. 2010) .............................................................. 7, 8, 9

*Walters v. Reno*, 145 F.3d 1032 (9th Cir. 1998).................................................................... 7, 8, 9

United States District Court Cases:

*Al Otro Lado, Inc. v. Wolf*, 336 F.R.D. 494 (S.D. Cal. 2020) .......................................................... 8

*Carbajal v. Hayes Mgmt. Serv.,* 2022 U.S. Dist. LEXIS 130744, 2022 WL 2869205 (D. Idaho

July 21, 2022) ............................................................................................................................ 10

*Friend v. Hertz Corp.,* 2014 U.S. Dist. LEXIS 126161,

2014 WL 4415988 (N.D. Cal. Sept. 8, 2014) ............................................................................... 4

*Mansor v. United States Citizenship & Immigr. Serv.,* 345 F.R.D. 193 (W.D. Wash. 2023) ........ 4

*Siqueiros v. GM LLC,* 2023 U.S. Dist. LEXIS 100220, 2023 WL 3933344

(N.D. Cal. June 8, 2023) ............................................................................................................... 4

*Webb v. Circle K Stores, Inc.,* 2022 U.S. Dist. LEXIS 200682, 2022

WL 16649821 (D. Ariz. November 3, 2022) ................................................................................ 4

Idaho Supreme Court Cases:

*Idaho State Ath. Comm'n v. Off. of the Admin. Rules Coordinator*, ___ Idaho ___,

542 P.3d 718, (2024) ................................................................................................................... 5

IDAHO STATUTES

Idaho Code § 56-1004A ................................................................................................................ 3

Idaho Code § 67-5221 ................................................................................................................... 5

Idaho Code § 67-5224 ................................................................................................................... 6

Idaho Code § 67-5226 ............................................................................................................... 5, 6

Idaho Code § 67-5291 ................................................................................................................... 5

RULES

Fed. R. Civ. P. 23(b) .............................................................................................................. *passim*

Fed. R. Civ. P. 23(c)(1)(C) ............................................................................................................ 4

IDAPA 16.05.06.001 ..................................................................................................................... 3

IDAPA 16.05.06.100 .................................................................................................................. 3

IDAPA 16.05.06.101 .................................................................................................................. 3

IDAPA 16.05.06.125 .................................................................................................................. 3

IDAPA 16.05.06.126 .................................................................................................................. 3

IDAPA 16.05.06.190 .................................................................................................................. 3

IDAPA 16.05.06.200 .................................................................................................................. 3

IDAPA 16.06.01.563 ............................................................................................................. *passim*

OTHER AUTHORITIES

7A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure

§ 1759 (4th ed. 2023) ............................................................................................................ 4

Because Plaintiff KEEVA ROSSOW has met all the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(2), her Motion for Class Certification should be granted.

## I.  ARGUMENT

**A.  Certification of a *Rule 23(b)(2)* Class Is Appropriate Despite Differences in the Class Definitions Found in the Complaint and Motion for Class Certification.**

In this *Motion for Class Certification*, Plaintiff Rossow seeks to certify the following class:

> All women appearing on the State of Idaho Child Protection Central Registry on or after March 30, 2021, pursuant to *IDAPA 16.06.01.563.02.a* for use of Tetrahydrocannabinol ("THC") while pregnant and all women whom the Idaho Department Health and Welfare will in the future "substantiate" for use of THC while pregnant and placement on the Central Registry pursuant to *IDAPA 16.06.01.563.02.a.*[1]

There are only minor—and insignificant—differences between how Counsel for Rossow has described the class in this motion and in the proposed Second Amended Complaint:

> [A]ll women who are currently listed on the State of Idaho Child Protection Central Registry pursuant to *IDAPA 16.06.01.563.02(a)* for using THC while pregnant or who are now using or will in the future use THC while pregnant in the State of Idaho.[2]

The primary difference between these class definitions is that the class definition in the *Motion for Class Certification* limits future class members to women who are listed on the State of Idaho Child Protection Central Registry ("Central Registry") in the future for use of THC while pregnant as "substantiated" by the Idaho Department of Health and Welfare ("IDHW").

