UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEEVA ROSSOW,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVE JEPPESEN, Director, Idaho Health and Welfare, in his official capacity,<br><br>　　　　Defendant. | Case No. 1:23-cv-00131-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

  Before the Court is the Defendant's motion to shorten time or for temporary extension of deadline (Dkt. 77). This motion relates to the Defendant's motion to modify the scheduling order (Dkt. 76) which requests an extension of the dispositive motion deadline until after the Court has ruled on Plaintiff's motion for class certification. The current dispositive motion deadline is set for January 1, 2025 and, under the current briefing schedule, will not be ripe until mid-January—at which point, the deadline will have passed. As such, the Defendant requests the Court order an expedited briefing schedule or order a short extension of the deadline to allow full briefing before the deadline passes.

  Pursuant to Federal Rule of Civil Procedure 16(b)(5), the Court may amend

**MEMORANDUM DECISION AND ORDER - 1**

the scheduling order for good cause. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). The "good cause" standard focuses primarily on the "diligence of the party seeking amendment" but "a court may also consider the existence or degree of prejudice to the opposing party." *Id.* at 608.

That diligence standard has been met here. Upon learning of the Court's schedule between now and January 1, 2025, the Defendant moved both to modify the scheduling order and for this short extension the next day. Of course, the defendant could have made this motion earlier. The defendant claims an extension of this deadline is required until after the Court has issued an opinion on the Plaintiff's motion for class certification. That motion was filed several months ago and in November, the Court set a hearing on the plaintiff's motion for class certification for January 7, 2025. At that point, it should have been clear that the plaintiff's motion for class certification would not be resolved before the expiration of the dispositive motion deadline. Nonetheless, the Defendant still made this motion less than month after the Court scheduled that hearing, which is not incompatible with diligence.

Moreover, a district court has "broad discretion in supervising the pretrial phase of litigation." *Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). The Court sees little sense in standing on the deadline set in the

**MEMORANDUM DECISION AND ORDER - 2**

scheduling order when both parties and the Court would benefit from full briefing on the defendant's motion and the plaintiff's anticipated request. To be sure, when presented with a motion to modify an upcoming deadline, the Court will often order an expedited briefing schedule to allow the parties to be heard and the Court to decide the motion before the deadline expires. That, however, is not always feasible. This is one such case. For one, the time during which the Court would order such expedited briefing falls over a federal holiday and during a period where both Court and counsel have limited availability. Second, based on communications between the Court's law clerk and counsel, in response to this motion Plaintiff will likely request an extension of other deadlines including discovery. Providing counsel with the opportunity to fully brief these issues benefits both the parties and the Court. Accordingly, the January 1, 2025 deadline for dispositive motions is vacated and the new deadline is set for February 18, 2025.

The Court will note that Ms. Rossow opposes this motion.[1] She has further requested that if the Court grants the Defendant's request for a short extension of the dispositive motion deadline, it also extend the deadline for discovery, which

---

[1] Ms. Rossow indicated her opposition to the motion via email to the Court's law clerk.

expired on December 2, 2024. While the Court understands the basis for this request, the Court will not order a similar extension of that deadline. This turns largely on the fact that that deadline has already expired, and it expired before this motion, or the motion to modify the scheduling order, was filed. Thus, even a short extension of the deadline would operate to reopen discovery.

## ORDER

IT IS ORDERED that:

1. Defendant's Motion Shorten Time or for Temporary Extension of Deadline (Dkt. 77) is **GRANTED**.

2. The January 1, 2025 deadline for dispositive motions set forth in the scheduling order (Dkt. 21) is hereby **VACATED**.

3. Any dispositive motion shall be filed on or before **February 18, 2025.**



DATED: December 26, 2024

_____
B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 4**