UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEEVA ROSSOW, | Case No. 1:23-cv-00131-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| DAVE JEPPESEN, Director, Idaho Health and Welfare, in his official capacity, | |
| Defendant. | |

## INTRODUCTION

Before the Court is the Defendant's motion to modify the scheduling order (Dkt. 76). The Defendant requests an extension of the dispositive motion deadline until after the Court has ruled on Plaintiff's motion for class certification. The Court previously granted a short extension of this deadline to allow sufficient time to brief the motion to amend. *See* Dkt. 78. That dispositive motion deadline is currently set for February 18, 2025. Although plaintiff indicated she planned to oppose this motion, she has not filed any response or opposition to the motion to amend the scheduling order. For the reasons set forth below, the Court will grant the motion.

**MEMORANDUM DECISION AND ORDER - 1**

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 16(b)(5), the Court may amend the scheduling order for good cause. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). The "good cause" standard focuses primarily on the "diligence of the party seeking amendment" but "a court may also consider the existence or degree of prejudice to the opposing party." *Id.* at 608.

In December 2024, the Defendant moved to amend the scheduling order to push back the deadline to file dispositive motions. The Defendant explained that the original deadline, January 1, 2025, should be amended because the Court would not resolve Plaintiff's motion for class certification until, at a minimum, after the hearing on January 7, 2025. That motion was filed several months ago and the Court set the hearing in November 2024. At that point, it should have been clear that the plaintiff's motion for class certification would not be resolved before the expiration of the dispositive motion deadline. Nonetheless, the Defendant still made this motion less than month after the Court scheduled that hearing, which is reflects appropriate diligence.

Moreover, a district court has "broad discretion in supervising the pretrial phase of litigation." *Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Requiring the Defendant to file a dispositive motion before the

Court has resolved the pending class certification motion is inconsistent with Rule 1. The parties and the Court would be better served by resolving any dispositive motion *after* first determining whether the plaintiff can proceed as a class or as an individual. The parties original scheduling order clearly contemplates first resolving the issue of class certification before turning to summary judgment. *See* Dkt. 21. Indeed, the current overlap exists only because the Court, at the request of the parties, pushed back the deadline to file a motion for class certification several times without also pushing back the dispositive motion deadline. *See* Dkts. 37, 58. Granting this motion merely readjusts the current scheduling order to be in accord with that original order. Accordingly, the Defendant's unopposed motion to amend the scheduling order is granted. Any dispositive motion shall be filed no later than 120 days after the Court's resolution of plaintiff's motion to amend (Dkt. 49) and motion for class certification (Dkt. 60).

## ORDER

**IT IS ORDERED that:**

1.      Defendant's Motion to Modify Scheduling Order (Dkt. 76) is **GRANTED**.

2.      The February 18, 2025 deadline for dispositive motions set forth in the amended scheduling order (Dkt. 78) is hereby VACATED.

**MEMORANDUM DECISION AND ORDER - 3**

3.    Any dispositive motion shall be filed on or before **120 days** after the resolution of plaintiff's motion to amend (Dkt. 49) and motion for class certification (Dkt. 60).

DATED: February 5, 2025

_____

B. Lynn Winmill
U.S. District Court Judge