UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEEVA ROSSOW,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVE JEPPESEN, Director, Idaho Department of Health and Welfare, in his official capacity,<br><br>  Defendant. | Case No. 1:23-cv-00131-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Keeva Rossow's motion to amend (Dkt. 49), motion for class certification (Dkt. 60), and motion to seal (Dkt. 61). For the reasons set forth below, the Court will grant Ms. Rossow's motion to amend and motion for class certification and deny her motion to seal.

## BACKGROUND

In March 2023 Ms. Rossow filed this putative class action against the Director of the Idaho Department of Health and Welfare challenging IDAPA

16.06.01.563.02a. *Complaint*, Dkt. 1.[1] This regulation designates "[p]renatal use of any controlled substances. . . except as prescribed by a medical professional" an instance of child abuse, neglect, or abandonment. IDAPA 16.06.01.563. This conduct is given a "level two" designation and requires that an individual who prenatally used a controlled substance remain on the Central Registry for a minimum of ten years. *Id*. After ten years, they may petition the Department to have their name removed from the Central Registry. *Id*.

Ms. Rossow was placed on the Central Registry in December 2021 after she tested positive for THC after giving birth to her child. *First Amended Complaint* at ¶ 6, Dkt. 25. The hospital reported the positive test to the Department, who investigated the report and ultimately substantiated the report. *Mem. Dec. & Order* at 1, Dkt. 24. Ms. Rossow requested an administrative review of the substantiation and the administrator upheld the report. *Id.* at 2. She then filed an appeal and, after a telephonic hearing, the hearing officer upheld the report. *Id*. Following the denial of her appeal, Ms. Rossow filed this putative class action in federal court on behalf of herself and women similarly situated. She alleges IDAPA 16.06.01.563.02a

---

[1] Dave Jeppesen has since been replaced as director by Alex J. Adams and Mr. Adams has been substituted as the defendant in this action. *See* Dkt. 54.

**MEMORANDUM DECISION AND ORDER - 2**

violates the due process and equal protection clauses of the federal constitution.[2]

Ms. Rossow now moves to amend her complaint to add a second plaintiff and to modify the proposed class definition as well as certification of the following class on her remaining claims:

> All women appearing on the State of Idaho Child Protection Central Registry on or after March 30, 2021 pursuant to IDAPA 16.06.01.563.02a for use of Tetrahydrocannabinol ("THC") while pregnant, and all women whom the Idaho Department of Health and Welfare will in the future 'substantiate' for use of THC while pregnant and placement on the Central Registry pursuant to IDAPA 16.06.01.563.02a.

*Motion for Class Cert.* at 1, Dkt. 62. In conjunction with the motion for class certification, she also filed a motion to seal. The Department opposes both the motion to amend and the motion for class certification and did not file any response to the motion to seal.

## LEGAL STANDARD

### A.    Motion to Amend

Motions to amend a pleading filed after a Case Management Order deadline has expired are governed not by the liberal amendment language of Rule 15(a) of the Federal Rules of Civil Procedure, but instead by the more restrictive provisions

---

[2] Ms. Rossow's original complaint contained other causes of action that have since been resolved. *See* Dkts. 24, 68.

of Rule 16(b). *Johnson v. Mammoth Mountain*, 975 F.2d 604, 607–08 (9th Cir. 1992). "A party seeking to amend a pleading after the date specified in the scheduling order must first show good cause for amendment under Rule 16, then if good cause be shown, the party must demonstrate that amendment was proper under Rule 15." *Id*. at 608 (internal citations omitted).

Leave to amend under Rule 15 should be granted where "justice so requires." Fed. R. Civ. P. 15(a)(2). "In determining whether leave to amend is appropriate, the district court considers . . . four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Herring Networks, Inc. v. Maddow,* 8 F.4th 1148, 1161–62 (9th Cir. 1999). Generally, a court must make a determination "with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

### B.    Motion for Class Certification

Class certification is governed by Federal Rule of Civil Procedure 23 and proceeds in two steps. First, a plaintiff seeking class certification must satisfy the four requirements of Rule 23(a) by demonstrating:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the

claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Second, a proposed class must meet one of the three criteria set forth in Rule 23(b). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). Ms. Rossow relies on Rule 23(b)(2), which permits class certification when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate." Fed. R. Civ. P. 23(b)(2).

"Before it can certify a class, a district court must be 'satisfied, after a rigorous analysis, that the prerequisites' of both Rule 23(a) and 23(b)[(2)] have been satisfied." *Orlean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 664 (9th Cir. 2022) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (9th Cir. 1982)). The plaintiff must "actually *prove*—not simply plead—that their proposed class satisfies each requirement of Rule 23." *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275 (2014). They must carry this burden by a preponderance of the evidence. *Orlean*, 31 F.4th at 664.

