UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEEVA ROSSOW and SERAH THOMPSON, | Case No. 1:23-cv-00131-BLW |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| JULIET CHARRON, Director, Idaho Department of Health and Welfare, in her official capacity, | |
| Defendant. | |

**INTRODUCTION**

Defendant Juliet Charron, sued in her official capacity as Director of Idaho Department of Health and Welfare, asks the Court to stay discovery pending its decision on the Director's motion to dismiss. *See* Dkt. 125. For the reasons set forth below, the motion is denied.

**BACKGROUND**

Plaintiff Keeva Rossow brought this class action in 2023, challenging the constitutionality of Idaho's practice of placing mothers on the Child Protection Central Registry for prenatal THC use under IDAPA 16.06.01.563.02.a. The Director moved to dismiss, and the Court denied that motion in part and granted it in part. *See* Dkt. 24. The class was certified in March 2025, and Serah Thompson was added as a plaintiff and class representative. *See* Dkt. 86. After a scheduling conference, the Court entered an

ORDER - 1

Amended Scheduling Order on February 12, 2026, setting discovery and trial deadlines. Written discovery must be served by May 15, 2026, all factual discovery must be completed by July 17, 2026, and trial is anticipated for fall 2026.

The Director has asserted Eleventh Amendment and sovereign immunity as an affirmative defense since filing her first answer in December 2023. *See* Dkts. 27, 93. Notwithstanding that defense, the Director propounded her own written discovery and deposed Plaintiff Rossow. She did not move to stay discovery at any point during the pre-certification phase. Discovery resumed on February 11, 2026, and on February 16, Plaintiffs served their first set of class discovery requests.

With the Court's authorization, the Director filed a second motion to dismiss on March 11, 2026, arguing that *Ex parte Young* does not permit this suit because the named Plaintiffs' substantiations were discrete past events. *See* Dkt. 124. That same day, the Director filed this motion to stay all discovery pending resolution of the motion to dismiss. *See* Dkt. 125. Plaintiffs oppose the stay. *See* Dkt. 130. The motion is ripe for decision.

## ANALYSIS

A district court may stay discovery pending resolution of a dispositive motion under Federal Rule of Civil Procedure 26(c)(1) upon a showing of good cause, or under its inherent authority to manage its docket. *Snake River Waterkeeper v. J.R. Simplot Co.*, No. 1:23-cv-00239-DCN, 2023 WL 5748152, at *2–3 (D. Idaho Sept. 6, 2023). The Director invokes both theories. But "[a] party seeking to stay discovery carries an even heavier burden and must make a 'strong showing' for why discovery should be denied."

ORDER - 2

*Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975)); *see also United States v. CDS, P.A.*, No. 4:14-cv-00301-BLW, 2015 WL 5257132, at *1 (D. Idaho Sept. 3, 2015). And "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is 'pending.'" *T.L. v. Orange Unified Sch. Dist.*, No. 8:23-cv-01078-FWS-KES, 2023 WL 9007307, at *2 (C.D. Cal. Nov. 3, 2023).

The Director leans heavily on the principle that Eleventh Amendment immunity deserves special solicitude—that it shields a state defendant not only from liability but from the burdens of litigation itself. *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991). The Court does not quarrel with that principle in the abstract. An immunity defense is not just another dispositive motion—it is a claim that the Court lacks the power to haul a sovereign into court at all, and there is real force to the argument that a defendant asserting such a defense should not be dragged through discovery before the question is resolved. *See Snake River Waterkeeper*, 2023 WL 5748152, at *3 (recognizing that jurisdictional defenses, including immunity, carry particular weight in the stay analysis).

But it does not necessarily follow that every time a defendant utters the words "Eleventh Amendment," discovery grinds to a halt. Even accounting for the heightened solicitude that sovereign immunity commands, the Court must still assess whether a stay is warranted under the particular circumstances of the case. Taking a "preliminary peek" at the merits of the pending motion to dismiss to determine whether "there appears to be an immediate and clear possibility that it will be granted" remains a useful framework for

ORDER - 3

making that assessment. *CDA*, 2015 WL 5257132, at *2 (quoting *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D. Cal. 2000)).

The Director's motion to dismiss rests principally on two cases: *Filyaw v. Corsi*, 150 F.4th 936 (8th Cir. 2025), and *Bird v. Dep't of Human Services*, 935 F.3d 738 (9th Cir. 2019). Neither suffices to warrant a stay. *Filyaw* is an Eighth Circuit decision. Even with the Supreme Court's denial of certiorari, it is not binding in this circuit and does not change Ninth Circuit law. And *Bird* was not an Eleventh Amendment or *Ex parte Young* case at all — it was a statute of limitations decision involving an individual plaintiff's untimely claim for money damages. Plaintiffs, meanwhile, point to *K.W. v. Armstrong*, 789 F.3d 962, 974–75 (9th Cir. 2015), where the Ninth Circuit held that a class-wide injunction to restore social assistance benefits constitutes prospective relief permitted under the Eleventh Amendment. *K.W.* is binding authority in this circuit and arguably more apposite to the claims at issue here. The Court is not prejudging the motion to dismiss — it will give the Director's arguments their due weight — but on a preliminary peek, the Court does not see an "immediate and clear possibility" that the motion will be granted. *CDA*, 2015 WL 5257132, at *2.

The procedural posture of this case reinforces that conclusion. Unlike in *Snake Water Keeper*, 2023 WL 5748152, where the defendants moved to stay discovery less than two months after the action was filed and before the scheduling order was entered, the Director did not raise her sovereign immunity defense at the first opportunity and move promptly to resolve it before discovery began. To the contrary, the Director waited for nearly three years after this lawsuit was filed before seeking to stay discovery. In the

ORDER - 4

meantime, this case has been extensively litigated, and the class has been certified. The Director initiated taking discovery at the outset of this case by propounding written discovery and deposing Plaintiff Keeva Roosow. Since that time, the Director has actively engaged in pre-certification discovery, participated in multiple scheduling and status conferences, and even filed two previous motions to dismiss — including one raising the Director's Eleventh Amendment immunity with respect to the state-law claims, *see* Dkts. 13, 59 — all without requesting a stay or raising sovereign immunity as a bar to the federal claims. The Court is not inclined to grant a stay under the auspices that it will conserve resources when the Director waited three years before raising the issue.

Finally, the prejudice to the Plaintiff Class weighs against a stay. This is a certified class action with a tight schedule. Written discovery closed on May 15, 2026,[1] and all factual discovery must be completed by July 17, 2026. Even a brief stay would materially prejudice the class's ability to meet those deadlines.

In sum, weighing all these factors, the Court concludes that the Director has not carried her heavy burden of making a strong showing that discovery should be stayed. Accordingly, the Court will deny the Director's motion.

## ORDER

**IT IS ORDERED that:**

1.  The Director's Expedited Motion to Stay Discovery (Dkt. 125) is **DENIED.**

---

[1] On May 15, 2026, Plaintiffs filed a motion for extension of the deadline for serving written discovery.

**ORDER - 5**



DATED: May 18, 2026

B. Lynn Winmill
U.S. District Court Judge

**ORDER - 6**