So too, the proposed modifications in this motion to that class identified in the operative First Amended Complaint clarify the class is limited to women who are now using or in the future will use THC while pregnant *and* whose names are currently (i.e., within the actionable two-year time period) or in the future will be on the Central Registry. In not explicitly including this subset

---

[1] *Plaintiff's Motion for Class Certification* [Dkt. 60], pp. 1–2.
[2] *Proposed Second Amended Complaint* [Dkt. 49-2, Exhibit B], ¶ 91.

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION – Page 1**

of women earlier, Counsel for Rossow described the class in the First Amended Complaint as,

> [A]ll women who are now using or will in the future use THC while pregnant anywhere in the State of Idaho.[3]

The definition in the *Motion for Class Certification* makes the proposed class more definite than that in the First Amended Complaint. Plaintiff clarifies that the class of women who are now using or will in the future use THC while pregnant is limited to those women who also appear on the Central Registry on or after March 30, 2021 pursuant to *IDAPA 16.06.01.563.02(a)* or who will in the future be "substantiated" by IDHW for use of THC while pregnant and placed on the Central Registry. Under the modified definition, the larger number of women using THC prenatally is limited by their inclusion on the Central Registry on or after March 30, 2021.

The Defendant opposes class certification by arguing that Plaintiff is not seeking to certify the class described in the First Amended Complaint "or anything like it." IDHW objects that including in the class women appearing on the Central Registry for prenatal THC use as of March 30, 2021 broadens the class proposed in the First Amended Complaint.[4]

However, women already listed on the Central Registry pursuant to *IDAPA 16.06.01.563.02(a)* on March 30, 2021 for using THC while pregnant were not explicitly called out in the class definition in the original or First Amended Complaint because—prior discovery—Counsel for Rossow had no information about the number of women on the Central Registry for using THC while pregnant.[5] Defendant only recently disclosed that ***no less than 1,955 persons*** were on the Central Registry pursuant to *IDAPA 16.06.01.563.02(a)* each and every year on and after March 30, 2021.[6]

---

[3] *First Amended Complaint* [Dkt. 25], ¶ 86.
[4] *Opposition to Motion for Class Certification* [Dkt. 69], p. 2.
[5] The State of Idaho Child Protection Central Registry is not publicly accessible.
[6] *Plaintiff's Memorandum in Support of Motion for Class Certification* [Dkts. 60-1, 62]*,* p. 9 (citing *Declaration of Counsel,* <u>Exhibit B</u>, pp. 30–31 [Dkt. 60-2], First Supp. Response to Interrogatory No. 13).

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION – Page 2**

Also, each day for at least ten years, IDHW imposes a severe stigma upon these women by *listing* them on a Central Registry as "substantiated" for child abuse, abandonment, or neglect and subjecting their names to the risk of disclosure. IDHW operates the Central Registry in concert with the IDHW criminal history and background check system.[7] As IDHW concedes, in Idaho, a listing on Idaho's Central Registry must be considered in foster parenting and adoption applications.[8] In fact, a foster parent or adoption applicant must receive an "enhanced clearance" on an IDHW background check, and being listed on the Central Registry is grounds for an "unconditional denial" of clearance.[9]

So too, other IDHW background checks include checks of the Central Registry. The breadth of IDHW's background check system is apparent by the wide variety of persons required to pass these background checks.[10] Also, prenatal THC use is a "Level Two" listing on the Central Registry pursuant to *IDAPA 16.06.01.563.02(a),* and a "Level Two" listing is subject to an "unconditional denial" of an IDHW background check.[11] Even women "substantiated" by IDHW before March 30, 2021 for prenatal THC use are subject to this harmful IDHW conduct today.