"In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits,

but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974). As such, "'whether class members could actually prevail on the merits of their claims is not a proper inquiry in determining the preliminary question 'whether common questions exist.'" *Alcantar v. Hobart Service*, 800 F.3d 1047, 1053 (9th Cir. 2015)

### C.    Motion to Seal

Well-established principles of common law and the First Amendment protect the public's right of access to judicial proceedings. The public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). This right, however, is not absolute. There is no public right of access to judicial records that have "traditionally been kept secret for important policy reasons." *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989).

There is a strong presumption in favor of public access to judicial records that are not "traditionally kept secret." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal a judicial record attached to a dispositive motion or presented at trial must "articulate compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1179 (cleaned up). In

contrast, a "'good cause' showing under [Federal Rule of Civil Procedure] 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Id.* at 1180. The reason for the two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

## ANALYSIS

### A.    Motion to Amend

Ms. Rossow seeks to amend her complaint over six months after the expiration of the deadline to amend pleadings. *Scheduling Order*, Dkt. 21. The proposed amended complaint modifies the class definition and adds an additional plaintiff, Serah Thompson. The Court will first address Ms. Rossow's request to amend the proposed class before turning to her request to join Ms. Thompson.

#### 1.  Proposed Class

Ms. Rossow seeks leave to amend her complaint to modify her proposed class. As currently set forth in her First Amended Complaint, the proposed class is all women "either currently using THC while pregnant in the State of Idaho or who will consider doing so while pregnant in the future." *Am. Complaint* at ¶ 85, Dkt. 25. Ms. Rossow's proposed second amended complaint reframes the proposed

class to all women "who are either currently listed on the Child Protection Central Registry pursuant to IDAPA 16.06.01.563.02(a) for using THC while pregnant and/or who are currently using THC while pregnant or who will consider doing so while pregnant in the future in the State of Idaho." Ex. A at ¶ 91, Dkt. 49-2. Ms. Rossow claims this amendment is merely a clarification of her proposed class.

The primary focus of Rule 16(b)'s good cause standard is the diligence of the moving party. *Johnson*, 975 F.2d at 609. "Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment." *Id.* A court should find good cause only if the moving party shows it "could not reasonably meet the established timeline in a scheduling order despite [its] diligence." *DIRECTV, Inc. v. Busdon*, No. CV-04-265-S-LMB, 2005 WL 1364571, at *1 (D. Idaho 2005).

Ms. Rossow claims the existing proposed class includes "women already on the Registry as well as women who may be listed in the future." *Motion to Amend* at 5, Dkt. 49. She argues the First Amended Complaint makes clear that this case is about the Department's placement of women on the Central Registry. Indeed, the Complaint "seeks to enjoin the D[epartment] from either placing or maintaining any women in Idaho" on the Central Registry for violations of IDAPA 16.06.01.563.02(a)." *First Am. Complaint* at ¶ 2, Dkt. 25. The First Amended

Complaint details the process by which women are placed on the Central Registry. *Id.* at ¶¶ 8–24. These allegations, however, have always been incongruous with Ms. Rossow's proposed class of "women who are either currently using THC while pregnant. . . or who will consider doing so while pregnant in the future." *Complaint* at ¶ 25, Dkt. 1; *First Am. Complaint* at ¶ 85, Dkt. 25. Despite Ms. Rossow's knowledge that other women have been placed on the Central Registry, the class allegations are only concerned with women who may be placed on the Central Registry in the future, not on those who have already been placed on it. *Id.* at ¶¶ 85–95.

Nonetheless, Ms. Rossow explains that she has been diligent in seeking leave to amend because she only just learned of the number of women placed on the Central Registry each year for violations of IDAPA 16.06.01.563.02a. She states this admission "materially altered the landscape of this case." *Reply* at 9, Dkt. 53. Indeed, before March 2024, Ms. Rossow was unaware of the number of women on the Central Registry, meaning she did not know that such a class would meet the numerosity requirement for a class action and could not have met the September 2023 deadline to amend the pleadings. Within two months of discovering this information, she moved to amend the complaint. Ms. Rossow's conduct is consistent with diligence and, as such, she has shown good cause.

Turning now to amendment under Rule 15, there is no indication of bad faith, undue delay, prejudice to the opposing party, or futility. Ultimately, Ms. Rossow's alteration of the class definition "does not reflect a 'radical shift in direction,' or otherwise significantly expand the scope of litigation." *South Peninsula Hospital v. Xerox State Healthcare, LLC*, No. 3:15-cv-00177-TMB, 2018 WL 11417374, at *4 (D. Alaska June 21, 2018). Accordingly, the motion to amend the proposed class is granted.