Also, the proposed clarification of the class definition—explicitly including women already placed on the Central Registry as of March 30, 2021 for prenatal THC use—will ensure that such women remaining on the Central Registry today get the benefit of any injunctive or declaratory relief awarded Plaintiff Rossow who, like them, is also already on the Central

---

[7] Idaho Code § 56-1004A and IDAPA 16.05.06 ("Criminal History and Background Checks").
[8] *Opposition to Motion for Class Certification* [Dkt. 69], p. 1, citing *42 U.S.C. § 671(a)(20)(B)*. The federal statute does not mandate putting women on Idaho's Central Registry for prenatal THC use.
[9] *IDAPA 16.05.06.126.01; IDAPA 16.05.06.126.09; IDAPA 16.05.06.200.01(b).*
[10] *IDAPA 16.05.06.100; IDAPA 16.05.06.101; IDAPA 16.05.06.126.*
[11] *IDAPA 16.05.06.200.01(b)–(c); IDAPA 16.05.06.001.03; IDAPA 16.05.06.125; IDAPA 16.05.06.190.02(a).*

Registry.[12] All such women are impacted by *IDAPA 16.06.01.563.02(a)*.[13]

This Court can and should use its discretion to construe the First Amended Complaint or redefine the class therein to confirm parameters of a Rule 23(b)(2) class that avoids future duplicative class litigation.

> The court evaluates Plaintiffs' motion using this second, modified class definition. *See 7A Charles Alan Wright & Arthur R. Miller*, Federal Practice and Procedure § 1759 (4th ed. 2023) (noting the court's authority to "construe the complaint or redefine the class to bring it within the scope of *Rule 23*").[14]

This Court has broad discretion to define the class in light of all the circumstances of this case,

> ***Federal Rule of Civil Procedure 23*** **holds that "[a]n order that grants or denies class certification may be altered or amended before final judgment."** *Fed. R. Civ. P. 23(c)(1)(C).* **Under Rule 23(c)(1)(C), the district court has broad discretion to amend a class certification order at any time before final judgment.** *See Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 983 (9th Cir. 2007). "The purpose of Rule 23(c)(1)(C) is to afford district courts the latitude to amend an existing class certification order, or an order denying class certification, in light of subsequent developments." *Friend v. Hertz Corp.*, No. C-07-5222-MMC, 2014 U.S. Dist. LEXIS 126161, 2014 WL 4415988, at *2 (N.D. Cal. Sept. 8, 2014); *see also Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 160, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982) (holding that "after a [class] certification order is entered, the judge remains free to modify it in light of subsequent developments in the litigation").[15]

Plaintiff asks the Court to use that discretion if needed. Even if the exact parameters of the class definition are modified, the proposed class remains forward-looking for purposes of Rule 23(b)(2).

---

[12] The few women previously on the Central Registry who have since been removed from it remain members of the proposed class if they are using THC while pregnant or will do so in the future and will be "substantiated" by IDHW for the Central Registry again pursuant to *IDAPA 16.06.01.563.02(a)*.
[13] *See Parsons v. Ryan*, 754 F.3d 657, 688 (9th Cir. 2014) (holding that Rule 23(b)(2) is satisfied when members of a putative class seek uniform injunctive or declaratory relief from policies or practices that are generally applicable to the class as a whole).
[14] *Mansor v. United States Citizenship & Immigr. Serv.*, 345 F.R.D. 193, 201 (W.D. Wash. 2023).
[15] *Siqueiros v. GM LLC*, 2023 U.S. Dist. LEXIS 100220 **9-10, 2023 WL 3933344 (N.D. Cal. June 8, 2023) (*emphasis added*); *see also Webb v. Circle K Stores, Inc.*, 2022 U.S. Dist. LEXIS 200682, *5, 2022 WL 16649821 (D. Ariz. November 3, 2022) ("There is no rule that the definition of a certified class must exactly match the definition contained in a complaint." [citation omitted]).