### 2. Additional Plaintiff

Ms. Rossow explains that she learned of Ms. Thompson in April 2024 when Ms. Thompson reached out to Ms. Rossow's counsel and indicated she was interested in joining the litigation. Upon hearing from Ms. Thompson, counsel quickly moved to amend the complaint to add Ms. Thompson as a plaintiff. The Court agrees that Ms. Rossow has acted diligently such that good cause exists to add Ms. Thompson as a plaintiff.

That said, the Department argues that amending the complaint to join Ms. Thompson as a plaintiff is futile because her claim is barred by the statute of limitations. It argues that Ms. Thompson's claims against the department arise from her placement on the Central Registry in April 2022, which is outside the two-year statute of limitations. Ms. Rossow insists the statute of limitations is not a

bar because it is tolled for all class members upon the filing of a class action.[3] *See*

*American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974). For the purposes

of resolving this motion, the Court will assume without deciding the statute of

limitations applies in the manner the Department suggests.

The Court is somewhat skeptical that Ms. Thompson was a member of the

original putative class; however, amendment is still proper. Even if, as the

Department claims, Ms. Thompson was not a member of the original putative

class, her claim was not tolled, and the statute of limitations has run, she may still

be added as a plaintiff if her claim relates back to the original complaint. "Under

Rule 15(c)(1)(B), an amendment asserting a new or changed claim relates back to

the date of the original pleading if the amendment 'arose out of the conduct,

transaction, or occurrence set out. . . in the original pleading.'" *ASARCO, LLC v.*

*Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). "[T]he relation back

doctrine of Rule 15(c) is to be liberally applied." *Clipper Exxpress v. Rocky*

---

[3] Ms. Rossow's reply argues that the Court's Order resolving several discovery disputes renders this issue moot. *Reply* at 6. This conclusion reads the Court's order much too broadly. The Court determined the proper scope of pre-certification discovery—not the proper scope of the class and expressly did not address the applicability of the statute of limitations. *Order* at 6, Dkt. 52.

*Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259 n. 29 (9th Cir. 1982).

Where a party seeks to add a new or additional plaintiff, that amendment "relates

back to the date of the original pleading only when: 1) the original complaint gave

the defendant adequate notice of the claims of the newly proposed plaintiff; 2) the

relation back does not unfairly prejudice the defendant; and 3) there is an identity

of interests between the original and newly proposed plaintiffs." *In re Syntex Corp.*

*Sec. Litig.*, 95 F.3d 922, 935 (9th Cir. 1996).

Here, the criteria for relation back are satisfied. First, the original complaint

gave the Department sufficient notice of Ms. Thompson's claims as they are nearly

identical to Ms. Rossow's claims. Second, the Department has not identified any

prejudice resulting from Ms. Thompson's addition as a named plaintiff. Finally,

there is an identity of interests between Ms. Rossow and Ms. Thompson. *See In re*

*Network Assocs., Inc. II Sec. Litig.*, Case No. C-00-CV-4849, 2003 WL 24051280,

at *7 (N.D. Cal. Mar. 25, 2003) (allegations of new class members related to same

allegations of fraudulent accounting practices such that "new class members share

sufficiently similar interests with the original class members to allow relation

back."). Both women were placed on the Central Registry as a result of using THC

while pregnant.[4] Accordingly, the motion to amend is granted.

**B.    Motion For Class Certification**

Turning now to Ms. Rossow's motion for class certification. Before turning to the requirements of Rule 23(a) and Rule 23(b)(2), the Court will first address a few preliminary issues related to the class definition. The Court will then proceed by ticking through the Rule 23 requirements.

**1. Class Definition**

The first issue the Court must confront is the differences between the class identified in either her original or amended complaint, and the class identified in her motion for class certification. Ms. Rossow moves for certification of the following class:

> All women appearing on the State of Idaho Child Protection Central Registry on or after March 30, 2021 pursuant to IDAPA 16.06.01.563.02a for use of Tetrahydrocannabinol ("THC") while pregnant, and all women whom the Idaho Department of Health and Welfare will in the future 'substantiate' for use of THC while pregnant and placement on the Central Registry pursuant to IDAPA 16.06.01.563.02a.

---

[4] The same is true as to any putative class members whose claims, like Ms. Thompson's claim, would otherwise be time barred because they were not included in the original putative class and, therefore, do not benefit from *American Pipe* tolling. *See Willner v. Manpower Inc.*, No. 11-cv-02846-JST, 2014 WL 2939732, at * 3 (N.D. Cal. June 30, 2014) ("[A]pplication of the relation-back doctrine to . . . to expand the scope of a putative class is permissible.").