B.   **Certification of a Rule 23(b)(2) Class for Declaratory and Injunctive Relief Is Appropriate Despite IDHW's "Temporary" Rule Changes.**

More than a year after Plaintiff Rossow filed this lawsuit, IDHW promulgated new "temporary rules" regarding how IDHW-"substantiated" findings of abuse, neglect or abandonment may be appealed.[16] The temporary rules, published in the June 2024 Idaho Administrative Bulletin, Vol. 24-6 at pages 34–35 (*Docket No. 16-0601-2402*), took effect April 17, 2024.[17] IDHW claims that these temporary rules changed IDHW's prior "list-first-and-then-be-heard" system to a new "be-heard-first-and-then-list" system, thus disrupting class uniformity for declaratory or injunctive relief and interfering with typicality and commonality.[18]

However, as rules adopted under temporary rulemaking, these rules will expire at the end of Idaho's next legislative session in 2025.[19] IDHW vacated this rulemaking in *Docket No. 16-0601-2402* on August 6, 2024, as reported in the September 2024 Idaho Administrative Bulletin, Vol. 24-9 at page 415, available at https://adminrules.idaho.gov/bulletin/2024/09.pdf#page=415.[20]

Instead, IDHW has now proposed other new rules found in *Docket No. 16-0601-2401*, as published in the September 2024 Idaho Administrative Bulletin, Vol. 24-9 at pages 348–414, available at https://adminrules.idaho.gov/bulletin/2024/09.pdf#page=348.[21] In November 2024, IDHW apparently adopted these "proposed rules" in *Docket No. 16-0601-2401* as "pending rules,"

---

[16] *See* Idaho Code § 67-5226 (governing promulgation of temporary rules).
[17] Notice of Rulemaking—Temporary and Proposed Rule [*Declaration of Emily A MacMaster* filed herewith ("*Decl. of Counsel*")], Exhibit A thereto; *Opposition to Motion for Class Certification* [Dkt. 69], p. 13, citing *Declaration of Andie Blackwood* [Dkt. 69-1 to 69-3]*,* ¶¶ 2–3, Exhibits A–B thereto.
[18] *Opposition to Motion for Class Certification* [Dkt. 69], pp. 13–15.
[19] Idaho Code § 67-5291(3) ("A temporary rule that is not approved by a concurrent resolution shall expire by its own terms or at adjournment sine die of the next succeeding regular session of the legislature, whichever date is earlier."); *Idaho State Ath. Comm'n v. Off. of the Admin. Rules Coordinator*, ___ Idaho ___, 542 P.3d 718, 724 (2024) ("All temporary rules expire at the end of the next legislative session following their adoption unless extended by concurrent resolution").
[20] Notice of Rulemaking—Vacation of Proposed Rule [*Decl. of Counsel*, Exhibit B].
[21] Notice of Rulemaking—Proposed Rule (ZBR Chapter Rewrite) [*Decl. of Counsel*, Exhibit C]. *See also* Idaho Code § 67-5221 (governing public notice of proposed rulemaking).

as published in the November 2024 Idaho Administrative Bulletin, Vol. 24-11 at page 82.[22] Whether these new rules found in *Docket No. 16-0601-2401* will be eventually approved by the Idaho Legislature in 2025 cannot be determined at this time. There is no guarantee of approval.[23]

There are also significant differences between the temporary rules in *Docket No. 16-0601-2402* and the pending rules in *Docket No. 16-0601-2401*. Under the temporary rules in *Docket No. 16-0601-2402*, in the event of a contested case, IDAPA 16.06.01.564 (4-17-24T) defers placing a person on the Central Registry until after the appeal process.[24] In contrast, under the pending rules in *Docket No. 16-0601-2401*, IDAPA 16.06.01.564.05 (eff. 3-15-22) places a person "substantiated" for prenatal THC use on the Central Registry earlier, after an administrative review—i.e., before an appeal filed is completed.[25] IDHW is apparently reinstating parts of the old infirm system addressed by the Court last year in deciding Defendant's Motion to Dismiss.[26]

Defendant opposes class certification by arguing that the temporary rules in *Docket No. 16-0601-2402*, first made applicable to women having substantiated claims of abuse, neglect or abandonment on April 17, 2024 but set to disappear in the spring of 2025, require the Court to deny Plaintiff's *Motion for Class Certification*. But Defendant's attempt to defeat this motion by voluntarily—and only temporarily—changing its rules [effective April 17, 2024] dealing with appeals must fail. There is also no guarantee that the more recent, superseding pending rules [November 2024] will be in effect following *sine die* of the 2025 Idaho Legislative Session.