*Motion for Class Cert.* at 1, Dkt. 62. In contrast, the soon-to-be-filed second amended complaint defines the proposed class as all women "who are either currently listed on the Child Protection Central Registry pursuant to IDAPA 16.06.01.563.02(a) for using THC while pregnant and/or who are currently using THC while pregnant or who will consider doing so while pregnant in the future in the State of Idaho." Ex. A at ¶ 91, Dkt. 49-2. Thus, the proposed class articulated in her motion for class certification, is a narrower class than the class described in the soon-to-be-filed-second amended complaint.

"The Ninth Circuit has not addressed whether plaintiffs can narrow the scope of the class they seek to represent in a motion for class certification without seeking leave to file an amended complaint." *Hawkins v. Kroger Co.*, 337 F.R.D. 518, 526 (S.D. Cal. 2020). District courts in this circuit, however, generally agree that plaintiffs may narrow the class definition without leave to amend. *Id.* The Court agrees and will consider Ms. Rossow's proposed class as articulated in her motion for class certification.

Second, one of the Departments' arguments against class certification is the class definition proposed in the motion includes women who are no longer listed on the Central Registry. For instance, a woman placed on the Central Registry in January 2012 would fall within the class because she would have been listed on the

Central Registry, at a minimum, until January 2022. IDAPA 16.06.01.563 (requiring individual with a level two designation to be listed on the Central Registry for a minimum of ten years). If this woman petitioned to have her name removed and the Department granted that petition, then she would no longer be on the Central Registry and would not have a claim against the Department based upon *Ex Parte Young* despite meeting the class definition.

This concern is well-taken but does not preclude class certification because this issue is easily remedied by modifying the class definition. "District courts have broad discretion is modify class definitions." *Nevarez v. Forty Niners Football Co., LLC*, 326 F.R.D. 562, 575 (N.D. Cal. 2018) (cleaned up). Accordingly, the Court will modify the proposed class as follows:

> All women **currently** appearing on the State of Idaho Child Protection Central Registry pursuant to IDAPA 16.06.01.563.02a for use of Tetrahydrocannabinol ("THC") while pregnant, and all women whom the Idaho Department of Health and Welfare will in the future 'substantiate' for use of THC while pregnant and placement on the Central Registry pursuant to IDAPA 16.06.01.563.02a.

The parameter that the class includes women appearing on the Central Registry on or after March 30, 2021 is unnecessary because, by definition, "women currently appearing on the Central Registry" appeared on the Central Registry on or after March 30, 2021. This framing is simpler and avoids overinclusion of women since removed from the Central Registry. This will be the proposed class for purposes of

Ms. Rossow's motion to certify.

### 2. Numerosity

Turning now to the merits of Ms. Rossow's motion, beginning with numerosity. To satisfy the numerosity requirement, a proposed class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "'[I]mpracticability' does not mean "impossibility,' but only the difficulty of joining all members of the class" *Harris v. Palm Springs Alpine Ests., Inc.*, 329 F.2d 909, 913–24 (9th Cir. 1964). While there is no specific numeric requirement, the Supreme Court has determined that 15 class putative members is generally too small to warrant certification. *Gen. Tel. Co.*, 446 U.S. at 330. As of March 30, 2024, 2,843 individuals were listed on the Central Registry for violations of IDAPA 16.06.01.563.02a. More specifically, over 1,000 of those are women who were placed on the Central Registry for prenatal THC use and are therefore putative class members. *Motion for Class Cert.* at 9, Dkt. 62; *see also* Pl.'s Ex. B at 31, Dkt. 60-2; Pl.'s Ex. C, Dkt. 63. Ms. Rossow's proposed class undoubtedly meets the numerosity requirement.

### 3. Commonality

A proposed class satisfies the commonality requirement if there are questions of fact or law common to the class. Fed. R. Civ. P. 23(a)(2). This

requirement has "been construed permissively and [a]ll questions of fact and law need not be common to satisfy the rule." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (internal quotation marks omitted). Indeed, "[w]hat matters to class certification. . . [is] the capacity of a class wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart*, 564 U.S. at 350 (internal quotation marks omitted). Moreover, "in a civil-rights suit, [ ] commonality is satisfied where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504–05 (2005).