---

[22] Notice of Rulemaking—Adoption of Pending Rule [*Decl. of Counsel*, Exhibit D]. *See also* Idaho Code § 67-5224 (governing adoption of pending rules).
[23] Idaho Code § 67-5291(5) (governing expiration of pending non-fee rules upon *sine die*).
[24] *Docket No. 16-0601-2402,* pp. 34–35. IDAPA 16.06.01.564 (4-17-24T) [*Decl. of Counsel,* Exhibit A].
[25] *Docket No. 16-0601-2401,* p. 382, IDAPA 16.06.01.564.05 (eff. 3-15-22). [*Decl. of Counsel,* Exhibit C].
[26] "'The risk of error is considerable when such determinations are made after only hearing one side.' *Id.* [citing *Chalkboard, Inc. v. Brandt*, 902 F.2d 1375, 1381 (9th Cir. 1989)]. Here, the individual does not have the opportunity to be heard until the appeal hearing." *Memorandum Decision and Order* [Dkt. 24], pp. 11–12.

The Defendant also cites *Rodriguez v. Hayes* to support the argument that—because "the list-first-then-be-heard practice under which Rossow was substantiated and listed is not the same practice that individuals listed on the Registry today or in the future would go through—Rossow's proposed class fails to meet the "critical inquiry" for a Rule 23(b)(2) class.[27] But like the defendant respondents in *Rodriguez v. Hayes*, here the Defendant's

> contentions miss the point of *Rule 23(b)(2)*. "Class certification under *Rule 23(b)(2)*" requires that "the primary relief sought is declaratory or injunctive." *Zinser*, 253 F.3d at 1195. **The rule does not require us to examine the viability or bases of class members' claims for declaratory and injunctive relief, but only to look at whether class members seek uniform relief from a practice applicable to all of them. As we have previously stated, "it is sufficient" to meet the requirements of Rule 23(b)(2) that "class members complain of a pattern or practice that is generally applicable to the class as a whole."** *Walters*, 145 F.3d at 1047; *see Alliance to End Repression v. Rochford*, 565 F.2d 975, 979 (7th Cir. 1977) (finding Rule 23(b)(2) met despite "individual qualities of [the] suit" because of "pattern or practice characteristic of defendants' conduct that is generally applicable to the class" (internal quotation marks omitted)). The fact that some class members may have suffered no injury or different injuries from the challenged practice does not prevent the class from meeting the requirements of Rule 23(b)(2). *Walters*, 145 F.3d at 1047; *cf. Gibson v. Local 40, Supercargoes and Checkers*, 543 F.2d 1259, 1264 (9th Cir. 1976) ("A class action may be maintained under [Rule] 23(b)(2), alleging a general course of racial discrimination by an employer or union, though the discrimination may have . . . affect[ed] different members of the class in different ways . . . .")[28]

Whether class members placed on the Central Registry after April 17, 2024 when the temporarily modified appellate rules took effect "may have suffered no injury or different injuries from the challenged practice does not prevent the class from meeting the requirements of *Rule 23(b)(2)*."[29]

The Defendant also cites the following as "the critical inquiry under [*Rule 23(b)(2)*]"—i.e., "whether class members seek uniform relief from a practice applicable to all of them".[30] But the

---

[27] *Opposition to Motion for Class Certification* [Dkt. 69], p. 14.
[28] *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010) (*emphasis added*).
[29] *Id.*
[30] *Opposition to Motion for Class Certification* [Dkt. 69], p. 14 (*quoting Rodriguez v. Hayes*, 591 F.3d at 1125.