Ms. Rossow argues that her claim raises several questions of law and fact common to the class. The Court agrees. The common questions of fact include whether placement on the Central Registry burdens class members' access to employment, licenses, and other rights and whether the Department acts with a discriminatory intent or purpose to treat women differently than men when substantiating reports of child abuse based on prenatal drug use. Ms. Rossow also identifies two common questions of law, both of which are capable of a single answer: whether the enforcement of IDAPA 16.06.01.563.02a violates the substantive due process and equal protection clauses of the Fourteenth

Amendment. Like many civil rights cases, Ms. Rossow is challenging a policy or practice that affects all putative class members. Pl.'s Ex. A at 16:4–18:19, 27:19–32:16, 55:6–56:2, Dkt. 64 (former Director Jeppesen describing process for reviewing and investigating reports and standard practice for reviewing a decision to substantiate a report). Each of these legal and factual questions are capable of classwide resolution. *See e.g.*, *Angell v. City of Oakland*, No. 13-cv-00190 NC, 2015 WL 65501, at *5 (N.D. Cal. Jan. 5, 2015) (finding common questions raised by class action challenging mass arrests). Put simply, "either each of the policies and practices is unlawful as to every [women listed on the Central Registry pursuant to IDAPA 16.06.01.563.02a] or it is not." *Parsons v. Ryan*, 754 F.3d 657, 678 (9th Cir. 2014).

That said, and as the Department points out, not all putative class members' claims are identical. Some class members were subject to different substantiation procedures and some class members' claims may be barred by the statute of limitations.[5] The Department's focus on these differences seems to imply that

---

[5] The Department also relies on *Mazza v. Am. Honda Motor Co., Inc.*'s statement that "no class may be certified that contains members lacking Article III standing" to argue that Ms. Rossow cannot establish other class members have standing. 666 F.3d 581, 994–95 (9th Cir. 2012). This argument is meritless as this statement has been expressly overruled. *Orlean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 682 n. 32 (9th (Continued)

more is needed to show commonality than Rule 23(a)(2) requires. Indeed, "[a]ll questions of fact and law need not be common to satisfy the" commonality requirement. *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1041 (9th Cir. 2012). Ms. Rossow has shown at least one common question shared by the class, which is sufficient to satisfy her burden.

Nonetheless, the Court will briefly address each of the Department's arguments. First, the Department changed its procedures for substantiating and listing individuals on the Central Registry on April 17, 2024. *Blackwood Decl.* at ¶ 2, Dkt. 69-1. The differences in the procedures do not matter for the purposes of this motion, the relevant point is that individuals placed on the Central Registry after April 17, 2024 were subject to different procedures than Ms. Rossow or Ms. Thompson. The different procedures means that Ms. Rossow's procedural due process claim and that of a putative class member substantiated on April 18, 2024 are based on slightly different sets of facts and, as such, may require separate analyses. "[C]ommonality [however] only requires a single significant question of law or fact." *Mazza v. American Honda Motor Co., Inc.*, 666 F.3d 581, 589 (9th

---

Cir. 2022) ("We therefore overrule the statement in *Mazza* that 'no class may be certified that contains members lacking Article III standing' which does not apply when a court is certifying a class seeking injunctive or other equitable relief.").

Cir. 2012) *overruled in part by Orlean*, 31 F.4th at 669 n. 14. That some putative

class members were subject to different procedures before and after substantiation

does not defeat class certification—at least not for lack of commonality. *See*

*Rodriguez v. Hayes*, 591 F.3d 1105, 1123–25 (9th Cir. 2010) (finding commonality

satisfied even where class members were detained under different statutes).

The same is true of the Department's statute of limitations argument. It

argues that there is no commonality because some putative class members may

have time barred claims.[6] *Williams v. Sinclair*, 529 F.2d 1383, 1388 (9th Cir. 1975)

(finding statute of limitations issue did not precluding finding of predominance

under Rule 23(b)(3)). "Indeed[,] courts have been nearly unanimous in holding that

possible differences in the application of a statute of limitations to individual class

members, including the named plaintiffs, does not preclude certification of a class

action as long as the necessary commonality and, in a 23(b)(3) class action,

predominance, are otherwise present." *McClure v. State Farm Life Ins. Co.*, 341

F.R.D. 242, 253 (D. Ariz. 2022) (cleaned up). Ms. Rossow has satisfied her burden

---

[6] The potential statute of limitations issues do not preclude class certification, so the Court need not resolve whether, and how, the statute of limitations applies to class members placed on the Central Registry before March 30, 2021 at this time. Indeed, "[t]he statute of limitations is a merits determination often not suitable for resolution at the class certification stage." *Beck-Ellman v. Kaz USA, Inc.*, 283 F.R.D. 558, 566 (S.D. Cal. 2012).

to show commonality and any individualized issues regarding the statute of limitations do not change that conclusion.