putative class members here do "seek uniform relief from a practice applicable to all of them". First, they seek the same relief—i.e., declaratory relief that *IDAPA 16.06.01.563.02(a)* violates their rights under the *Fourteenth Amendment of the United States Constitution* and preliminary and permanent injunctive relief, without bond, restraining the Defendant, his agents, employees, appointees or successors from enforcing, threatening to enforce, or otherwise applying *IDAPA 16.06.01.563.02(a)*.[31] Second, they seek relief from "a practice applicable to all of them"—namely, IDHW's unchecked, unconstitutional enforcement of *IDAPA 16.06.01.563.02(a)*.[32]

As all putative class members—regardless of placement on the Central Registry before or after April 17, 2024—appear on the Central Registry because of an IDHW "substantiation" of their use of THC while pregnant, *IDAPA 16.06.01.563.02(a)* is applicable to all class members.

> Rule 23(b)(2) permits class certification when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *Fed. R. Civ. P. 23(b)(2)*. The Ninth Circuit has held that "'it is sufficient' to meet the requirements of Rule 23(b)(2) [when] 'class members complain of a pattern or practice that is generally applicable to the class as a whole.'" *Rodriguez*, 591 F.3d at 1125 (quoting *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998)). "The rule does not require [the Court] to examine the viability or bases of class members' claims for declaratory and injunctive relief, but only to look at whether class members seek uniform relief from a practice applicable to all of them." *Id.* at 1125; *see also Dukes*, 564 U.S. at 360 ("The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.") (*internal quotation marks omitted*).[33]

The Defendant further argues that "[t]he same issues also impact the typicality and commonality of Rossow's proposed class." [34] But the Defendant's temporary rule changes simply

---

[31] *See Prayer for Relief*, First Amended Complaint [Dkt. 25] and Proposed Second Amended Complaint [Dkt. 49-2], Exhibit B thereto.
[32] *Id.*
[33] *Al Otro Lado, Inc. v. Wolf*, 336 F.R.D. 494, 506 (S.D. Cal. 2020).
[34] *Opposition to Motion for Class Certification* [Dkt. 69], p. 15.

do not affect the common question as to the constitutionality of *IDAPA 16.06.01.563.02(a)*.

> The commonality requirement "serves chiefly two purposes: (1) ensuring that absentee members are fairly and adequately represented; and (2) ensuring practical and efficient case management." *Walters v. Reno*, 145 F.3d 1032, 1045 (9th Cir. 1998). We have construed this requirement "permissively." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). It is not necessary that "[a]ll questions of fact and law … be common to satisfy the rule." *Id.* **We have found "[t]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class."** *Id.; see, e.g., Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997) (**"The commonality requirement is met if plaintiffs' grievances share a common question of law or of fact."**); *Baby Neal for & by Kanter v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994) (**"The commonality requirement will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class."**). Nor does "common" as used in *Rule 23(a)(1)* mean "complete congruence." *In re First Alliance Mortg. Co.*, 471 F.3d 977, 990 (9th Cir. 2006).[35]

Also, Plaintiff Rossow's individual claims are, although not identical, "reasonably co-extensive with those of absent class members," and thus typical of those of absent class members.

> The typicality requirement looks to whether "the claims of the class representatives [are] typical of those of the class, and [is] 'satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001) (quoting *Marisol A.*, 126 F.3d at 376). **Like the commonality requirement, the typicality requirement is "permissive" and requires only that the representative's claims are "reasonably co-extensive with those of absent class members; they need not be substantially identical."** *Hanlon*, 150 F.3d at 1020.[36]

Defendant's opposition to this motion based on temporary IDAPA rule changes must fail.