### 4. Typicality

Although "[t]he commonality and typicality requirements of Rule 23(a) tend to merge," the Court will address those issues specific to the typicality analysis separately. *Dukes*, 564 U.S. at 349 n. 5 (quoting *Gen. Tel. Co.*, 457 U.S. at 157 n. 13). Rule 23(a)(3) requires that the class representative's claims and defenses be typical of the class. Fed. R. Civ. P. 23(a)(3). In other words, they "must be part of the class and possess the same interest and suffer the same injury as the class members." *Gen. Tel. Co.*, 457 U.S. at 156. "The purpose of the typicality requirement is to assure that the interest of the named representative[s] aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). A class representative's claims "need not be substantively identical" so long as their "claims are reasonably co-extensive with those of absent class members." *Rodriguez*, 591 F.3d at 1124.

Ms. Rossow has demonstrated that she, and Ms. Thompson, have suffered the same injury as other class members. *See Hanon*, 976 F.2d at 508. Like Ms. Rossow and Ms. Thompson, over 1,000 other women have been placed on the Central Registry for child abuse or neglect for prenatal use of THC. Pl.'s Ex. C,

Dkt. 63. Each of the class members' injuries, like Ms. Rossow's and Ms.

Thompson's injuries, is the result of the Department's enforcement of IDAPA

16.06.01.563.02a. *See generally* Pl.'s Ex. B at 48–52, Dkt. 60-2; Pl.'s Ex. A at

31:10–33:13, Dkt. 64. Even so, "[t]he certification of a class is questionable where

it is predictable that a major focus of the litigation will be on an arguable defense

unique to the named plaintiff or to a subclass." *Hanon*, 976 F.2d at 508 (quoting

*Rolex Employees Retirement Trust v. Mentor Graphics Corp.*, 136 F.R.D. 658, 664

(D. Or. 1991)).

    Here, a subclass, women placed on the Central Registry before March 30,

2021, is subject to a defense that their claims are time barred. In some cases, such

statute of limitations issues may preclude a finding of typicality. *Nguyen v. Nissan*

*N. Am., Inc.*, 487 F. Supp. 3d 845, 858 (N.D. Cal. 2020) (collecting cases).

Generally, however, statute of limitations issues prevent a finding of typicality

"where only the class representative is uniquely subjected to a statute of

limitations." *Corcoran v. CVS Health*, No. 15-cv-03504-YGR, 2019 WL 6250972,

at *5 (N.D. Cal. Nov. 22, 2019) (collecting cases). This general rule is animated by

a "danger that absent class members will suffer if their representative is

preoccupied with defenses unique to" them. *Hanon*, 976 F.2d at 508. That is not a

concern here as both Ms. Rossow's and Ms. Thompson's claims fall within the

statute of limitations. While some members of the class may be subject to a defense that their claims are time barred, other class members, like Ms. Rossow and Ms. Thompson, do not have time barred claims. *C.f. Fitzhenry-Russel v. Dr. Pepper Snapple Group, Inc.*, 326 F.R.D. 592, 608 (N.D. Cal. 2018) ("To be typical, a class representative need not prove she that she is immune from any possible defense. . . . Instead, she must establish that she is not subject to a defense that is not typical of the defenses which may be raised against other members of the proposed class."). The possibility that some class members may have time barred claims does not mean Ms. Rossow and Ms. Thompson have not met the typicality requirement.

The Department also argues Ms. Rossow's claims are not typical because she was subject to different substantiation procedures than some members of the putative class. "Differing factual scenarios resulting in a claim of the same nature as other class members does not defeat typicality." *Ellis*, 657 F.3d at 985 n. 9. *Castillo v. Bank of America, NA* is instructive on this point. 980 F.3d 723 (9th Cir. 2020). In *Castillo*, the plaintiff, an hourly employee at Bank of America, filed a class action alleging, among other claims, it failed to accurately pay overtime wages. *Id.* at 727. During the relevant period, Bank of America used two different methods of payment: "the 2016 policy" and "the 2017 policy." *Id.* at 727, 730. The

plaintiff did not suffer any injury pursuant to the 2017 policy, which Bank of America argued precluded class certification for lack of typicality. *Id.* at 729–30. The Ninth Circuit disagreed, finding that plaintiff met her burden to show typicality despite differences in the two policies because the plaintiff, like other class members "was subject to [Bank of America's] policies and suffered injuries." *Id.* at 730. The same is true here.