Finally, Defendant challenges class standing, alleging that Plaintiff has not "cabin[ed] the class to those women with an actual or imminent injury."[37] "In class actions, the named plaintiff is the focus of the standing inquiry."[38] In denying Defendant's Motion to Dismiss Plaintiff

---

[35] *Rodriguez*, 591 F.3d at 1122 (*emphasis added*).
[36] *Id.* at 1124 (*emphasis added*).
[37] *Opposition to Motion for Class Certification* [Dkt. 69], p. 17.
[38] *Hilario v. Allstate Ins. Co.,* 2024 U.S. App. LEXIS 3424, *2, 2024 WL 615567 (9th Cir. February 14, 2024) (citing *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 978 (9th Cir. 2011)).

Rossow's due process claims last year, the Court held: "Placement on the registry affects both a reputational interest in not being categorized as a person who abused, neglected, or abandoned a child as well as a concrete harm from the denial of employment or benefits."[39] Like the state system in *Humphries v. County of L.A.,* Idaho's Central Registry system imposes the stigma of being placed on the Central Registry *and* an actual and imminent threat, for no less than ten years, of being "outed" as a "child abuser" and excluded from various types of employment and life activities.[40] The IDAPA rules establish these actual and imminent harms.[41] Plaintiff Rossow has also submitted to the Court IDHW records showing access granted to Central Registry information for putative class members during six months of 2024.[42] Standing is not a bar to Plaintiff Rossow's claims and it is not a bar to class certification in this case.[43]

As this lawsuit satisfies Rule 23, the Motion for Class Certification should be granted.

DATED this 15th day of November 2024.

                                                   MACMASTER LAW, PLLC
                                                   /s/ Emily A. MacMaster
                                                   Emily A. MacMaster
                                                   Attorneys for Plaintiff

                                                   HEARN LAW, PLC
                                                   Rick Hearn
                                                   John Ingelstrom
                                                   Attorneys for Plaintiff

---

[39] *Memorandum Decision and Order,* [Dkt. 24], p. 9.
[40] *See Humphries v. County of L.A.,* 554 F.3d 1170, 1175–1201 (9th Cir. 2009) (finding that California's Child Abuse Central Index system violated due process based upon parents' "stigma-plus" theory).
[41] *See* IDAPA 16.06.01.563.02(a); IDAPA 16.05.06.100–101; IDAPA 16.05.06.125–126; IDAPA 16.05.06.190.02(a); IDAPA 16.05.06.200.01; 42 U.S.C. § 671(a)(20)(B).
[42] *Declaration of Emily A. MacMaster in Support of Plaintiff's Motion for Class Certification* [Dkts. 60-2, 64–65 filed under seal]*,* ¶¶ 6–12 and Exhibits D–I thereto filed under seal.
[43] Defendant has withheld Court-ordered discovery of harm to the class putative by failing to produce records of access to the Central Registry for 2021, 2022, and 2023, in violation of the *Memorandum Decision and Order* issued on June 11, 2024. [Dkt. 52]. Even if there were any question about the sufficiency of harm shown (which is not the case), the Court has discretion to consider the violation of Court-ordered discovery to be relevant to an evidentiary finding of harm. *See Carbajal v. Hayes Mgmt. Serv.,* 2022 U.S. Dist. LEXIS 130744, ** 30–44, 2022 WL 2869205 (D. Idaho July 21, 2022).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of November 2024, I caused a true and correct copy of the foregoing document to be served by the method indicated below upon:

| | |
|---|---|
| James E. M. Craig (ISB No. 6365)<br>Brian Church (ISB No. 9391)<br>Sean M. Corkery (ISB No. 12350)<br>IDAHO OFFICE OF ATTORNEY GENERAL<br>P.O. Box 83720<br>Boise, Idaho 83720-0010<br>Facsimile: (208) 854-8073<br><br>james.craig@ag.idaho.gov<br>brian.church@ag.idaho.gov<br>jack.corkery@ag.idaho.gov<br><br>*Attorneys for Defendant* | ☒ CM/ECF system<br>☐ E-Mail<br>☐ U.S. Mail, Postage Prepaid<br>☐ Hand Delivery<br>☐ Certified Mail, Return Receipt Requested<br>☐ Overnight Mail |

By: /s/ Emily A. MacMaster
      Emily A. MacMaster