Indeed, the typicality requirement is concerned with "the nature of the claim or defense of the class representative," and not "the specific facts from which it arose or the relief sought." *Hanon*, 976 F.2d at 508 (internal quotation marks omitted). The underlying facts for some subset of the class may be different as a result of the Department's change to its substantiation procedures, however, the nature of Ms. Rossow's and Ms. Thompson's claims remain typical of the class.

### 5. Adequate Representation

Rule 23(a) also requires that a class only be certified if "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3). Courts consider two questions under Rule 23(a)(3): "(1) does the named plaintiff or [her] counsel have any conflicts of interest with other class members and (2) will the named plaintiff or [her] counsel prosecute the action vigorously on behalf of the class?" *Campion v. Old Republic Home Protection Co., Inc.*, 272

F.R.D. 517, 528 (S.D. Cal. 2011). The Department does not appear to challenge the adequacy of Ms. Rossow or her counsel's representation of the class. The Court agrees that Ms. Rossow meets the adequacy requirement. Neither she nor her counsel appear to have any conflicts of interest with other class members and will prosecute this action vigorously as they have done since the filing of the action in March 2023. Accordingly, Ms. Rossow has satisfied the adequacy requirement.

### 6. Rule 23(b)(2)

Although Ms. Rossow has established all of the requirements of Rule 23(a) are met, she can proceed with her class action only if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant." *Wal-Mart*, 564 U.S. at 360.

For the most part, the injunctive and declaratory relief sought by Ms. Rossow would provide relief to each member of the class. She seeks a "declaratory judgment that IDAPA 16.06.01.563.02(a). . . violates the rights of Plaintiffs

guaranteed by the Fourteenth Amendment to the United States constitution" and "permanent injunctive relief. . . restraining the enforcement, operation and execution of IDAPA 16.06.01.563.02(a). . . by enjoining Defendant, his agents, employees, appointees or successors from enforcing, threatening to enforce or other[wise] applying the provisions of IDAPA 16.06.01.563.02(a)." *Am. Complaint* at 28, Dkt. 25; *Prop. Sec. Am. Complaint* at 29, Dkt. 49-2. These claims for injunctive and declaratory relief are the type of claims long understood to be the "primary role" of Rule 23(b)(2) class actions. *Parsons*, 754 F.3d at 686. As such, Ms. Rossow seeks uniform injunctive and declaratory relief from policies or practices—IDAPA 16.06.01.563.02(a)—that apply to the class as a whole.

The Department, again, argues that the relief is not applicable to the class as a whole because some class members were subject to different substantiation procedures or are not entitled to relief because their claims are time barred. Rule 23(b)(2) precludes class certification when "each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant." *Dukes*, 564 U.S. at 360 (emphasis in original). While this "indivisibility requirement" precludes certification when a class seeks individualized injunctions, it does not mean "that injunctive relief may not be tailored to address different claims and subsets of the class where appropriate." *Senne v. Kansas City Royals*

*Baseball Corp.*, No. 14-cv-00608-JCS, 2021 WL 3129460, at *22 (N.D. Cal. Jul. 23, 2021). Here, the putative class does not seek individualized injunctions, but relief from a practice—placing women on the Central Registry for violations of IDAPA 16.06.01.563.02a—that applies to all of them. For instance, the Ninth Circuit has found certification under Rule 23(b)(2) proper even where class members' entitlement to the requested injunction differed. *Rodriguez*, 591 F.3d at 1126 ("The particular statutes controlling class members' detention may impact the viability of their individual claims for relief, but do not alter the fact that relief from a single practice is requested by all class members.").

That is the case here. Some class members, those subject to the temporary substantiation procedures, may not be subject to relief based on a violation of their right to procedural due process while others, those subject to the old substantiation procedures, may be subject to other relief. *See e.g.*, *Vietnam Veterans of America v. C.I.A.*, 288 F.R.D. 192, 217 (N.D. Cal. 2012) (rejecting defendants' argument that certification under Rule 23(b)(2) was improper because "at least three different sets of regulations and directives. . . have governed DOD's alleged notice duty for the members of the putative class. . . which would require this Court to have to adjudicate and provide relief dependent on the applicable legal framework."). The same principle applies to the Department's statute of limitations argument. Class

members with time barred claims would not be entitled to relief, while those with

timely claims are entitled to relief. These differences do not render the requested

relief improperly divisible.

Ms. Rossow has satisfied the Rule 23(b)(2) requirements as members of the

putative class "seek uniform injunctive or declaratory relief from policies or

practices that are generally applicable to the class as a whole." *Parsons*, 754 F.3d

at 688. Importantly, "[t]hat inquiry does not require an examination of the viability

or bases of the class members' claims for relief, does not require that the issue

common to the class satisfy a Rule 23(b)(3)-like predominance test, does not

require a finding that all members of the class have suffered identical injuries." *Id.*

"[T]he purpose of class certification is merely to select the method best suited to

adjudication of the controversy fairly and efficiently." *Alcantar*, 800 F.3d at 1053

(cleaned up). Here, the Court is convinced that class certification is the best

method to resolve these claims. Ms. Rossow's motion for class certification is

granted.

### C.    Motion to Seal

Ms. Rossow has also filed a motion to seal the memorandum in support of

her motion for class certification, the declaration of counsel in support of the

motion, and Exhibits A, C, and I to counsel's declaration. These documents are

filed in connection with her motion for class certification, which is a non-dispositive motion subject to the good cause standard. *Algarin v. Maybelline, LLC*, No. 12cv3000 AJB (DHB), 2014 WL 690410, at *2 (S.D. Cal. 2014). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

Ms. Rossow explains that the Department designated Exhibit C and Exhibit I as confidential under the protective order and Ms. Rossow designated portions of Exhibit A as confidential. She "requests the Court review the redactions to the Memorandum to determine whether they are necessary under the Protective Order or rather can be removed so that the unredacted Memorandum in its entirety can be re-filed on the public docket." *Motion to Seal* at 2, Dkt. 61. By virtue of Ms. Rossow's request, it appears she does not believe there is good cause to seal some the material at issue. The Department did not file any response to Ms. Rossow's motion to seal.

Ms. Rossow's request to seal portions of Exhibit A is denied. The portions of Exhibit A that Ms. Rossow moves to seal, exhibits G and I to Dave Jeppesen's deposition, have already been filed publicly with limited redactions at Dkt. 13-2. Ms. Rossow shall refile these documents with redactions for her child's

information and any personally identifiable information. *See* Dkt. 13-2. Exhibit H to Dave Jeppesen's deposition is the final decision and order from her appeal. The information contained in the Final Decision appears to be contained in the preliminary order already filed publicly on the Court's docket. Ms. Rossow has not provided any other information to support a finding of good cause. Accordingly, the motion to seal exhibit H to Dave Jeppesen's deposition is denied. Ms. Rossow must refile exhibit H publicly, with redactions for her personally identifiable information and any information about her child.

Similarly, the Department has not provided any basis for the Court to conclude good cause exists to seal Exhibit C and I. Exhibit C is a spreadsheet of de-identified information about individuals on the Central Registry including their gender, disposition, basis to substantiate, and the IDAPA Code basis for the substantiation. Because there is no identifying information in this document, the Court does not see any reason to file this document under seal. Accordingly, the motion to seal Exhibit C is denied. The same is true of Exhibit I, which contains forms entitled "Authorization and Consent to Release Information" with redactions for any personally identifiable information. *Decl. of Counsel* at ¶ 11, Dkt. 61. Absent some showing of good cause, the Court does not see any basis to seal documents that do not contain any identifying information. Finally, the redactions

in Ms. Rossow's publicly filed memorandum in support of class certification, Dkt. 60, redact information reflected in Exhibit C and I. Because neither document needs to be sealed, there is no need to redact references to the material contained therein. Accordingly, Ms. Rossow's motion to seal is denied. The Court will direct the Clerk of the Court to unseal the unredacted memorandum in support of class certification filed at Dkt. 62, Exhibit C filed at Dkt. 63, and Exhibit I filed at Dkt. 65. Ms. Rossow shall refile Exhibit A with exhibits G, H, and I included with appropriate redactions.

## ORDER

**IT IS ORDERED that:**

1.    Plaintiff's Motion to Amend (Dkt. 49) is **GRANTED**.

2.    Plaintiff's Motion for Class Certification (Dkt. 60) is **GRANTED**. A class of all women **currently** appearing on the State of Idaho Child Protection Central Registry pursuant to IDAPA 16.06.01.563a for use of Tetrahydrocannabinol ("THC") while pregnant, and all women whom the Idaho Department of Health and Welfare will in the future 'substantiate' for use of THC while pregnant and placement on the Central Registry pursuant to IDAPA 16.06.01.563.02a is **CERTIFIED.** Plaintiffs Keeva Rossow and Serah Thompson are **APPOINTED** representatives of the class.

3.    Plaintiff's Motion to Seal (Dkt. 61) is **DENIED.** The Court will direct the Clerk of the Court to unseal the unredacted memorandum in support of class certification filed at Dkt. 62, Exhibit C filed at Dkt. 63, and Exhibit I filed at Dkt. 65. Ms. Rossow shall refile Exhibit A with exhibits G, H, and I to the Jeppesen Deposition with appropriate redactions.

DATED: March 18, 2025

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 32**